# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| **JON HANNA AND HANNA LAW FIRM, P.C.,** | §<br>§<br>§ | |
| *Plaintiff,* | §<br>§ | |
| **v.** | §<br>§ | **CIVIL ACTION NO.** |
| **RAHUL MALHOTRA,** | §<br>§<br>§ | |
| *Defendant.* | § | |

## AFFIDAVIT OF JON HANNA IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER

**STATE OF TEXAS**

**COUNTY OF TAYLOR**

Before me, the undersigned authority on this day personally appeared Jon Hanna who after being duly sworn on his oath deposed and stated as follows:

"My name is Jon Hanna. I am over the age of 21 years and am duly competent to make this affidavit. I have personal knowledge of all of the facts set forth herein, and they are all true and correct.

"I am a second-generation Texas lawyer who has practiced law in West Texas for 38 years, first in partnership with my father and later with my own firm. Throughout my four decades of legal practice, I have practiced principally in the area of personal-injury litigation. I am and always have been the sole owner of Hanna Law Firm, PC.

"I am personally familiar with the facts in the succeeding paragraphs. In addition, many of the facts prior to the time that I met Malhotra are confirmed in an Agreed Statement of Facts filed in Tribunal File No.: 20H-19 between Rahul Malhotra and Law Society of Ontario where Malhotra sought to obtain a license to practice law in Canada (the "License Proceeding"). I

testified in this proceeding on behalf of Malhotra in January 2021 and heard the closing arguments.

A copy of the Agreed Statement of Facts from that proceeding is attached hereto as Exhibit A and

a Joint Document Book, referenced in Exhibit A, containing relevant documents, pleadings, and

historical information is attached hereto as Exhibit B, incorporated herein by reference for all

purposes.

"I first met Rahul Malhotra in 2001. We, along with several other lawyers, represented the

survivors of an oil field explosion. Following the trial of that case, we became friends, and joint

ventured cases that needed extra attention, financing, and manpower.

"While I was aware Malhotra was in the United States on some type of visa, he told me

repeatedly he was on a path to citizenship. Knowing nothing about immigration law, I took him at

his word. I did not know he was being criminally investigated until he was indicted by a federal

grand jury in December 2015. He told  me about the indictment and that he had posted bail.

"I put him in touch with a college friend of mine, Dan Cogdell, a criminal defense lawyer

in Houston. Mr. Cogdell is an extraordinary lawyer, and I accompanied Malhotra to Houston to

meet with Mr. Cogdell. Mr.. Cogdell represented Malhotra on the criminal charges.

"In May of 2016, Malhotra asked if I would file an I-140 Petition with Immigration stating

my willingness to pay a qualifying wage to aid his immigration efforts. I did so. The government

rejected this petition 3 separate times.

"In August of 2016, Malhotra entered a guilty plea. I was surprised, because he  told me

on numerous occasions that he was innocent and would fight the charges. By this point, it seemed

clear to me that Malhotra might go to prison and would certainly be disciplined by the State Bar

of Texas.

"Around September/October of 2016, after discussions with an ethics attorney, I became

Of Counsel to the Malhotra Law Firm. I also began making regular trips to Midland/Odessa to

meet with clients of the Malhotra Law Firm to advise them of Malhotra's legal issues and to see if they wanted to employ me by signing a contract with me personally. To a person, almost all did (approximately 140 clients).

"During the early months of 2017, we examined every legal way to operate Malhotra's firm with his March 23, 2017 sentencing date looming. I attended the sentencing hearing in San Antonio on March 23, 2017 and was in the court room when Honorable Orlando Garcia sentenced Malhotra to a fine and 5-year felony probation.

"On March 30, 2017, Malhotra was picked up at a client's deposition by ICE officers and taken to the El Paso Detention Center. I traveled from Abilene to El Paso twice to see him. The first visit was for moral support and the second visit was to attend his bond hearing. Bond was denied, and he remained incarcerated until May 6, 2017, when he was voluntarily deported to Canada. From March 30, 2017 until he was deported, he called me every night and sometimes more than once.

"In May 2017, the State Bar of Texas filed a Compulsory Discipline Complaint to disbar Malhotra. Pending a hearing scheduled  in January of 2018, Malhotra was suspended from the practice of law as a result of his felony conviction. Effective August 1, 2017, he was forbidden to practice law in Texas, represent himself as a lawyer to others, and from appearing in any proceeding before a court tribunal or administrative body. We had to write all of the firm's clients and judges to advise them of that fact.

"By August 1, 2017, I had contracts with all former clients of the Malhotra Law Firm. Malhotra Law Firm employees were hired by Hanna Law Firm. Hanna Law Firm took over the administration of the employees' 401k plans. I purged our advertising and website of any reference to Malhotra.

In this time frame the existing phone number for the Malhotra Law Firm, 432-580-HURT

(4878), became the number for the Hanna Law Firm offices in Midland and Odessa. I kept that number because clients, medical providers and insurance adjusters had it, and it seemed the most prudent move given all the publicity of Malhotra's conviction and deportation. I was interviewed on television by both CBS7 and Newswest 9 (in Midland/Odessa) about the situation, and I wanted to let the clients know that their cases were being handled properly with as little disruption as possible. A change of either the address or phone number would have sent the opposite message.

"In January 2018, following a contested hearing before the Board of Disciplinary Appeals (BODA), the Board decided to suspend Malhotra rather than disbar him. All the previous limitations and prohibitions on his activities ordered by BODA remained in effect during the term of his suspension. I employed Malhotra as a legal assistant during his suspension and as a contract lawyer following his reinstatement in March 2019. I paid Malhotra by 1099 which was sent to him in Canada. Malhotra does not have authorization to work in the Unites States.

"In March 2021, Malhotra went to work (remotely from Canada) as an attorney for another personal-injury law firm in Texas. On March 24, 2021, Malhotra informed my counsel that he intended to use the phone number on April 1. On March 26, I spoke to LogMeIn, the phone service provider, to confirm that Hanna Law Firm was the owner of the phone number and the client for billing purposes.

"On April 1, 2021, Plaintiffs were locked out of the LogMeIn phone system and the phone number Plaintiffs had been using and paying for since August 2017 was transferred to Malhotra's new firm. In response to this action, I sent a letter to LogMeIn, a copy of which is attached hereto as Exhibit C and incorporated herein by reference for all purposes.

"That firm already has placed television advertisements using Plaintiffs' telephone number. This phone number is currently prominent on Plaintiffs' website and billboards. On April 1, Plaintiffs received their phone bill from LogMeIn, and it showed Hanna Law Firm as the owner

of the phone number and the client for billing purposes.  Hanna Law Firm paid the phone bill for April 2021.  A copy of the April bill is attached hereto as Exhibit D and incorporated herein by reference for all purposes."

"On April 2, 2021, the phone number and SMS, but not VOIP, were "ported" by AT&T to the Hanna Law Firm.  Hanna Law Firm once again had use of the phone number.

"On April 7, 2021, the phone number was routed back to Malhotra and his new employer.

"On April 9, 2021, AT&T again "ported" the phone number to the Hanna Law Firm.

"On April 12, 2021, around 3:45 P.M., the phone number was routed back to Malhotra and his new employer.

"At no time did Malhotra have management authority over the Hanna Law Firm, the right to control its business or the right to bind the Hanna Law Firm contractually or otherwise.

"Further, Malhotra sent a June 1, 2020 letter to the Law Society of Ontario in the License Proceeding where he made the following personal statement:

'Since my departure from Texas, I have maintained a close connection to my old law firm. During the period of my suspension, I continued to work remotely as a paralegal. Since the reinstatement of my license, I have continued to work as a lawyer but only on Texas cases. Utilizing my expertise and experience, I assist lawyers and clients of the firm remotely in both open cases that predate my departure and new cases. My colleagues, both at the firm and on opposing sides, with whom I have had dealing, as well as the clients I represent, can attest to my continuing good character and reputation as a lawyer.'

"Malhotra's use of the phone number is being done so that he can wrongfully solicit current clients of the Hanna Law Firm.  He is also using the phone number to divert potential clients of the Hanna Law Firm to his new firm. Two advertisements that Malhotra has run showing use of the phone number in April 2021 are attached in the form of MP4 files as Exhibit E and incorporated herein by reference for all purposes. Unless Malhotra is restrained from using the phone number, I believe that my law firm and I will suffer catastrophic losses of our actual and potential clients.

"In addition to the above and forgoing, Malhotra, with the help of former Hanna Law Firm employee, Arlette Garcia-Ornelas, has actively solicited clients of the Hanna Law Firm, PC. These clients have valid existing contracts with Hanna Law Firm, PC and have been enticed to sign new contracts with Malhotra individually. Malhotra has tortiously interfered with at least 15 of the Hanna Law Firm's client relationships with 3 incidents on April 15.  There are also potential ethical issues in signing clients to a second contingent fee contract, if there has not been an adequate explanation to the clients of the ramifications of doing so.    Attached hereto as Exhibit F are screenshots from a client of Hanna Law Firm, PC that are representative of this wrongful conduct. Exhibit G is a list of Hanna Law Firm clients that Malhotra admits to soliciting.

"It is clear that unless restrained, Malhotra will continue to wrongfully solicit the clients of the Hanna Law Firm.  I have no adequate remedy at law for this loss of my law firm's continuing loss of existing clients."

**Further Affiant Sayeth Naught.**

**Jon Hanna**

Sworn to and subscribed before me on April 15, 2021 to certify which witness my hand and seal of office.

LAUREN DENISE BOUNDS
Notary Public, State of Texas
Comm. Expires 01-22-2022
Notary ID 129684260

Notary Public in and for the State of Texas

My Commission Expires: 1-22-22

Tribunal File No.: 20H-19

## LAW SOCIETY TRIBUNAL
## HEARING DIVISION

**BETWEEN:**

Rahul Malhotra

Applicant

and

Law Society of Ontario

Respondent

### AGREED STATEMENT OF FACTS

**I.   OVERVIEW**

1.   The Applicant, who was born in India, has been a Canadian citizen since 1986.

2.   In August 1994, the Applicant entered the United States of America ("USA") on a student visa in order to attend law school in Houston, Texas.  On or about November 5, 1996, the Applicant was licensed to practise law by the State Bar of Texas.

3.   The Applicant sought and secured employment as a lawyer with a law firm in Odessa, Texas.  In order to be permitted to remain in the USA and engage in gainful employment as a lawyer, the Applicant had to secure a TN Visa.

4.   The TN Visa is a special non-immigrant visa under the North American Free Trade Agreement ("NAFTA"). Applicable regulations strictly prohibit TN Visa holders from engaging either in self-employment or being the sole or controlling shareholder of a business or company.

EXHIBIT A

5.    In September 1998, the Applicant married his wife, a Canadian citizen who is also a lawyer.  There are three children of the marriage, all of whom were born in Texas.

6.    On December 29, 2000, the Applicant incorporated the Malhotra Law Firm, which purchased his former employer's law practice and the office building in which it was housed.

7.    The Applicant and his former employer structured the sale to facilitate payment by the Applicant over a period of time.  Under their agreement, the controlling interest of the Malhotra Law Firm would remain remained in the hands of the former employer until the debt was paid.

8.    Under his arrangement with his former employer, however, the Applicant became the *de facto* owner and operator of the Malhotra Law Firm, which was in violation the TN Visa regulations.

9.    Between June 2001 and June 2004, the Applicant took the necessary steps annually to re-new his TN Visa, each time misrepresenting to US Immigration that he was an employee of the Malhotra Law Firm based on his minority shareholder status.

10.   In June 2005, the Applicant paid his debt to Mr. Herrera one year earlier than agreed, and became the sole owner of the Malhotra Law Firm.

11.   On June 25, 2006, the Applicant filed an Immigration Form I-485, seeking permanent residency in the USA.

12.   On October 9, 2014, the Applicant was interviewed by a US immigration officer in regard to his application for permanent residency and repeated the misrepresentation regarding his TN Visa renewals, which led to a criminal indictment.

13.   On August 16, 2016, the Applicant pled guilty to one count of making false statements to US federal immigration officials on October 9, 2014.  On March 28, 2017, he was sentenced to five years' probation, a fine of $7,500 and a special assessment of $100. The Applicant paid the fine and the special assessment.

14.     On May 6, 2017, the Applicant was deported to Canada.

15.     As a result of being charged, the Applicant was suspended by the State Bar of Texas on July 31, 2017 pending a discipline hearing. On January 26, 2018, the State bar of Texas did not disbar the Applicant, but rather suspended his licence to practise law in Texas for the duration of his probation.

16.     Subsequently, the Applicant successfully applied for a reduction of his probation, which was granted and shortened to two years ending March 23, 2019. Following the expiry of the term of probation and the concurrent term of suspension of his licence to practice law, the Texas State Bar reinstated the Applicant as a member in good standing. The Applicant has continued to practice law, remotely, in Texas pending a determination of his application for admission to the Law Society of Ontario.

## II.     FACTS

### Licensing Application

17.     The Applicant submitted his Licensing Application dated February 20, 2019 which was received by the Law Society on February 27, 2019.

*Lawyer Licensing Process Application, Document Book, Tab 1*

18.     In the Good Character section of the Licensing Process Application he responded "yes" to the following questions:

> *Question #1, that he had been found guilty of, or convicted of, any offence under any statute;*
>
> *Question #2, that he is currently the subject of criminal proceedings;*
>
> *Question # 7, that he has been suspended, disqualified, censured or otherwise disciplined as a member of any professional organization;*
>
> *Question # 8, that he has had his licence to practise law in Texas, USA suspended;*
>
> *Question # 13, that he has been sanctioned or had a penalty imposed against him by a court, an administrative tribunal or a regulatory body?*

Case 1:21-cv-00074-H   Document 1-1   Filed 04/16/21   Page 10 of 186   PageID 21

Agreed Statement of Facts 20H-109
MALHOTRA, Rahul                                                                                                    4

Of note, the Applicant appended to his application a copy of the *Amended Judgment in a Criminal Case* from the United States District Court, Western District of Texas, San Antonio Division, dated January 29, 2018 as well as a copy of the *Judgment Conforming Suspension to Criminal Probation* from the Board of Disciplinary Appeals appointed by the Supreme Court of Texas dated October 11, 2018.

> Amended Judgment in a Criminal Case dated January 29, 2018, Document Book, Tab 2
> Judgment Conforming Suspension to Criminal Probation dated October 11, 2018, Document Book, Tab 3

## Investigation by Law Society

19.     Instructions to Investigate the Good Character of the Applicant were issued on June 12, 2019.

20.     By way of June 26, 2019, the Law Society requested additional information and documents from the Applicant.

## Background

21.     The Applicant was born on July 31, 1970 in New Delhi, India and came to Canada with his parents when he was about 2 years old. The Applicant became a Canadian citizen at age 16.

22.     The Applicant was educated in Canada.  After receiving his undergraduate degree, he was accepted to law school in Houston, Texas.

## F-1 Student Visa

23.     The Applicant legally entered the USA on an F-1 Student Visa for purposes of attending law school in Houston, Texas. The Applicant's F-1 Student Visa was renewed throughout the Applicant's studies, without incident.

24.     In May 1996, the Applicant completed his law school courses and received a Doctor of Jurisprudence in law. On or about November 5, 1996, the Applicant was licensed to practise law by the State Bar of Texas.

## Immigration Status Change – TN Visa

25.   Subsequent to his admission to the State Bar of Texas, the Applicant sought and secured employment with the Herrera Law Firm in Odessa, Texas.

26.   The Applicant had completed his studies and was no longer a student. Consequently, in order to be permitted to remain in the USA and engage gainful employment as a lawyer, the Applicant had to seek and secure a change in his immigration status.

27.   More specifically, the Applicant was obliged to secure a Trade NAFTA Non-Immigration Visa ("TN Visa"). The TN Visa is a special non-immigrant visa that offers expedited work authorization to the USA for qualified Canadian citizens or Mexican nationals. Created by virtue of the NAFTA, the TN Visa simplifies entry and employment permission for specified professions such as doctors, engineers, lawyers, pharmacists, etc.

28.   At the relevant times, in order to be eligible for a TN Visa in the USA, the qualified professional had to:

   (a)   Be a Canadian citizen or Mexican national;

   (b)   Be employed in a profession recognized and listed in NAFTA;

   (c)   The company seeking to pursue the TN status with the prospective employee had to meet the qualification criteria under NAFTA;

   (d)   The prospective employee was issued a formal, written full-time or part-time offer of employment in the United States; and,

   (e)   The prospective employee was qualified to practise in the profession in question.

29.   The Applicant was granted his initial TN Visa on March 28, 1997.

30.   From 1997 to 2008, a TN Visa was only valid for a period of 1 year, and only for the approved employer. It could be renewed indefinitely if the employee remained employed with the approved employer. After 2008, the TN Visa period was extended to three years, and again, only for employment with the approved employer.

31.    From 1997 until his deportation, the Applicant was fully aware and understood that NAFTA regulations strictly prohibited TN Visa holders from engaging in self-employment or being the sole or controlling shareholder of a business or company. At all material times, the Applicant was aware that he needed to remain engaged by the approved law firm listed on his TN Visa, and only engage in the delivery of legal services while either in an employer- employee relationship or as a minority partner in or as a minority owner of the law firm.

### Employee of Herrera Law Firm

32.    The Applicant worked as an employee of the Herrera Law firm from 1997 to 1999. The Herrera Law Firm was located in Odessa, Texas. He worked in the area of personal injury law, focusing on accidents claims that occurred in the oil drilling and refining industries, which are pillars of the economic activity in the Odessa area.

### Marriage & Children

33.    On September 4, 1998, the Applicant married Vinita Sharma, a Canadian citizen who also became a lawyer licensed to practise in Texas. Soon after, the Applicant's family grew to include three children, who are all citizens of the USA.

### Employee of Guardiola Law Firm

34.    At the end of 1999, the owner of the Herrera Law firm, Mr. Jesse Herrera, decided to relocate from Odessa to El Paso, for personal and financial reasons.

35.    Mr. Herrera offered to sell his practice to the Applicant. The Applicant declined.

36.    Mr. Herrera sold his practice to the Guardiola Law Firm. The Applicant became an employee of the Guardiola Law Firm. The Applicant took the necessary steps to amend his TN Visa to reflect his change of employer.

## Creation of Malhotra Law Firm

37.    In late 2000, the owner and operator the Guardiola Law Firm, ceased practising. The practice and building reverted to Mr. Herrera, who again offered to sell his firm and the building it occupied to the Applicant. The Applicant accepted the offer.

## The Applicant incorporated the Malhotra Law Firm

38.    On December 29, 2000, the Applicant incorporated the Malhotra Law Firm to facilitate the purchase of the law firm and the building.

39.    The Applicant and his former employer structured their agreement to allow the Applicant to pay the purchase price over a period of time. Under their agreement, Mr. Herrera received the controlling interest of the Malhotra Law Firm through the issuance of 51% of the shares of the professional corporation in order to secure his interest pending payment by the Applicant of the balance owing. The remaining shares were issued to the Applicant.

40.    The Applicant assumed full control of the day-to-day operations of the Malhotra Law Firm, while Mr. Herrera remined in El Paso Texas.

41.    The Applicant was able to finance the purchase of Mr. Herrera's practice and building through the division and allocation of fee income generated by the Malhotra Law Firm.

42.    Between June 2001 and June 2004, the Applicant renewed his TN Visa, misrepresenting each time that he was an employee of the Malhotra Law Firm based on his minority shareholder interest.

43.    In June 2005, the Applicant paid Mr. Herrera in full one year earlier than agreed, and became the sole owner of the Malhotra Law Firm.

44.    In June 2005, the Applicant applied to renew his TN Visa for the ensuing year. As part of his application, the Applicant misrepresented that he was still an employee of the Malhotra Law Firm.

Application for Permanent Residency to the USA and Resulting Investigation

45. On or about June 14, 2006, the Applicant filed an Immigration Form I-485, seeking permanent residency in the USA. On June 25, 2006, US Homeland Security issued a Notice of Action Form I-797, which relieved the Applicant of annual renewals, and subsequently a Form EAD-765, which allowed the Applicant unrestricted employment or business ownership pending the approval of his application for permanent residency.

46. As part of the permanent residency application process, U.S. Citizenship and Immigration Services ("USCIS") officials took steps to verify the Applicant's TN Visa compliance. The USCIS officials requested written evidence from the Applicant's employer attesting to his valid employee status.

False Representations to USCIS Officials

47. The Applicant drafted a letter dated December 27, 2010, which Mr. Herrera signed at the Applicant's request. The letter stated that the Applicant "was/is employed as an attorney-at-law by The Malhotra Law Firm, of which I am a majority shareholder, from January 23, 2001 to the present."

**Letter from Jesse Herrera dated December 27, 2010, Document Book, Tab 4**

48. USCIS officials contacted Homeland Security Investigations ("ICE") officials to assist with their investigation. ICE officials make up the investigative arm of the Department of Homeland Security and are tasked with combating, amongst other concerns, the illegal exploitation of the USA's immigration system.

49. USCIS officials retained the service of ICE officials as they suspected the Malhotra Law Firm was, contrary to what had been represented to them, under the control of the Applicant.

50. On October 9, 2014, the Applicant was interviewed by ICE officials at the Malhotra Law Firm. During the interview, the Applicant repeated the false representations contained

in the December 27, 2010 letter he had drafted and had Mr. Herrera sign. The Applicant told the investigators that Mr. Herrera was the majority shareholder of the Malhotra Law firm and that consequently he was an employee of the Malhotra Law Firm. This statement was materially false. The Applicant knew that since 2000 he was effectively self-employed.

51.    The Applicant's self-employment status as majority shareholder was subsequently allowed under the Form EAD-765 issued in 2006.

52.    When asked about the sale of the building, the Applicant admitted he had purchased the building from Mr. Herrera.

### Mr. Herrera's Interview by ICE

53.    Subsequently, ICE officials interviewed Mr. Herrera, who confirmed he had sold his practice and his building to the Applicant in late 2000. Mr. Herrera confirmed that from 2001 to 2006, he had received annual payments from the Applicant for the sale of Mr. Herrera's law practice and building, which he characterized as "payments from time to time" and "referral fees" from the Applicant.

54.    During his interview with ICE officials, Mr. Herrera stated:

    (a)    He was not author of the December 27, 2010 letter;

    (b)    He was not the owner, fully or partially, of the Malhotra Law Firm;

    (c)    Other than collecting payments from the Applicant, he had no business dealings with the Applicant or the Malhotra Law Firm since he sold his practice and building;

    (d)    The December 27, 2020 letter was drafted by the Applicant and solely for the purposes of support of the Applicant's permanent residency application;

    (e)    That the statements regarding his shareholdings and the Applicant's employee status were untrue; and,

    (f)    That he signed the letter to assist the Applicant as a friend.

### Indictment Before Grand Jury

55.     On or about December 16, 2015, a federal prosecutor secured a criminal indictment before a grand jury in the United States District Court, Western District of Texas, Midland-Odessa Division. The Applicant was charged with two separate counts of making false statements to federal officials.

<div align="center">Criminal Indictment dated December 16, 2015, Document Book, Tab 5</div>

56.     The Applicant surrendered to authorities on December 17, 2015. The Applicant was charged and released on bail.

### August 16, 2016 – Hearing to Enter Guilty Plea

57.     On August 16, 2016, the Applicant appeared before United States Magistrate Judge Henry J. Bemporad in the U.S. Federal Court for the Western District of Texas, San Antonio Division, at which time the Applicant, pursuant to a plea agreement, pled guilty to the second count of the criminal indictment.

58.     Specifically, the Applicant pled guilty to the charge of Making a False Statement to a Federal Agent on October 9, 2014 in violation of 18 U.S.C. § 1001(a)(2). By pleading guilty, the Applicant admitted that he provided a materially false representation when he was questioned by the ICE agents on October 9, 2014.

59.     In conformity with the plea agreement, the first count of the criminal indictment was dismissed.

> Transcript of the Re-Arraignment Hearing dated August 16, 2016, Document Book, Tab 6
>
> Order Accepting Magistrate Judge's Recommendation dated August 17, 2016, Document Book, Tab 7

### March 23, 2017 – Criminal Sentencing

60.     On March 23, 2017, the Applicant appeared before the Chief District Court Judge Orlando L. Garcia in the U.S. Federal Court for the Western District of Texas, San

Antonio Division, for sentencing. In conformity with the plea agreement of August 16, 2016, a Judgment in a Criminal Case was rendered.

61.      The Applicant was ordered to be placed on probation for a term of 5 years and subject to the mandatory and standard conditions. The Applicant was also ordered to pay a fine in the amount of $7,500.00, as well as a special assessment to the Court in the amount of $100.00.

> **Transcript of Sentencing before the Honorable Chief District Court Judge Orlando L. Garcia dated March 23, 2017, Document Book, Tab 8**
>
> **Judgment in a Criminal Case filed March 28, 2017, Document Book, Tab 9**

## Satisfaction of Fines & al.

62.      The Applicant satisfied the fine and special assessment on April 21, 2017. The Applicant also attended to the registration of the Certificate of Release of Federal Lien.

> **Summary of Debt Balances Printout, Document Book, Tab 10;**
>
> **Certificate of Release of Federal Lien dated August 28, 2017 & United States Department of Justice letter dated August 30, 2017, Document Book, Tab 11**

## Deportation to Canada

63.      On or about May 6, 2017, the Applicant was deported to Canada.

## Licence to Practise While Suspended

64.      On or about July 31, 2017, the Board of Disciplinary Appeals Appointed by the Supreme Court of Texas ("Disciplinary Board") issued an Order accepting the Applicant's surrender of his licence to practise law in Texas.

65.      On January 26, 2018, the Disciplinary Board issued a Judgement of Suspension, effectively suspending the Applicant's licence to practise law in the State of Texas for the duration of his probation. Of note, the Judgement states that should the Applicant's probation be revoked, the Applicant's licence to practise law would be revoked.

> **Judgment of Suspension dated January 26, 2018, Document Book, Tab 12**

### January 29, 2018 – Probation Reduced

66.     Further to the Applicant bringing a motion to reduce his sentence, on January 29, 2018, Chief District Court Judge Orlando L. Garcia in the U.S. Federal Court for the Western District of Texas, San Antonio Division, reduced the probation period initially ordered from five years, to two years.

> Amended Judgment in a Criminal Case filed January 29, 2018, Document Book, Tab 13
> Criminal Docket for Malhotra Matter, Document Book, Tab 14

### Expiration of Sentence

67.     On March 28, 2019, Mr. Temane Peel, Senior United States Probation Officer, of the Probation Office of the United States District Court, Western District Court, advised the Applicant that his term of supervision had expired. The Applicant no longer needed to report to the Probation Office. Mr. Peel further confirmed that the Applicant had satisfied all the conditions of his supervision.

> Letter of Mr. Temane Peel, Senior United States Probation Officer dated March 28, 2019,
> Document Book, Tab 15

### Criminal Record Search Results

68.     A criminal records search revealed an Individual Arrest report from the Midland County Sheriff's Office, Texas. The report indicates the Applicant was arrested on December 12, 1999 and charged with "Asslt (sic) Family Member One Time". The Applicant was released the same day on a cash bond.

> Individual Arrest Report from Midland County Sherriff's Office dated April 17, 2020,
> Document Book, Tab 16

69.     By way of letter dated April 5, 2006, the Deputy Court Clerk for the City of Midland Municipal Court advised that Texas law requires the Court to maintain copies of records for a period of five years. A thorough search for the Court file was performed but was unsuccessful. The Deputy Court Clerk advised and attached the electronic

records that had been found indicating that the matter was disposed of through a Dismissed-Deferred Disposition. The charge was paid in full on July 6, 2000.

> **Letter from Deputy Court Clerk for the City of Midland Municipal Court dated April 5, 2006, Document Book, Tab 17**

70.     The search also revealed an incident of public intoxication which occurred on October 10, 1998. The City of Odessa Municipal Court records indicate that a fine of $195 was paid and the matter disposed through a Dismissed-Deferred Disposition.

> **City of Odessa Municipal Court Records, Document Book, Tab 18**

<u>Applicant's Representations & Interview</u>

71.     On June 1, 2020, the Applicant provided his written submissions in support of his Licensing Application.   The submissions were divided in two parts.   The first part provided a synopsis of events.   The second part provided a character statement, providing the Applicant's submissions that he is a person of good character and fit to be admitted to the Law Society of Ontario.

> **Written Submissions of the Applicant dated June 1, 2020, Document Book, Tab 19**

72.     The Applicant provided the following rationale for his actions at the relevant times:

> "I was warmly welcomed at the Herrera Law Firm as a young associate and thrived in their practice. The more I succeeded, the more I became wedded to practise in Texas. By the time Mr. Herrera offered me the opportunity to purchase his practice, I was too far established both professionally and personally to refuse. Obviously, the issue of my immigration status posed a serious impediment to assuming the practice.
>
> My success in practice, the establishment of my family in Texas and the fact that my children were U.S. citizens by birth blinded me to the impropriety, indeed the illegality of my arrangement with Mr. Herrera to avoid the restrictions to my TN Visa. Although it was my firm intention to maintain that arrangement only until I was able to regularize my immigration status, I was clearly in the wrong. Once I entered the arrangement, I became trapped by my own success."

73.     Since the reinstatement of his licence to practise law in the state of Texas, the Applicant has continued to work as a lawyer but only on Texas cases.  He assists lawyers and

clients of the Hanna Law Firm of remotely in both open cases that predate his departure and new cases.   He has done so without any complaint or disciplinary incident.

74.     On June 11, 2020, the Applicant was interviewed for the purpose of clarifying and expanding on his written submissions.

> Transcript of Interview of Rahul Malhotra held on June 11, 2020, Document Book, Tab 20

75.     The Applicant pled guilty to the charge through a plea agreement. He surrendered to the authorities after being charged, pled guilty to the charges, and complied with all conditions set by the Court while on bail and during probation. The Applicant also voluntarily surrendered his licence to practise law in the USA following his guilty plea in the USA.

76.     In his written submissions, the Applicant stated he believed he was a good role model for his children:

> "Besides continuing to practise law, I have refrained from any personal legal or other problems that might impinge on my good character. I believe I am a good role model to my three sons, ages 16, 13 and 11. I have used my personal experiences and failures as a teaching tool for them, to prepare them to be honest, kind, grateful and resilient men as they grow towards adulthood. I have tried to instill in them the value of character and its importance in governing one's actions. I believe that my openness with my family and my colleagues and friends regarding my experiences and failures reflects my inherent good character."

77.     During his interview of the Applicant, the assigned investigator advised the Applicant and his counsel that, "I plan to simply submit a closing memo with respect to this investigation" and that "I don't see this needed to go any further."  He further advised, "But, my intention is to make it clear that this was a one-off and that you have been forthright and completely transparent in all your dealings with the Law Society..."

> Transcript of Interview of Rahul Malhotra held on June 11, 2020, Document Book, Tab 20: (1) page 13 lines 14 to 19 and (2) page 17 line 14 to 17

<u>References</u>

78.   On or about October 10, 2019, the Law Society received a character reference letter from Layton Z. Woodul, Sr., an attorney and mediator in Lubbock, Texas.

> Character Reference letter from Layton Z. Woodul, Sr. dated October 10, 2019, Document Book, Tab 21

79.   On December 17, 2019, the Law Society received a character reference letter from Frank E. (Dirk) Murchison, an attorney and mediator from Taos, New Mexico.

> Character Reference letter from Frank E. (Dirk) Murchison dated December 16, 2019, Document Book, Tab 22

80.   On January 20, 2020, the Law Society received a character reference letter from Jon Hanna, an attorney from Abilene, Texas.

> Character Reference letter from Jon Hanna dated January 20, 2020, Document Book, Tab 23

<u>Ontario Bar Admission</u>

81.   On April 13, 2020, the Law Society received confirmation that the Applicant had passed the last of his qualifying exams and was expected to enter the Bar Admission Program as soon as it was possible for him to do so.

82.   The Applicant has successfully completed the Bar Admission Program, having passed the Barrister's Exams on September 28, 2020 and his Solicitor's exams on November 9, 2020.

83.   The Applicant has satisfied the professional requirements to be called to the Bar of Ontario subject to the outcome of this Character Hearing.

**III.   ADMISSIONS AND ACKNOWLEDGEMENTS**

84.   Having had the assistance of counsel, the Applicant has reviewed and understands both the Notice of Referral for Hearing 19H-100 and this Agreed Statement of Facts ('this ASF').

85.    The Applicant voluntarily admits the truth of the facts as recounted in this ASF and the authenticity of the documents to which it refers.

86.    The parties agree that because of the admissions in this ASF, neither the Law Society nor the Applicant need prove the facts recounted in this ASF through a full hearing with witnesses' testimony or other evidence.

87.    The Applicant admits that the facts set out in this ASF establish, on a balance of probabilities, there exists an issue about the good character of the Applicant, and that there is an onus on the Applicant in this proceeding to establish, on a balance of probabilities, that he is currently of good character.

88.    The Law Society and the Applicant may each present additional evidence in this proceeding in addition to, and consistent with, the facts agreed to in this ASF.

89.    The Applicant intends to testify in support of his application.

90.    The Applicant understands that if the panel accepts the admissions in this ASF, it may use this ASF as a basis for its determination of whether the Applicant is presently of good character.

91.    The Applicant understands that the panel might not accept the parties' arguments about what decision or order to make, even where jointly proposed by the parties.

## IV.    SERVICE, JURISDICTION AND ADVANCE FILING

92.    The Applicant admits service of the Notice of Referral for Hearing, and is prepared to proceed with a hearing on the merits of the application.

93.    The Applicant accepts the jurisdiction of the Law Society Tribunal Hearing Division to determine whether he meets the requirement of good character provided by subsection 27(2) of the Law Society Act, and, if determining he does not, to refuse his application for a licence under subsection 27(4).

94.     The Applicant accepts the jurisdiction of the Law Society Tribunal Hearing Division to
        make an order under section and 49.28 of the Law Society Act.

95.     The parties agree that this matter will be heard in public pursuant to rule 13.2 of the
        Rules of Practice *and Procedure* made pursuant to section 61.2 of the *Law Society Act*
        and section 9 of the *Statutory Powers Procedure Act,* subject to any order made by the
        panel under rule 13.3 that all or part of the hearing will be held in the absence of the
        public, or that all or part of the documentary evidence will be received into evidence in
        the absence of the public.

96.     The parties agree that this Agreed Statement of Facts and a Document Book containing
        documents to which it refers may each be filed with the Tribunal Office and provided
        to the hearing panel in advance of the hearing, in accordance with Rule 11.4 of the *Rules
        of Practice and Procedure.*

Signed at [ HAMILTON ],                          Signed at [ OHawa ],
on [ 2020 — 12 — 16 ]:                           on [ 2020·12·17 ]:
       Date (YYYY-MM-DD)                                 Date (YYYY-MM-DD)


Rahul Malhotra                                    Jean-François Laberge
Applicant                                        Discipline Counsel for the Respondent

| Rahul Malhotra | | Law Society of Ontario | Tribunal File No.: 20H-109 |
|---|---|---|---|
| | and | | |
| Applicant | | Respondent | |

**LAW SOCIETY TRIBUNAL**
**HEARING DIVISION**

Proceeding commenced at Toronto

**AGREED STATEMENT OF FACTS**

Jean-François Laberge
Discipline Counsel
Litigation Services
1100-393 University Avenue
Toronto, Ontario
M5G 1E6
Tel: 416-947-3977
jlaberge@lso.ca

Tribunal File No.: 20H-109

## LAW SOCIETY TRIBUNAL
## HEARING DIVISION

**BETWEEN**:

Rahul Malhotra

Applicant

and

Law Society of Ontario

Respondent

## JOINT DOCUMENT BOOK

Jean-François Laberge
Discipline Counsel
Litigation Services
1100-393 University Avenue
Toronto, Ontario
M5G 1E6
Tel: 416-947-3977
jlaberge@lso.ca

Counsel for the Respondent

John Rosen
Rosen & Company
1200-390 Bay St.
Toronto, Ontario
M5H 2Y2
Tel : 416-507-2440
johnrosen@rosenlaw.ca

Counsel for the Applicant

EXHIBIT B

Tribunal File No.: 20H-109

# LAW SOCIETY TRIBUNAL
# HEARING DIVISION

**BETWEEN**:

Rahul Malhotra

Applicant

and

Law Society of Ontario

Respondent

## INDEX

1.  Lawyer Licensing Process Application

2.  Amended Judgment in a Criminal Case dated January 29, 2018

3.  Judgment Conforming Suspension to Criminal Probation dated October 11, 2018

4.  Letter from Jessee Herrera dated December 27, 2010

5.  Criminal Indictment dated December 16, 2015

6.  Transcript of the Re-Arraignment Hearing dated August 16, 2016

7.  Order Accepting Magistrate Judge's Recommendation dated August 17, 2016

8.  Transcript of Sentencing before the Honourable Chief District Court Judge Orlando L. Garcia dated March 23, 2017

9.  Judgment in a Criminal Case filed March 28, 2017

10. Summary of Debt Balances Printout

11. Certificate of Release of Federal Lien dated August 28, 2017 & United States Department of Justice letter dated August 30, 2017

12.   Judgment of Suspension dated January 26, 2018

13.   Amended Judgment in a Criminal Case filed January 29, 2018

14.   Criminal Docket for Malhotra Matter

15.   Letter of Mr. Temane Peel, Senior United States Probation Officer dated March 28, 2019

16.   Individual Arrest Report from Midland County Sherrif's Office dated April 17, 2020

17.   Letter from Deputy Court Clerk for the City of Midland Municipal Court dated April 5, 2006

18.   City of Odessa Municipal Court Records

19.   Written Submissions of the Applicant dated June 1, 2020

20.   Transcript of Interview of Rahul Malhotra held on June 11, 2020

21.   Character Reference letter from Layton Z. Woodul, Sr. dated October 10, 2019

22.   Character Reference letter from Frank E. (Dirk) Murchison dated December 16, 2019

23.   Character Reference letter from Jon Hanna dated January 20, 2020

24.   Letter from Law Society re: Exemption of the Licensing Process Articling Requirement, dated October 14, 2020



LAW SOCIETY OF ONTARIO
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-9070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

# * LAWYER LICENSING PROCESS APPLICATION *

## MALHOTRA, Rahul





**Print this entire application (not double sided) and include this first bar coded page with your completed application.**

## PLEASE DO NOT FOLD OR BEND THE APPLICATION

LICENSING PROCESS

FEB 2 7 2019

RECEIVED

 **LICENSING** *Process*

LAW SOCIETY OF ONTARIO
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-9070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

## DEADLINE December 3, 2018 by 5:00 p.m. E.S.T.

### Application Fee and Application Late Fee

If you did not pay by credit card when you submitted your application online, a non-refundable Application Fee in the amount of $160.00 (plus applicable taxes) is payable to the Law Society of Ontario by certified cheque, money order or debit. Please print your name, candidate number (available in your Licensing Process Account) and phone number clearly on the front of your certified cheque/money order. In Toronto, you may pay by credit card, debit card or cash at the Client Service Centre. A late filing fee of $75.00 (plus applicable taxes) is payable if your application fee payment or your paper copy application is received after the deadline of December 3, 2018 by 5:00 p.m. E.S.T.

Payment must be submitted online or directly to the Accounts ●ffice at the Law Society of Ontari●. This application must be submitted to the Licensing and Accreditation Department.

## PERSONAL INFORMATION

| | |
|---|---|
| Prefix | **MR** |
| First Name | **Rahul** |
| Middle Name(s) | |
| Last Name | **Malhotra** |
| Gender: | **M** |
| Email Address: | **rahulma@me.com** |
| Common Name: | |

Correspondence Language: **ENGLISH**     Date of Birth: **31 / 7 / 1970**
                                          dd   mm   yyyy

**\* With a paper clip loosely attach an envelope with the second of 2 recent (within the last 12 months) COLOUR passport photos here. Ensure your full name is printed clearly, in ink, on the back of this photo.**

## ADDRESS INFORMATION

Address:     1798
             Paddock Cres
             mississauga  ON
             L5L 3E4   CA

Day Telephone:     **(432) 349-8777     Can Leave Detailed Message**
Evening Telephone:
Cellular Phone:
Fax Number:

**\* If your mailing address or contact information changes at any time from now until your call to the bar, you MUST change your information through your online account.**

## NEXT OF KIN / EMERGENCY CONTACT

Name:     **Vinita Malhotra**

Address:     1798 Paddock Cres
             mississauga  ON
             L5L 3E4   CA

Telephone Number:     **(432) 978-1235**

 **LICENSING** Process

LAW SOCIETY OF ONTARIO
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-5070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

## PROOF OF LEGAL NAME

All applicants must be registered on the Rolls of the Law Society in their full legal name. Proof of legal name must accompany this application and is a prerequisite for the Call to the Bar of Ontario. Please do not provide original documents as they will not be returned.

The documents supporting your legal name and what you have selected below must be submitted with this application and must be certified as a true photocopy of the original(s) by a Notary Public or Commissioner of Oaths:

I am a Canadian citizen / permanent resident of Canada and will submit the following document(s):

N   a) Canadian Birth Certificate
Y   b) Canadian Citizenship Identification
N   c) Canadian Immigration Record
N   d) Canadian Certificate of Birth Abroad
N   e) Statement of Birth or Statement of Live Birth
N   f) Official Canadian Name Change Certificate
    Applicants must also submit one of a), b), c), d) or e).
N   g) Marriage Certificate
    Need only be submitted by those candidates adopting a spousal surname. Applicants must also submit one of a), b), c), d) or e).

I am not a Canadian citizen / permanent resident of Canada and will provide the following documents:

N   Required: My valid passport AND: (one of the 3 choices below)
        Passport Expiry Date :
N   1. My valid Temporary Resident Visa issued by the Canadian government.
    (OR)
N   2. My valid Study Permit issued by the Canadian government.
    (OR)
N   3. My valid Work Permit issued by the Canadian government.

    Note: Temporary Resident Visa, Study and Work Permits must be submitted with this application and must be valid until your call to the bar.

    Permit / Visa Expiry Date:

It is your ongoing responsibility to keep the Licensing and Accreditation Department advised of any changes to your immigration status and renew your documents accordingly. You are solely responsible for obtaining the relevant document(s) from the appropriate government office(s).



LAW SOCIETY OF ONTARIO
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-9070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

## VOLUNTARY INFORMATION

This section is voluntary. However, the Law Society encourages all applicants to answer this question in order to enhance the reliability of the data.

The Law Society gathers statistics on the composition of the profession to better understand demographic trends in the profession, to develop programs and initiatives within the mandate of the Law Society and to promote equality and diversity in the profession.

The Law Society is committed to promoting equality and diversity in the legal profession and to enhancing legal services provided by and for Indigenous, Francophone and equality-seeking communities. The Ontario Human Rights Code and the Rules of Professional Conduct promote equality on the grounds of race, ancestry, place of origin, citizenship, creed, sex, sexual orientation, age, marital status, family status or disability. The question is voluntary and the information collected will be kept confidential. The information will only be available in aggregate form and will not be used to identify the demographic identity of individual candidates.

Please check any of the following characteristics with which you self-identify (please select all that apply):

- [ ] **Indigenous**
    - [ ] First Nations, Status Indian, Non-Status Indian
    - [ ] Inuit
    - [ ] Métis
    - [ ] Other - Specify
- [ ] **Francophone**
- [ ] **Gay/Lesbian/Bisexual/Transgender/Transsexual**
- [ ] **Person with a Disability**
- [ ] **Racialized / Person of Colour / Member of an Ethnic Community**
    - [ ] Arab
    - [ ] Black (e.g. African-Canadian, African, Caribbean)
    - [ ] Chinese
    - [ ] East-Asian (e.g. Japanese, Korean)
    - [ ] Latin American, Hispanic
    - [ ] South Asian (e.g. Indo-Canadian, Indian Subcontinent)
    - [ ] South-East Asian (e.g. Vietnamese, Cambodian, Thai, Filipino)
    - [ ] West Asian (e.g. Iranian, Afghan)
    - [ ] White
    - [ ] Other - Specify

 **LICENSING** Process

LAW SOCIETY OF ONTARIO
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-9070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

☐ **Religion or Creed**

    ☐ Atheist

    ☐ Buddhist

    ☐ Roman Catholic

    ☐ Other Christian such as Eastern Orthodox or Ukrainian Catholic

    ☐ Hindu

    ☐ Jewish

    ☐ Muslim

    ☐ Protestant

    ☐ Sikh

    ☐ No Religion

    ☐ Other – Specify

☒ **I do not identify with any of these personal characteristics.**

☐ **I do not wish to answer any of these questions.**

For further information or inquiries about the Law Society's initiatives to promote equality and diversity in the profession, please contact the Equity Initiatives Department:

Telephone:    (416) 947-3300 ext. 3413
Toll-free:    1-800-668-7380 ext. 3413
Fax:    (416) 947-3983
E-mail    equity@lso.ca



LAW SOCIETY OF ONTARIO
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-9070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

## GOOD CHARACTER

The Law Society Act requires that an applicant for admission to the Law Society shall be of good character. All applicants must answer the following questions which assist the Law Society in determining whether the applicant is of good character.

If you include additional documentation in paper copy, the documents must accompany your application when it is commissioned. You must also sign and clearly print your name, phone number and address on all additional documents. Applications without the required explanation or candidates who do not follow the process listed above, will not be considered as applied and their application will not be processed.

**Note: The following questions pertain to any jurisdiction in Canada or in any other country.**

1. Have you ever been found guilty of, or convicted of, any offence under any statute? Please exclude speeding and parking tickets. (If you have been found guilty or convicted of an offence under the Young Offenders Act or the Youth Criminal Justice Act, please refer to 'Completing the Lawyer Licensing Process Application' for further information.)

Answer: Yes   Attachment file name: Amended Judgment.pdf

2. Are you currently the subject of criminal proceedings? If yes, provide details.

Answer: Yes   Attachment file name: Amended Judgment.pdf

3. Has judgment ever been entered against you in an action involving fraud? If yes, provide details.

Answer: No

4. Are there any outstanding civil judgments against you? If yes, attach a copy of the judgment to this application.

Answer: No

5. Have you ever disobeyed any order of any court requiring you to do any act or to abstain from doing any act? If yes, provide details.

Answer: No

6. Have you ever been discharged from any employment where the employer alleged there was cause? If yes, provide details.

Answer: No

7. Have you ever been suspended, disqualified, censured or otherwise disciplined as a member of any professional organization? If yes, attach a letter or certificate of good standing to this application.

Answer: Yes   Attachment file name: Malhotra 59097_Judgment Conforming.pdf

8. Have you ever been denied a licence or permit, or had any licence or permit revoked for failure to meet good character requirements? If yes, provide details.

Answer: Yes   Attachment file name: Malhotra 59097_Judgment Conforming.pdf



**LICENSING** Process

LAW SOCIETY OF ONTARIO
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-9070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

9. Have you ever been refused admission as an applicant or member of any professional body? If yes, provide details.

Answer: No

10. While attending a post-secondary institution, have allegations of misconduct ever been made against you, or, have you ever been suspended, expelled or penalized by a post-secondary institution for misconduct? If yes, you must provide details of the allegation and suspension, expulsion and penalty imposed on you.

Answer: No

11. Are you currently subject to a petition or assignment in bankruptcy or a proposal to creditors under the Bankruptcy and Insolvency Act, or have you ever been bankrupt or insolvent, under any statute? If you have been discharged, please attach proof of the discharge to this application. (Candidates wishing to obtain a discharge may review information on the web site of the Office of Superintendent of Bankruptcy of Canada: osb.ic.gc.ca.)

Answer: No

12. Have you ever been disciplined by an employer, or been a respondent in proceedings in relation to a violation of any human rights legislation? If yes, provide details.

Answer: No

13. Have you ever been sanctioned or had a penalty imposed upon you by a court, an administrative tribunal or a regulatory body? If yes, provide details.

Answer: Yes

Explanation:
Please see attachments herein.

**You must immediately notify the Licensing and Accreditation Department in writing if your answer to any of these questions changes at any time during the Lawyer Licensing Process. A Good Character Amendment Form is available on the Law Society website under "Fees and Forms" for any subsequent changes to your Good Character answers while you are in the Lawyer Licensing Process.**

Upon successfully completing the Lawyer Licensing Process and meeting all requirements prior to your Call to the Bar of Ontario, you will be required to complete and sign an undertaking that you have maintained good character standing throughout the Lawyer Licensing Process and up to the day of your call.



**LAW SOCIETY OF ONTARIO**
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-9070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

## PROOF OF EDUCATION - LAW TRANSCRIPT / NCA CERTIFICATION

The Law Society's By-Law 4 requires applicants seeking admission to the Ontario Bar to provide verification of a Canadian Common Law degree (LL.B. or J.D.) or National Committee on Accreditation (NCA) Certificate of Qualification as outlined below.

You are required to have the issuing institution forward your J.D., LL.B. or NCA Certificate of Qualification directly to the Licensing and Accreditation Department no later than August 6, 2019.

| | |
|---|---|
| Approved Issuing Institution: | **National Committee on Accreditation** |
| Type of Degree: | **NCA** |
| Degree Awarded or Expected: | **4/2019** |
| Surname on Transcript: | **University of Houston** |
| Program: | |

Country in which Law Degree was granted:  **US**
Were you a Canadian citizen or permanent resident of Canada at the time of your entry into law school outside of Canada?   Yes

You must advise the Licensing and Accreditation Department IMMEDIATELY upon notification that you have not met the requirements of the LL.B/J.D. or the NCA Certificate of Qualification.

## THE LICENSING PROCESS

## EXPERIENTIAL TRAINING SELECTION

I am not currently seeking an articling position for the 2019/2020 Licensing Year and do not intend to attend the Law Practice Program.



LAW SOCIETY OF ONTARIO
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-9070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

## Licensing Examination Locations and Dates

You have selected the following location, date and language to attend the Barrister and Solicitor examinations.

**Barrister Examination**

| | |
|---|---|
| Location: | **Toronto** |
| Date Preference: | **June 04, 2019** |
| Language: | **English** |

**Solicitor Examination**

| | |
|---|---|
| Location: | **Toronto** |
| Date Preference: | **June 18, 2019** |
| Language: | **English** |

## ACCOMMODATIONS

Candidates seeking information regarding accommodations available in the Licensing Process should visit the Law Society of Ontario's Accommodation page at https://lso.ca/Accommodations and review the policy.

Required forms and supporting documentation for an examination accommodation request must be received by Examination Administration no later than 30 business days prior to the Licensing Examination for which an accommodation is sought. For details and deadlines, see the Law Society's Accommodations webpage.

For further information about Accommodation please contact Examination Administration at: examinationaccommodation@lso.ca



**LICENSING**
**Process**

LAW SOCIETY OF ONTARIO
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-8070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

## DECLARATION AND OBLIGATIONS

You must sign a printed copy of this PDF application form in the presence of a Commissioner of Oaths or a Notary Public. In signing this application you agree to follow all the rules and regulations of the Law Society of Ontario as well as the Lawyer Licensing Process Policies and procedures and agree to the following:

I have read and understand the contents and requirements of this application. I will ensure that all supporting enclosures and applicable fees required by this application are filed and paid by the prescribed due dates. I confirm to the Law Society of Ontario that I will perform all of my obligations as a candidate and obey all of the Rules of Professional Conduct, other rules, regulations, policies and requirements of the Law Society.

I declare under oath/solemnly affirm that the information in this application is current, complete and correct.

I understand that this application is incomplete until my declaration and obligations are fulfilled. I further understand that if I do not comply with the requirements of the Law Society, my candidate status may be revoked. I authorize the Law Society to make inquiries and request more information related to my application.

I acknowledge that I have a continuing obligation to keep the responses to the questions in this application current, complete and correct. I agree to file additional information as soon as possible, should the response to any question change prior to the date of my Call to the Bar of Ontario.

I authorize the Law Society to investigate anything mentioned in my responses under the Good Character section of this application in order to determine whether I am of good character. I further acknowledge that if I provide any false information to the Law Society in response to any question or inquiry in my Application or if I declare under oath or solemnly affirm the contents of my Application falsely the Law Society may commence an investigation and prosecution against me.

I acknowledge that my application for a licence shall be deemed to have been abandoned by me if I do not:

- provide to the Law Society at the time I submit my completed application, all documents and information specified by the Law Society on the application form relating to the requirement that I be of good character, or

- provide to the Law Society by the time specified by the Law Society, all additional documents and information specified by the Law Society relating to the requirement that I be of good character, or

- successfully complete the Licensing Examinations set by the Law Society by no later than two years after the end of the licensing cycle into which I am registered.

I further acknowledge that in the event that my application is deemed to have been abandoned by me, my registration into the Law Society's Lawyer Licensing Process will be cancelled and I will be required to submit a new application to the Law Society if I wish to be licensed.

I acknowledge that, with the exception of the "Voluntary Information" section of my Licensing Application, and medical and/or personal information provided as part of the "Accommodation procedures" for candidates in the Licensing Process, the information contained in my Licensing Application, as well as any information and documentation that subsequently form part of my Licensing file, may be shared with other divisions within the Law Society and the Law Practice Program providers as required in order for the Law Society to fulfill its regulatory mandate.



**LICENSING** Process

LAW SOCIETY OF ONTARIO
LICENSING AND ACCREDITATION
130 QUEEN STREET WEST, TORONTO, ON M5H 2N6
PHONE: 416-947-3315 OR 1-800-668-7380 EXT. 3315
FAX: 416-947-0070

HTTPS://LSO.CA/LAWYER-LICENSING-PROCESS
LICENSINGPROCESS@LSO.CA
EXAMINATIONACCOMMODATION@LSO.CA
ARTICLING@LSO.CA

**DECLARATION**

I declare under oath (solemnly affirm) that the facts contained in this application are true.
SWORN (AFFIRMED) BEFORE ME AT:

the City/Town of ___TORONTO___

in the Province of ___ONTARIO___

this __20TH__ day of ___FEBRUARY___ , ___2019___
      (Day)              (Month)                  (Year)

Commissioner of Oaths ___SUNVIR VIRK___
                        (Name) ___ONTARIO___
In and for the Province of
                        (Province)
Commissioner Firm Address   SUNVIR S. VIRK, J.D.
                            ~~Bhangal & Virk~~
                            Barristers, Solicitors & Notary Public
                            295 Derry Road West
                            Mississauga, ON, L5W 1G3
                            Tel: (905) 565-0655

___Commissioner Signature___          ___Candidate Signature___

Send this application to:           Please pay fees online or send a certified cheque or
                                    money order to:
Licensing and
Accreditation Department            Accounts Office - Application Fee
Law Society of Ontario              Payment
Osgoode Hall, 2nd floor             Law Society of Ontario
130 Queen Street West               Osgoode Hall
Toronto, ON M5H 2N6                 130 Queen Street West
                                    Toronto, ON M5H 2N6

I, SUNVIR VIRK, CERTIFY THIS TO BE A TRUE COPY OF THE ORIGINAL. DATED THIS 21ST DAY OF FEBRUARY, 2019

SUNVIR S. VIRK, J.D.
Bhangal & Virk
Barristers, Solicitors & Notary Public
295 Derry Road West
Mississauga, ON, L5W 1G3
Tel: (905) 565-0655

Government of Canada    Gouvernement du Canada

## RAHUL MALHOTRA

| D.O.B. - D de N | | | SEX. SEXE | HEIGHT TAILLE CM |
|---|---|---|---|---|
| Y-A | M | D-J | | |
| 70 | 07 | 31 | M | 170 |

| YP-AP | EYES-YEUX |
|---|---|
| 96 | HAZEL |

6384989

I CERTIFY THIS TO BE A TRUE COPY OF THE
ORIGINAL. DATED THIS 21ST FEBRUARY, 2019

SUDVIR S. VIRK, J.D.
Bhangal & Virk
Barristers, Solicitors & Notary Public
295 Derry Road West
Mississauga, ON, L5W 1G3
Tel: (905) 565-0655

Certificate
of
Canadian Citizenship

This is to certify that

Certificat
de
Citoyenneté Canadienne

Ce certificat atteste que

# RAHUL MALHOTRA

is a Canadian citizen under the provisions of
the Citizenship Act and, as such, is entitled
to all the rights and privileges and is subject
to all the duties and responsibilities of a
Canadian citizen.

est citoyen canadien aux termes de la Loi sur
la citoyenneté et, à ce titre, jouit de tous les
droits et privilèges et est assujetti(e) à tous
les devoirs et responsabilités d'un citoyen
canadien.

MINISTER · MINISTRE

I, SUNVIR VIRK, CERTIFY THIS TO BE A TRUE
COPY OF THE ORIGINAL. DATED THIS 21ST
DAY OF FEBRUARY, 2019.

SUNVIR S. VIRK, J.D.
Bhangal & Virk
Barristers, Solicitors & Notary Public
295 Derry Road West
Mississauga, ON, L5W 1G3
Tel: (905) 565-0655



Government of Canada
Gouvernement du Canada

RAHUL MALHOTRA

| D.O.B. - D de N Y-A   M   D-J | | | SEX SEXE | HEIGHT TAILLE   CM |
|---|---|---|---|---|
| 70 | 07 | 31 | M | 170 |

| YP-AP | EYES-YEUX |
|---|---|
| 96 | HAZEL |

6384989

I CERTIFY THIS TO BE A TRUE COPY OF THE
ORIGINAL. DATED THIS 21ST DAY OF FEBRUARY, 2019

SUNVIR S. VIRK, J.D.
Bhangal & Virk
Barristers, Solicitors & Notary Public
295 Derry Road West
Mississauga, ON, L5W 1G3
Tel: (905) 565-0655

## Certificate of Canadian Citizenship

This is to certify that

## Certificat de Citoyenneté Canadienne

Ce certificat atteste que

# RAHUL MALHOTRA

is a Canadian citizen under the provisions of the Citizenship Act and, as such, is entitled to all the rights and privileges and is subject to all the duties and responsibilities of a Canadian citizen.

est citoyen canadien aux termes de la Loi sur la citoyenneté et, à ce titre, jouit de tous les droits et privilèges et est assujetti(e) à tous les devoirs et responsabilités d'un citoyen canadien.

MINISTER - MINISTRE

FILED

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

JAN 2 9 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　　　　　DEPUTY CLERK

UNITED STATES OF AMERICA

v.

RAHUL MALHOTRA

　　　　Defendant.

Case Number: 5:16-CR-00460-OLG(1)
USM Number: 63855-380

## AMENDED
## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, RAHUL MALHOTRA, was represented by Dan Lamar Cogdell and J. Dennis Hester, Esq.

On motion of the United States, the Court dismissed the remaining count(s) as to this defendant.

The defendant pled guilty to Count(s) Two (2), of the Indictment on August 16, 2016. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1001(a)(2) | False Statement | October 9, 2014 | Two (2) |

As pronounced on March 23, 2017 and as amended pursuant to the order granting defendant's motion to reduce sentence, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 29th day of January, 2018.

　　　　　　　　　　　　　ORLANDO L. GARCIA
　　　　　　　　　　　　Chief United States District Judge

A true copy of the original, I certify.
　Clerk, U. S. District Court

By _____
　　　　　　　Deputy

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:      RAHUL MALHOTRA
CASE NUMBER:    5:16-CR-00460-OLG(1)

# PROBATION

The defendant is hereby placed on probation for a term of *two (2) years.*

While on probation the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 3 of 5

DEFENDANT:        RAHUL MALHOTRA
CASE NUMBER:      5:16-CR-00460-OLG(1)

# CONDITIONS OF PROBATION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pays in accordance with the Schedule of Payments sheet of the judgment.

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within seventy-two (72) hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view..

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                          Judgment -- Page 4 of 5

DEFENDANT:        RAHUL MALHOTRA
CASE NUMBER:      5:16-CR-00460-OLG(1)

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within seventy-two (72) hours.

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such penalties in accordance with the Schedule of Payments sheet of the judgment.

15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

17) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                    Judgment -- Page 5 of 5

DEFENDANT:          RAHUL MALHOTRA
CASE NUMBER:        5:16-CR-00460-OLG(1)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|            | Assessment | Fine       | Restitution |
|------------|------------|------------|-------------|
| **TOTALS** | $100.00    | $7,500.00  | $.00        |

### SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.  Payment of this sum shall begin immediately.

### FINE

The defendant shall pay a fine of $ 7,500.00.  Payment of this sum shall begin immediately.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**FILED**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

JAN 2 9 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

RAHUL MALHOTRA

Defendant.

Case Number: 5:16-CR-00460-OLG(1)
USM Number: 63855-380

## AMENDED
## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, RAHUL MALHOTRA, was represented by Dan Lamar Cogdell and J. Dennis Hester, Esq.

On motion of the United States, the Court dismissed the remaining count(s) as to this defendant.

The defendant pled guilty to Count(s) Two (2), of the Indictment on August 16, 2016. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1001(a)(2) | False Statement | October 9, 2014 | Two (2) |

As pronounced on March 23, 2017 and as amended pursuant to the order granting defendant's motion to reduce sentence, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 29th day of January, 2018.

_____
ORLANDO L. GARCIA
Chief United States District Judge

A true copy of the original, I certify.
Clerk, U. S. District Court

By _____
Deputy

I, SUNVIR VIRK, CERTIFY THIS TO
BE A TRUE COPY OF THE ORIGINAL
DOCUMENT. DATED THIS 20TH DAY
OF FEBRUARY, 2019

_____
SUNVIR S. VIRK, J.D.
Bhangal & Virk
Barristers, Solicitors & Notary Public
295 Derry Road West
Mississauga, ON, L5W 1G3
Tel: (905) 565-0655

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 2 of 5

DEFENDANT: RAHUL MALHOTRA
CASE NUMBER: 5:16-CR-00460-OLG(1)

## PROBATION

The defendant is hereby placed on probation for a term of *two (2) years.*

While on probation the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:      RAHUL MALHOTRA
CASE NUMBER:      5:16-CR-00460-OLG(1)

# CONDITIONS OF PROBATION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pays in accordance with the Schedule of Payments sheet of the judgment.

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within seventy-two (72) hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view..

Case 5:16-cr-00460-OLG Document 76 Filed 01/29/18 Page 4 of 5

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:      RAHUL MALHOTRA
CASE NUMBER:    5:16-CR-00460-OLG(1)

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within seventy-two (72) hours.

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such penalties in accordance with the Schedule of Payments sheet of the judgment.

15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

17) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 5 of 5

DEFENDANT:        RAHUL MALHOTRA
CASE NUMBER:      5:16-CR-00460-OLG(1)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

     The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| TOTALS | $100.00   | $7,500.00 | $.00 |

### SPECIAL ASSESSMENT

     It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

### FINE

     The defendant shall pay a fine of $ 7,500.00. Payment of this sum shall begin immediately.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

     If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

     The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

     Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

     Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.



**BEFORE THE BOARD OF DISCIPLINARY APPEALS**
**APPOINTED BY**
**THE SUPREME COURT OF TEXAS**

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| RAHUL MALHOTRA | § | **CAUSE NO. 59097** |
| STATE BAR CARD NO. 00797781 | § | |

## JUDGMENT CONFORMING SUSPENSION
## TO CRIMINAL PROBATION

On the 9th day of October 2018, the Board of Disciplinary Appeals heard Respondent Rahul Malhotra's Motion to Amend Judgment. Respondent appeared in person and by counsel and announced ready. The Commission for Lawyer Discipline of the State Bar of Texas appeared by attorney and announced ready. All questions of fact as well as all issues of law were submitted to the Board of Disciplinary Appeals for determination. Having considered the pleadings on file, having received evidence, and having heard the argument of counsel, the Board of Disciplinary Appeals is of the opinion that Respondent is entitled to relief and makes the following findings and orders:

**Findings of Fact.** The Board of Disciplinary Appeals finds that:

(1)    Respondent, Rahul Malhotra, State Bar Card Number 00797781, is currently suspended and not authorized to practice law in Texas, having been suspended by Judgment of this Board signed on January 26, 2018.

(2)    The Judgment of Suspension signed January 26, 2018 was based on Respondent's criminal conviction on or about March 28, 2017 in Case Number: 5:16-CR-00460-0LG( 1 ), styled *United States of America v. Rahul Malhotra, Defendant,* in the United States District Court for the Western District of Texas, San  Antonio Division, wherein Respondent

I certify that this is a true and correct copy of the original.

*Christine E. McKeeman*

Christine E. McKeeman, Exec Dir./Counsel
Page ⎽1⎽ of ⎽5⎽

pled guilty to Count 2 - False Statement, in violation of 18 USC § 1001(a)(2) and was placed on probation for five (5) years and ordered to pay an assessment of $100 and a fine of $7,500.

(3)     In accordance with the Texas Rules of Disciplinary Procedure Part VIII and applicable law, this Board exercised its discretion to suspend Respondent in the Judgment of Suspension signed January 26, 2018 for a term concurrent with the term of his criminal probation until March 22, 2022.

(4)     On January 29, 2018, an Amended Judgment in a Criminal Case was signed in Case Number: 5:16-CR-00460-0LG( 1 ), styled *United States of America v. Rahul Malhotra, Defendant,* in the United States District Court for the Western District of Texas, San Antonio Division, wherein Respondent was placed on probation for two (2) years until March 22, 2019.

**Conclusions of Law**. Based upon the foregoing findings of fact the Board of Disciplinary Appeals makes the following conclusions of law:

(1)     This Board has continuing jurisdiction during the term of suspension previously ordered. TRDP 8.06.

(2)     The reduction of Respondent's term of criminal probation was not an early termination of probation within the meaning of Tex. Rules Disciplinary P. R. 8.06 and 8.07, and those rules do not apply.

(3)     Respondent has been sentenced in the criminal case to a term of probation of two years, which new sentence is not an early termination of probation.

(4)     Pursuant to Tex. Rules Disciplinary P. R. 8.06 and *In re Ament*, 890 S.W.2d 39, 41 (Tex. 1994), this Board has no discretion to suspend Respondent for a period longer than the term of his criminal probation.

(5)     Respondent Rahul Malhotra should be suspended from the practice of law for the term of his criminal probation until March 22, 2019. TRDP 8.06.

Based on the evidence and consideration of the relevant factors as set out in this Board's prior decisions and the Texas Rules of Disciplinary Procedure, the Board exercises its discretion and **SUSPENDS** Respondent, Rahul Malhotra, State Bar Card No. 00797781, from the practice of law in Texas for the term of his criminal probation until March 22, 2019, and further finds

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 2 of 5

I certify that this is a true and correct copy of the original.

Christine E. McKeeman, Exec Dir./Counsel
Page 2 of 5

that, in the event that the above-described criminal probation of Respondent is revoked, then Respondent Rahul Malhotra should be disbarred. TRDP 8.06.

It is, accordingly, **ORDERED, ADJUDGED,** and **DECREED** that Respondent, Rahul Malhotra, State Bar Card No. 00797781, be and he is hereby **SUSPENDED** from the practice of law in the State of Texas for a period beginning effective the date of this judgment and ending March 22, 2019.

It is further **ORDERED, ADJUDGED** and **DECREED** that Respondent, Rahul Malhotra, during the term of suspension, is prohibited from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel in any proceeding in any Texas court or before any administrative body or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

It is further **ORDERED** that Respondent shall immediately notify each of his current clients in writing of his suspension. In addition to such notification, Respondent is **ORDERED** to return any files, papers, unearned monies and other property belonging to clients and former clients in the Respondent's possession to the respective clients or former clients or to another attorney at the client's or former client's request. Respondent is further **ORDERED** to file with the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Board, an affidavit stating that all current clients have been notified of Respondent's suspension and that all files, papers, monies and other property belonging to all clients and former clients have been returned as ordered herein.

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 3 of 5

I certify that this is a true and correct copy of the original.

*Christine E. McKeeman*
Christine E. McKeeman, Exec Dir./Counsel
Page 3 of 5

It is further **ORDERED** Respondent shall, on or before thirty (30) days from the signing of this judgment by the Board, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing. Respondent is further **ORDERED** to file with the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Board, an affidavit stating that each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice has received written notice of the terms of this judgment.

It is further **ORDERED** that Respondent, Rahul Malhotra, immediately surrender his Texas law license and permanent State Bar Card to the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, Texas 78711, for transmittal to the Clerk of the Supreme Court of Texas.

It is further **ORDERED** that a certified copy of the Petition for Compulsory Discipline on file herein, along with a copy of this Judgment, be sent to the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel of the State Bar of Texas, P.O. Box 12487, Austin, Texas 78711.

I certify that this is a true and correct copy of the original.

Christine E. McKeeman, Exec Dir./Counsel
Page 4 of 5

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page **4** of **5**

It is further **ORDERED** that, in the event that the above-described criminal probation of Respondent, Rahul Malhotra, is revoked, the Chief Disciplinary Counsel shall file with the Board an appropriate motion seeking disbarment supported by certified copies of court documents showing that such criminal probation has been revoked pursuant to TRDP 8.06.

Signed this _____11_____ day of October 2018.

_____
**CHAIR PRESIDING**

I certify that this is a true and correct copy of the original.

_____
Christine E. McKeeman, Exec Dir./Counsel
Page _5_ of _5_

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 5 of 5

MIME-Version:1.0
From:TXW_USDC_Notice@txwd.uscourts.gov
To:cmecf_notices@txwd.uscourts.gov
Bcc:
--Case Participants: William Franklin Lewis, Jr (deedee.rayos@usdoj.gov,
william.lewis3@usdoj.gov)
--Non Case Participants: M Garbalena (margarita_garbalena@txwp.uscourts.gov)
--No Notice Sent:

Message-Id:<18572059@txwd.uscourts.gov>
Subject:Activity in Case 5:16-cr-00460-OLG USA v. Sealed Order on Motion to Reduce
Sentence
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.**

### U.S. District Court [LIVE]

### Western District of Texas

#### Notice of Electronic Filing

The following transaction was entered on 1/26/2018 at 2:13 PM CST and filed on 1/26/2018
**Case Name:**       USA v. Sealed
**Case Number:**     5:16-cr-00460-OLG
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Text Order GRANTING [74] Defendant's Motion to Reduce Sentence as to Rahul
Malhotra (1) Entered by Chief Judge Orlando L. Garcia. (This is a text-only entry
generated by the court. There is no document associated with this entry.) (ju)**

**5:16-cr-00460-OLG-1 Notice has been electronically mailed to:**

William Franklin Lewis , Jr     william.lewis3@usdoj.gov, DeeDee.Rayos@usdoj.gov

**5:16-cr-00460-OLG-1 Notice has been delivered by other means to:**

A true copy of the original, I certify.
Clerk, U. S. District Court

By _____
                    Deputy

*I, SUNVIR VIRK, CERTIFY THIS
TO BE A TRUE COPY OF THE
ORIGINAL DOCUMENT.*

SUNVIR S. VIRK, J.D.
Bhangal & Virk
Barristers, Solicitors & Notary Public
295 Derry Road West
Mississauga, ON, L5W 1G3
Tel: (905) 565-0655
*DATED THIS 20th DAY OF FEBRUARY 2019*

https://ecf.txwd.circ5.dcn/cgi-bin/DisplayReceipt.pl?575394773688115-L_       3/16/2018

*I, SUNV VIRK, HEREBY CERTIFY THIS TO BE A TRUE COPY OF THE ORIGINAL DOCUMENT. DATED THIS 20TH DAY OF FEBRUARY, 2019*

SUNVIR S. VIRK, J.D.
Bhangal & Virk
Barristers, Solicitors & Notary Public
295 Derry Road West
Mississauga, ON, L5W 1G3
Tel: (905) 565-0655



**BEFORE THE BOARD OF DISCIPLINARY APPEALS**
**APPOINTED BY**
**THE SUPREME COURT OF TEXAS**

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| RAHUL MALHOTRA | § | CAUSE NO. 59097 |
| STATE BAR CARD NO. 00797781 | § | |

## JUDGMENT CONFORMING SUSPENSION
## TO CRIMINAL PROBATION

On the 9th day of October 2018, the Board of Disciplinary Appeals heard Respondent

Rahul Malhotra's Motion to Amend Judgment. Respondent appeared in person and by counsel

and announced ready. The Commission for Lawyer Discipline of the State Bar of Texas

appeared by attorney and announced ready. All questions of fact as well as all issues of law were

submitted to the Board of Disciplinary Appeals for determination. Having considered the

pleadings on file, having received evidence, and having heard the argument of counsel, the

Board of Disciplinary Appeals is of the opinion that Respondent is entitled to relief and makes

the following findings and orders:

**Findings of Fact.** The Board of Disciplinary Appeals finds that:

(1)    Respondent, Rahul Malhotra, State Bar Card Number 00797781, is
        currently suspended and not authorized to practice law in Texas, having
        been suspended by Judgment of this Board signed on January 26, 2018.

(2)    The Judgment of Suspension signed January 26, 2018 was based on
        Respondent's criminal conviction on or about March 28, 2017 in Case
        Number: 5:16-CR-00460-0LG( 1 ), styled *United States of America v.*
        *Rahul Malhotra, Defendant,* in the United States District Court for the
        Western District of Texas, San Antonio Division, wherein Respondent

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 1 of 5

I certify that this is a true and correct copy of the original.

Christine E. McKeeman, Exec Dir./Counsel
Page 1 of 2

pled guilty to Count 2 - False Statement, in violation of 18 USC § 1001(a)(2) and was placed on probation for five (5) years and ordered to pay an assessment of $100 and a fine of $7,500.

(3)   In accordance with the Texas Rules of Disciplinary Procedure Part VIII and applicable law, this Board exercised its discretion to suspend Respondent in the Judgment of Suspension signed January 26, 2018 for a term concurrent with the term of his criminal probation until March 22, 2022.

(4)   On January 29, 2018, an Amended Judgment in a Criminal Case was signed in Case Number: 5:16-CR-00460-0LG( 1 ), styled *United States of America v. Rahul Malhotra, Defendant,* in the United States District Court for the Western District of Texas, San Antonio Division, wherein Respondent was placed on probation for two (2) years until March 22, 2019.

**Conclusions of Law**. Based upon the foregoing findings of fact the Board of Disciplinary

Appeals makes the following conclusions of law:

(1)   This Board has continuing jurisdiction during the term of suspension previously ordered. TRDP 8.06.

(2)   The reduction of Respondent's term of criminal probation was not an early termination of probation within the meaning of Tex. Rules Disciplinary P. R. 8.06 and 8.07, and those rules do not apply.

(3)   Respondent has been sentenced in the criminal case to a term of probation of two years, which new sentence is not an early termination of probation.

(4)   Pursuant to Tex. Rules Disciplinary P. R. 8.06 and *In re Ament*, 890 S.W.2d 39, 41 (Tex. 1994), this Board has no discretion to suspend Respondent for a period longer than the term of his criminal probation.

(5)   Respondent Rahul Malhotra should be suspended from the practice of law for the term of his criminal probation until March 22, 2019. TRDP 8.06.

Based on the evidence and consideration of the relevant factors as set out in this Board's

prior decisions and the Texas Rules of Disciplinary Procedure, the Board exercises its discretion

and **SUSPENDS** Respondent, Rahul Malhotra, State Bar Card No. 00797781, from the practice

of law in Texas for the term of his criminal probation until March 22, 2019, and further finds

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 2 of 5

I certify that this is a true and correct copy of the original.

*Christine E. McKeeman*
Christine E. McKeeman, Exec Dir./Counsel
Page 2 of 5

that, in the event that the above-described criminal probation of Respondent is revoked, then Respondent Rahul Malhotra should be disbarred. TRDP 8.06.

It is, accordingly, **ORDERED, ADJUDGED**, and **DECREED** that Respondent, Rahul Malhotra, State Bar Card No. 00797781, be and he is hereby **SUSPENDED** from the practice of law in the State of Texas for a period beginning effective the date of this judgment and ending March 22, 2019.

It is further **ORDERED, ADJUDGED** and **DECREED** that Respondent, Rahul Malhotra, during the term of suspension, is prohibited from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel in any proceeding in any Texas court or before any administrative body or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

It is further **ORDERED** that Respondent shall immediately notify each of his current clients in writing of his suspension. In addition to such notification, Respondent is **ORDERED** to return any files, papers, unearned monies and other property belonging to clients and former clients in the Respondent's possession to the respective clients or former clients or to another attorney at the client's or former client's request. Respondent is further **ORDERED** to file with the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Board, an affidavit stating that all current clients have been notified of Respondent's suspension and that all files, papers, monies and other property belonging to all clients and former clients have been returned as ordered herein.

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 3 of 5

I certify that this is a true and correct copy of the original.

Christine E. McKeeman, Exec Dir./Counsel
Page 3 of 5

It is further **ORDERED** Respondent shall, on or before thirty (30) days from the signing of this judgment by the Board, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing. Respondent is further **ORDERED** to file with the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Board, an affidavit stating that each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice has received written notice of the terms of this judgment.

It is further **ORDERED** that Respondent, Rahul Malhotra, immediately surrender his Texas law license and permanent State Bar Card to the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, Texas 78711, for transmittal to the Clerk of the Supreme Court of Texas.

It is further **ORDERED** that a certified copy of the Petition for Compulsory Discipline on file herein, along with a copy of this Judgment, be sent to the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel of the State Bar of Texas, P.O. Box 12487, Austin, Texas 78711.

I certify that this is a true and correct copy of the original.

Christine E. McKeeman, Exec Dir./Counsel
Page 4 of 5

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 4 of 5

**FILED**

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

JAN 2 9 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

UNITED STATES OF AMERICA

v.

RAHUL MALHOTRA

Defendant.

Case Number: 5:16-CR-00460-OLG(1)
USM Number: 63855-380

## AMENDED
## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, RAHUL MALHOTRA, was represented by Dan Lamar Cogdell and J. Dennis Hester, Esq.

On motion of the United States, the Court dismissed the remaining count(s) as to this defendant.

The defendant pled guilty to Count(s) Two (2), of the Indictment on August 16, 2016.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1001(a)(2) | False Statement | October 9, 2014 | Two (2) |

As pronounced on March 23, 2017 and as amended pursuant to the order granting defendant's motion to reduce sentence, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 29th day of January, 2018.

_____
ORLANDO L. GARCIA
Chief United States District Judge

A true copy of the original, I certify.
Clerk, U. S. District Court

By _____
Deputy

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:          RAHUL MALHOTRA
CASE NUMBER:        5:16-CR-00460-OLG(1)

# PROBATION

The defendant is hereby placed on probation for a term of *two (2) years.*

While on probation the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 3 of 5

DEFENDANT:      RAHUL MALHOTRA
CASE NUMBER:    5:16-CR-00460-OLG(1)

## CONDITIONS OF PROBATION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pays in accordance with the Schedule of Payments sheet of the judgment.

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within seventy-two (72) hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view..

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                        Judgment -- Page 4 of 5

DEFENDANT:        RAHUL MALHOTRA
CASE NUMBER:      5:16-CR-00460-OLG(1)

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within seventy-two (72) hours.

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such penalties in accordance with the Schedule of Payments sheet of the judgment.

15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

17) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

Case 5:16-cr-́ ́460-OLG  Document 76  Filed 01/ ⁄18  Page 5 of 5
Case 1:21-cv-00074-H  Document 1-1  Filed 04/16/21  Page 67 of 186  PageID 78
AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                    Judgment -- Page 5 of 5

DEFENDANT:          RAHUL MALHOTRA
CASE NUMBER:        5:16-CR-00460-OLG(1)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| TOTALS | $100.00 | $7,500.00 | $.00 |

### SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.  Payment of this sum shall begin immediately.

### FINE

The defendant shall pay a fine of $ 7,500.00.  Payment of this sum shall begin immediately.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

FILED

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

JAN 2 9 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

RAHUL MALHOTRA

Defendant.

Case Number: 5:16-CR-00460-OLG(1)
USM Number: 63855-380

## AMENDED
## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, RAHUL MALHOTRA, was represented by Dan Lamar Cogdell and J. Dennis Hester, Esq.

On motion of the United States, the Court dismissed the remaining count(s) as to this defendant.

The defendant pled guilty to Count(s) Two (2), of the Indictment on August 16, 2016. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1001(a)(2) | False Statement | October 9, 2014 | Two (2) |

As pronounced on March 23, 2017 and as amended pursuant to the order granting defendant's motion to reduce sentence, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 29th day of January, 2018.

ORLANDO L. GARCIA
Chief United States District Judge

A true copy of the original, I certify.
Clerk, U. S. District Court

By _____
Deputy

I, SUNVIR VIRK, CERTIFY THIS TO
BE A TRUE COPY OF THE ORIGINAL
DOCUMENT. DATED THIS 20TH DAY
OF FEBRUARY, 2019

SUNVIR S. VIRK, J.D.
Bhangal & Virk
Barristers, Solicitors & Notary Public
295 Derry Road West
Mississauga, ON, L5W 1G3
Tel: (905) 565-0655

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

<div align="right">Judgment -- Page 2 of 5</div>

DEFENDANT:      RAHUL MALHOTRA
CASE NUMBER:    5:16-CR-00460-OLG(1)

## PROBATION

The defendant is hereby placed on probation for a term of *two (2) years.*

While on probation the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 3 of 5

DEFENDANT:          RAHUL MALHOTRA
CASE NUMBER:        5:16-CR-00460-OLG(1)

# CONDITIONS OF PROBATION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pays in accordance with the Schedule of Payments sheet of the judgment.

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within seventy-two (72) hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view..

Case 5:16-cr-00460-OLG Document 76 Filed 01/29/18 Page 4 of 5

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 4 of 5

DEFENDANT: RAHUL MALHOTRA
CASE NUMBER: 5:16-CR-00460-OLG(1)

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within seventy-two (72) hours.

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such penalties in accordance with the Schedule of Payments sheet of the judgment.

15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

17) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                    Judgment -- Page 5 of 5

DEFENDANT:        RAHUL MALHOTRA
CASE NUMBER:      5:16-CR-00460-OLG(1)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

　　　　The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|          | Assessment | Fine      | Restitution |
|----------|------------|-----------|-------------|
| TOTALS   | $100.00    | $7,500.00 | $.00        |

### SPECIAL ASSESSMENT

　　　　It is ordered that the defendant shall pay to the United States a special assessment of $100.00.   Payment of this sum shall begin immediately.

### FINE

　　　　The defendant shall pay a fine of $ 7,500.00.   Payment of this sum shall begin immediately.

　　　　If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

　　　　If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

　　　　The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

　　　　Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

　　　　Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.



**BEFORE THE BOARD OF DISCIPLINARY APPEALS**
**APPOINTED BY**
**THE SUPREME COURT OF TEXAS**

IN THE MATTER OF      §
**RAHUL MALHOTRA**      §    **CAUSE NO. 59097**
**STATE BAR CARD NO. 00797781**  §

## JUDGMENT CONFORMING SUSPENSION
## TO CRIMINAL PROBATION

On the 9th day of October 2018, the Board of Disciplinary Appeals heard Respondent Rahul Malhotra's Motion to Amend Judgment. Respondent appeared in person and by counsel and announced ready. The Commission for Lawyer Discipline of the State Bar of Texas appeared by attorney and announced ready. All questions of fact as well as all issues of law were submitted to the Board of Disciplinary Appeals for determination. Having considered the pleadings on file, having received evidence, and having heard the argument of counsel, the Board of Disciplinary Appeals is of the opinion that Respondent is entitled to relief and makes the following findings and orders:

**Findings of Fact.** The Board of Disciplinary Appeals finds that:

(1) Respondent, Rahul Malhotra, State Bar Card Number 00797781, is currently suspended and not authorized to practice law in Texas, having been suspended by Judgment of this Board signed on January 26, 2018.

(2) The Judgment of Suspension signed January 26, 2018 was based on Respondent's criminal conviction on or about March 28, 2017 in Case Number: 5:16-CR-00460-0LG( 1 ), styled *United States of America v. Rahul Malhotra, Defendant,* in the United States District Court for the Western District of Texas, San Antonio Division, wherein Respondent

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page **1** of **5**

I certify that this is a true and correct copy of the original.

*Christine E. McKeeman*

Christine E. McKeeman, Exec Dir./Counsel
Page __1__ of _5_



**BEFORE THE BOARD OF DISCIPLINARY APPEALS**
**APPOINTED BY**
**THE SUPREME COURT OF TEXAS**

IN THE MATTER OF          §
**RAHUL MALHOTRA**        §          **CAUSE NO. 59097**
**STATE BAR CARD NO. 00797781**  §

**JUDGMENT CONFORMING SUSPENSION**
**TO CRIMINAL PROBATION**

On the 9th day of October 2018, the Board of Disciplinary Appeals heard Respondent

Rahul Malhotra's Motion to Amend Judgment. Respondent appeared in person and by counsel

and announced ready. The Commission for Lawyer Discipline of the State Bar of Texas

appeared by attorney and announced ready. All questions of fact as well as all issues of law were

submitted to the Board of Disciplinary Appeals for determination. Having considered the

pleadings on file, having received evidence, and having heard the argument of counsel, the

Board of Disciplinary Appeals is of the opinion that Respondent is entitled to relief and makes

the following findings and orders:

**Findings of Fact.** The Board of Disciplinary Appeals finds that:

(1)     Respondent, Rahul Malhotra, State Bar Card Number 00797781, is
        currently suspended and not authorized to practice law in Texas, having
        been suspended by Judgment of this Board signed on January 26, 2018.

(2)     The Judgment of Suspension signed January 26, 2018 was based on
        Respondent's criminal conviction on or about March 28, 2017 in Case
        Number: 5:16-CR-00460-0LG( 1 ), styled *United States of America v.
        Rahul Malhotra, Defendant,* in the United States District Court for the
        Western District of Texas, San Antonio Division, wherein Respondent

I certify that this is a true and correct copy of the original.

Christine E. McKeeman, Exec Dir./Counsel
Page 1 of 5

pled guilty to Count 2 - False Statement, in violation of 18 USC § 1001(a)(2) and was placed on probation for five (5) years and ordered to pay an assessment of $100 and a fine of $7,500.

(3)     In accordance with the Texas Rules of Disciplinary Procedure Part VIII and applicable law, this Board exercised its discretion to suspend Respondent in the Judgment of Suspension signed January 26, 2018 for a term concurrent with the term of his criminal probation until March 22, 2022.

(4)     On January 29, 2018, an Amended Judgment in a Criminal Case was signed in Case Number: 5:16-CR-00460-OLG( 1 ), styled *United States of America v. Rahul Malhotra, Defendant,* in the United States District Court for the Western District of Texas, San Antonio Division, wherein Respondent was placed on probation for two (2) years until March 22, 2019.

**Conclusions of Law**. Based upon the foregoing findings of fact the Board of Disciplinary

Appeals makes the following conclusions of law:

(1)     This Board has continuing jurisdiction during the term of suspension previously ordered. TRDP 8.06.

(2)     The reduction of Respondent's term of criminal probation was not an early termination of probation within the meaning of Tex. Rules Disciplinary P. R. 8.06 and 8.07, and those rules do not apply.

(3)     Respondent has been sentenced in the criminal case to a term of probation of two years, which new sentence is not an early termination of probation.

(4)     Pursuant to Tex. Rules Disciplinary P. R. 8.06 and *In re Ament*, 890 S.W.2d 39, 41 (Tex. 1994), this Board has no discretion to suspend Respondent for a period longer than the term of his criminal probation.

(5)     Respondent Rahul Malhotra should be suspended from the practice of law for the term of his criminal probation until March 22, 2019. TRDP 8.06.

Based on the evidence and consideration of the relevant factors as set out in this Board's

prior decisions and the Texas Rules of Disciplinary Procedure, the Board exercises its discretion

and **SUSPENDS** Respondent, Rahul Malhotra, State Bar Card No. 00797781, from the practice

of law in Texas for the term of his criminal probation until March 22, 2019, and further finds

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 2 of 5

I certify that this is a true and correct copy of the original.

*Christine E Keeman*

Christine E. McKeeman, Exec Dir./Counsel
Page 2 of 5

that, in the event that the above-described criminal probation of Respondent is revoked, then Respondent Rahul Malhotra should be disbarred. TRDP 8.06.

It is, accordingly, **ORDERED, ADJUDGED,** and **DECREED** that Respondent, Rahul Malhotra, State Bar Card No. 00797781, be and he is hereby **SUSPENDED** from the practice of law in the State of Texas for a period beginning effective the date of this judgment and ending March 22, 2019.

It is further **ORDERED, ADJUDGED** and **DECREED** that Respondent, Rahul Malhotra, during the term of suspension, is prohibited from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel in any proceeding in any Texas court or before any administrative body or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

It is further **ORDERED** that Respondent shall immediately notify each of his current clients in writing of his suspension. In addition to such notification, Respondent is **ORDERED** to return any files, papers, unearned monies and other property belonging to clients and former clients in the Respondent's possession to the respective clients or former clients or to another attorney at the client's or former client's request. Respondent is further **ORDERED** to file with the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Board, an affidavit stating that all current clients have been notified of Respondent's suspension and that all files, papers, monies and other property belonging to all clients and former clients have been returned as ordered herein.

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 3 of 5

I certify that this is a true and correct copy of the original.

*Christine E. McKeeman*

Christine E. McKeeman, Exec Dir./Counsel
Page _3_ of _5_

It is further **ORDERED** Respondent shall, on or before thirty (30) days from the signing of this judgment by the Board, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing. Respondent is further **ORDERED** to file with the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Board, an affidavit stating that each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice has received written notice of the terms of this judgment.

It is further **ORDERED** that Respondent, Rahul Malhotra, immediately surrender his Texas law license and permanent State Bar Card to the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, Texas 78711, for transmittal to the Clerk of the Supreme Court of Texas.

It is further **ORDERED** that a certified copy of the Petition for Compulsory Discipline on file herein, along with a copy of this Judgment, be sent to the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel of the State Bar of Texas, P.O. Box 12487, Austin, Texas 78711.

I certify that this is a true and correct copy of the original.

Christine E. McKeeman, Exec Dir./Counsel
Page 4 of 5

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page **4** of **5**

It is further **ORDERED** that, in the event that the above-described criminal probation of Respondent, Rahul Malhotra, is revoked, the Chief Disciplinary Counsel shall file with the Board an appropriate motion seeking disbarment supported by certified copies of court documents showing that such criminal probation has been revoked pursuant to TRDP 8.06.

Signed this _____11____ day of October 2018.

_____
**CHAIR PRESIDING**

I certify that this is a true and correct copy of the original.

_____
Christine E. McKeeman, Exec Dir./Counsel
Page _5_ of _5_

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 5 of 5

```
MIME-Version:1.0
From:TXW_USDC_Notice@txwd.uscourts.gov
To:cmecf_notices@txwd.uscourts.gov
Bcc:
--Case Participants: William Franklin Lewis, Jr (deedee.rayos@usdoj.gov,
william.lewis3@usdoj.gov)
--Non Case Participants: M Garbalena (margarita_garbalena@txwp.uscourts.gov)
--No Notice Sent:

Message-Id:<18572059@txwd.uscourts.gov>
Subject:Activity in Case 5:16-cr-00460-OLG USA v. Sealed Order on Motion to Reduce
Sentence
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.**

### U.S. District Court [LIVE]

### Western District of Texas

**Notice of Electronic Filing**

The following transaction was entered on 1/26/2018 at 2:13 PM CST and filed on 1/26/2018
**Case Name:** USA v. Sealed
**Case Number:** 5:16-cr-00460-OLG
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Text Order GRANTING [74] Defendant's Motion to Reduce Sentence as to Rahul
Malhotra (1) Entered by Chief Judge Orlando L. Garcia. (This is a text-only entry
generated by the court. There is no document associated with this entry.) (ju)**

**5:16-cr-00460-OLG-1 Notice has been electronically mailed to:**

William Franklin Lewis , Jr    william.lewis3@usdoj.gov, DeeDee.Rayos@usdoj.gov

**5:16-cr-00460-OLG-1 Notice has been delivered by other means to:**

A true copy of the original, I certify,
Clerk, U. S. District Court

By _____
                              Deputy

*I, SUNVIR VIRK, CERTIFY THIS
TO BE A TRUE COPY OF THE
ORIGINAL DOCUMENT.*

SUNVIR S. VIRK, J.D.
Bhangal & Virk
Barristers, Solicitors & Notary Public
295 Derry Road West
Mississauga, ON, L5W 1G3
Tel: (905) 565-0655

*DATED THIS 20th DAY OF FEBRUARY 2019*

*I, SUNV VIRK, HEREBY CERTIFY THIS TO BE A TRUE COPY OF THE ORIGINAL DOCUMENT. DATED THIS 20TH DAY OF FEBRUARY, 2019*

*SUNVIR S. VIRK, J.D.*
Bhangal & Virk
Barristers, Solicitors & Notary Public
295 Derry Road West
Mississauga, ON, L5W 1G3
Tel: (905) 565-0655



**BEFORE THE BOARD OF DISCIPLINARY APPEALS**
**APPOINTED BY**
**THE SUPREME COURT OF TEXAS**

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| RAHUL MALHOTRA | § | CAUSE NO. 59097 |
| STATE BAR CARD NO. 00797781 | § | |

## JUDGMENT CONFORMING SUSPENSION
## TO CRIMINAL PROBATION

On the 9th day of October 2018, the Board of Disciplinary Appeals heard Respondent Rahul Malhotra's Motion to Amend Judgment. Respondent appeared in person and by counsel and announced ready. The Commission for Lawyer Discipline of the State Bar of Texas appeared by attorney and announced ready. All questions of fact as well as all issues of law were submitted to the Board of Disciplinary Appeals for determination. Having considered the pleadings on file, having received evidence, and having heard the argument of counsel, the Board of Disciplinary Appeals is of the opinion that Respondent is entitled to relief and makes the following findings and orders:

**Findings of Fact.** The Board of Disciplinary Appeals finds that:

(1) Respondent, Rahul Malhotra, State Bar Card Number 00797781, is currently suspended and not authorized to practice law in Texas, having been suspended by Judgment of this Board signed on January 26, 2018.

(2) The Judgment of Suspension signed January 26, 2018 was based on Respondent's criminal conviction on or about March 28, 2017 in Case Number: 5:16-CR-00460-0LG( 1 ), styled *United States of America v. Rahul Malhotra, Defendant,* in the United States District Court for the Western District of Texas, San Antonio Division, wherein Respondent

I certify that this is a true and correct copy of the original.

Christine E. McKeeman, Exec Dir./Counsel
Page 1 of 5

pled guilty to Count 2 - False Statement, in violation of 18 USC § 1001(a)(2) and was placed on probation for five (5) years and ordered to pay an assessment of $100 and a fine of $7,500.

(3)     In accordance with the Texas Rules of Disciplinary Procedure Part VIII and applicable law, this Board exercised its discretion to suspend Respondent in the Judgment of Suspension signed January 26, 2018 for a term concurrent with the term of his criminal probation until March 22, 2022.

(4)     On January 29, 2018, an Amended Judgment in a Criminal Case was signed in Case Number: 5:16-CR-00460-0LG( 1 ), styled *United States of America v. Rahul Malhotra, Defendant,* in the United States District Court for the Western District of Texas, San   Antonio Division, wherein Respondent was placed on probation for two (2) years until March 22, 2019.

**Conclusions of Law**. Based upon the foregoing findings of fact the Board of Disciplinary

Appeals makes the following conclusions of law:

(1)     This Board has continuing jurisdiction during the term of suspension previously ordered. TRDP 8.06.

(2)     The reduction of Respondent's term of criminal probation was not an early termination of probation within the meaning of Tex. Rules Disciplinary P. R. 8.06 and 8.07, and those rules do not apply.

(3)     Respondent has been sentenced in the criminal case to a term of probation of two years, which new sentence is not an early termination of probation.

(4)     Pursuant to Tex. Rules Disciplinary P. R. 8.06 and *In re Ament*, 890 S.W.2d 39, 41 (Tex. 1994), this Board has no discretion to suspend Respondent for a period longer than the term of his criminal probation.

(5)     Respondent Rahul Malhotra should be suspended from the practice of law for the term of his criminal probation until March 22, 2019. TRDP 8.06.

Based on the evidence and consideration of the relevant factors as set out in this Board's

prior decisions and the Texas Rules of Disciplinary Procedure, the Board exercises its discretion

and **SUSPENDS** Respondent, Rahul Malhotra, State Bar Card No. 00797781, from the practice

of law in Texas for the term of his criminal probation until March 22, 2019, and further finds

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 2 of 5

I certify that this is a true and correct copy of the original.

*Christine E. McKeeman*

Christine E. McKeeman, Exec Dir./Counsel
Page 2 of 5

that, in the event that the above-described criminal probation of Respondent is revoked, then Respondent Rahul Malhotra should be disbarred. TRDP 8.06.

It is, accordingly, **ORDERED, ADJUDGED,** and **DECREED** that Respondent, Rahul Malhotra, State Bar Card No. 00797781, be and he is hereby **SUSPENDED** from the practice of law in the State of Texas for a period beginning effective the date of this judgment and ending March 22, 2019.

It is further **ORDERED, ADJUDGED** and **DECREED** that Respondent, Rahul Malhotra, during the term of suspension, is prohibited from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel in any proceeding in any Texas court or before any administrative body or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

It is further **ORDERED** that Respondent shall immediately notify each of his current clients in writing of his suspension. In addition to such notification, Respondent is **ORDERED** to return any files, papers, unearned monies and other property belonging to clients and former clients in the Respondent's possession to the respective clients or former clients or to another attorney at the client's or former client's request. Respondent is further **ORDERED** to file with the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Board, an affidavit stating that all current clients have been notified of Respondent's suspension and that all files, papers, monies and other property belonging to all clients and former clients have been returned as ordered herein.

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 3 of 5

I certify that this is a true and correct copy of the original.

Christine E. McKeeman, Exec Dir./Counsel
Page 3 of 5

It is further **ORDERED** Respondent shall, on or before thirty (30) days from the signing of this judgment by the Board, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing. Respondent is further **ORDERED** to file with the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Board, an affidavit stating that each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice has received written notice of the terms of this judgment.

It is further **ORDERED** that Respondent, Rahul Malhotra, immediately surrender his Texas law license and permanent State Bar Card to the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, Texas 78711, for transmittal to the Clerk of the Supreme Court of Texas.

It is further **ORDERED** that a certified copy of the Petition for Compulsory Discipline on file herein, along with a copy of this Judgment, be sent to the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel of the State Bar of Texas, P.O. Box 12487, Austin, Texas 78711.

I certify that this is a true and correct copy of the original.

Christine E. McKeeman, Exec Dir./Counsel
Page 4 of 5

BODA 59097: In re Rahul Malhotra
Judgment Conforming Suspension
Page 4 of 5

# THE JESSE HERRERA LAW FIRM, P.C.

| | | |
|---|---|---|
| JESSE A. HERRERA ◆ ♣ † £ ‡ | A PROFESSIONAL CORPORATION | 319 N. GRANT, SUITE 225 |
| ORLANDO MODRAGON ◆ ✕ ✕ | ATTORNEYS AT LAW | ODESSA, TEXAS 79761 |
| RAHUL MALHOTRA ◆ ✕ Δ ‡ | 1550 HAWKINS BLVD., SUITE 13 | (432) 580-0333 |
| VINITA MALHOTRA ◆ | EL PASO, TEXAS 79925 | FAX (432) 337-7383 |
| | (915) 781-1100 • FAX (915) 771-6150 | |
| ◆ MEMBER TEXAS BAR | | ♣ FIFTH CIRCUIT COURT OF APPEALS |
| ✦ MEMBER NEW MEXICO BAR | | † WESTERN DISTRICT OF TEXAS |
| ✕ OF COUNSEL | | £ NORTHERN DISTRICT OF TEXAS |
| Δ BOARD CERTIFIED IN PERSONAL INJURY TRIAL LAW | | ‡ AMERICA IMMIGRATION LAWYERS ASSOCIATION |
| BY THE TEXAS BOARD OF LEGAL SPECIALIZATION | | |

December 27, 2010

**U.S. Department of Homeland Security**
P.O. Box 852381
Mesquite, Texas 75185-2381

RE:   *Rahul Malhotra*

Dear Sir or Madam:

Rahul Malhotra was employed as an attorney-at-law by The Herrera Law Firm from
February 18, 1997 to January 21, 2000, at 319 N. Grant Ave., Odessa, Texas.

Rahul Malhotra was/is employed as an attorney-at-law by The Malhotra Law Firm, of
which I am a majority shareholder, from January 23, 2001 to the present, at 319 N. Grant
Ave., Odessa Texas.

Should you have any questions, please contact this office.   Thank you for your
cooperation and assistance in this regard.

Sincerely,

Jesse Herrera
Attorney at Law

JH/km

DEC **16** 2015

CLERK, U.S DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                              DEPUTY

# SEALED

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### MIDLAND-ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>RAHUL MALHOTRA,<br>    Defendant. | §  CRIMINAL NO. MO15CR-281<br>§<br>§  **INDICTMENT**<br>§<br>§     [Violations:<br>§  **Count 1**; 18 U.S.C. § 1001(a)(3) -<br>§  False Statement<br>§  **Count 2**; 18 U.S.C. § 1001(a)(2) –<br>§  False Statement.] |

**THE GRAND JURY CHARGES THAT:**

### Background

1.   In approximately March 1997, the Defendant, **Rahul Malhotra**, a citizen of the Commonwealth of Canada, entered the United States utilizing a duly-issued TN nonimmigrant visa to take a position as an attorney with an Odessa law firm.

2.   The North American Free Trade Agreement (NAFTA), created a special economic and trade relationship amongst the United States, Canada and Mexico.   The TN nonimmigrant classification was created as part of NAFTA.   A TN Visa permits qualified Canadian and Mexican citizens to seek temporary entry into the United States to engage in business activities at a professional level.   Among the types of professionals who are eligible to seek admission as TN nonimmigrants are accountants, engineers, lawyers, pharmacists, scientists, and teachers.

3.   Recipients of TN visas are not permitted to be self-employed or to run their own businesses. Rather, they must work for an existing United States employer.   A TN recipient is

required to renew his/her TN visa status with U.S. immigration authorities every three years by documenting they are still duly employed by a qualifying business.   Absent such renewals, TN visa recipients are required to leave the United States.

4.   Upon entry his into the United States in 1997, Defendant, **Rahul Malhotra**, worked for an Odessa law firm in compliance with TN visa rules.   In late 2000, however, Defendant, **Rahul Malhotra**, incorporated "The Malhotra Law Firm, P.C." with the Texas Secretary of State. Defendant, **Rahul Malhotra**, listed himself as the sole member of the Board of Directors for this entity.   In subsequent years, Defendant, **Rahul Malhotra**, has consistently operated "The Malhotra Law Firm" in the Permian Basin.

5. Since 2000, Defendant, **Rahul Malhotra**, has periodically certified to immigration authorities that his employment is still in compliance with TN visa rules.

6.   Defendant, **Rahul Malhotra**, also commenced efforts to adjust his immigration status to that of a Permanent Resident.   On December 1, 2010, an officer with United States Citizen & Immigration Services (USCIS) requested proof from Defendant, **Rahul Malhotra**, concerning his employment in the United States.   The proof requested that Defendant, **Rahul Malhotra**, submit a statement from his employer "regarding your employment while in TN status."

## COUNT ONE
### [18 U.S.C. § 1001(a)(3)]

Paragraphs 1 through 6 of the "Background" section of this Indictment are incorporated by reference as if set forth in full.

On or about December 27, 2010, in the Western District of Texas and elsewhere, the Defendant,

**RAHUL MALHOTRA,**

in response to the USCIS request described in Paragraph 6 of this Indictment, and in a matter

within the jurisdiction of USCIS, knowingly and willfully submitted a letter, purportedly written

by the lawyer who initially employed him in Odessa from approximately 1997 through January

2000 that  he knew contained a materially false and fraudulent statement(s), to-wit: "Rahul

Malhotra was/is employed as an attorney-at-law by The Malhotra Law Firm, of which I am the

majority shareholder, from January 23, 2001 to the present, at 319 N. Grant Ave., Odessa, Texas,"

when in truth and in fact, as Defendant, **Rahul Malhotra**, well knew he was self-employed as the

proprietor of "The Malhotra Law Firm" during the relevant time period in violation of the terms of

his TN visa, all in violation of Title 18, United States Code, Section 1001(a)(3).


### COUNT TWO
### [18 U.S.C. § 1001(a)(2)]

Paragraphs 1 through 6 of the "Background" section of this Indictment are incorporated by

reference as if set forth in full.

On or about October 9, 2014, in the Western District of Texas, the Defendant,

### RAHUL MALHOTRA,

in a matter within the jurisdiction of USCIS and the Department of Homeland Security

Investigations (HSI), an agency of the Department of Homeland Security, a part of the executive

branch of the United States, did knowingly and willfully   make a materially false, fraudulent, and

fictitious material statement and representation; that is, the Defendant, **RAHUL MALHOTRA**,

stated to an HSI special agent that another lawyer was the majority shareholder of the Malhotra

Law Firm, P.C., in connection with the Defendant, **RAHUL MALHOTRA's**, TN Visa renewal,

as referenced in paragraphs 5 and 6 above, when in truth and in fact, as Defendant, **Rahul**

**Malhotra**, well knew he was self-employed as the proprietor of "The Malhotra Law Firm" in

violation of Title 18 U.S.C. section 1001(a)(2).

Original signed by the
foreperson of the Grand Jury

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

WILLIAM F. LEWIS
Assistant United States Attorney

1                        UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF TEXAS
2                              SAN ANTONIO DIVISION

3    UNITED STATES OF AMERICA,      )
                                    )
4         Plaintiff,                )
                                    )
5          vs.                      )    Docket No. 5:16-CR-460(1)-OLG
                                    )
6    RAHUL MALHOTRA,                )    San Antonio, Texas
                                    )    August 16, 2016
7         Defendant.                )    2:34 p.m. to 2:47 p.m.
     _____)
8
                      TRANSCRIPT OF REARRAIGNMENT HEARING
9              BEFORE THE HONORABLE HENRY J. BEMPORAD
                     UNITED STATES MAGISTRATE JUDGE
10
     TRANSCRIPT ORDERED BY:   Dan Lamar Cogdell, Esquire
11
     A P P E A R A N C E S:
12
     FOR THE PLAINTIFF:
13        U.S. ATTORNEY'S OFFICE
          By:  William Franklin Lewis, Jr., Esquire
14        400 West Illinois, Suite 1200
          Midland, TX  79701
15
     FOR THE DEFENDANT:
16        COGDELL LAW FIRM, PLLC
          By:  Dan Lamar Cogdell, Esquire
17        402 Main Street, 4th Floor
          Houston, TX  77002
18
     COURT RECORDER:  FTR Gold
19
     TRANSCRIBER:
20        CHRIS POAGE
          United States Court Reporter
21        655 East Cesar E. Chavez Blvd., Rm. 314
          San Antonio, TX  78206
22        Telephone:  (210) 244-5036
          chris_poage@txwd.uscourts.gov
23
     Proceedings reported by electronic sound recording, transcript
24   produced by computer-aided transcription.

25

1    (Open court)

2         **THE COURT:**  Good afternoon.  Please be seated.

3         Calling the case of SA-16-CR-460, United States of

4    America versus Rahul Malhotra.  If I could have announcement of

5    counsel, please.

6         **MR. LEWIS:**  Yes, Your Honor.  Bill Lewis on behalf of

7    the United States.  The government's ready.

8         **THE COURT:**  All right.  Good afternoon.

9         **MR. COGDELL:**  Good afternoon, Your Honor.  Dan

10   Cogdell for Mr. Malhotra.

11        **THE COURT:**  All right.  And it's my understanding

12   that Mr. Malhotra has decided to enter a plea of guilty

13   pursuant to a plea agreement in this case.  Is that correct?

14        **MR. COGDELL:**  Yes, sir.

15        **THE COURT:**  All right.  Very well.

16        All right.  Mr. Malhotra, I understand -- you may

17   remain seated, sir.  I understand from your attorney that

18   you've decided to enter a plea to one of the charges against

19   you in this indictment.  It's my job to make sure that your

20   decision is knowing and voluntary; that you understand the

21   nature of the charge you're pleading guilty to and the

22   consequences you could face by pleading guilty.

23        I want to make sure that you understand your

24   constitutional rights.  These are the rights that you give up

25   by pleading guilty today.  And I need to determine whether

1   there is a factual basis for your plea, in other words, whether

2   there are facts that would support the charge to which you're

3   pleading guilty.

4           Now, to do all these things, I'm going to have to ask

5   you some questions.  So I'm going to ask my courtroom deputy to

6   place you under oath at this time, sir.

7           **THE CLERK:**  Please raise your right hand.

8       (The oath was administered)

9           **THE COURT:**  All right.  Now, the first thing I need

10  to ask you is I want to make sure that you understand my

11  questions, I can understand your answers.  So let me ask you

12  this, whether currently you're suffering from any physical

13  ailment, take any sort of medication, have any sort of physical

14  or mental condition, or under the influence of drugs or

15  alcohol, anything like that, that might make it difficult for

16  you to understand me?  Any problems like that, sir?

17          **THE DEFENDANT:**  No, sir.

18          **THE COURT:**  Any doubts as to the competency of your

19  client, Mr. Cogdell?

20          **MR. COGDELL:**  No, sir.

21          **THE COURT:**  All right.  Now, sir, you've been placed

22  under oath.  You have to answer my questions truthfully.  If

23  you were to answer them falsely, you could be prosecuted for

24  perjury or for false statement.  So if at any time you need me

25  to repeat a question or you need to speak to your attorney

1  before answering a question, that's fine.  Let me know and I'll

2  ask the question again or give you an opportunity to talk to

3  your attorney.

4         Now, the first thing I want to talk to you about --

5  you should have a copy of the plea agreement in front of you.

6  And you'll see at the top of that plea agreement a case number.

7  And that case number ends in the letters OLG.  OLG stands for

8  Chief Judge Orlando Garcia, a district judge.  That's the judge

9  who will be imposing sentence in your case.

10        Now, you have the right to plead guilty before the

11 district judge or, if you agree, you can consent to plead

12 guilty before me today, a magistrate judge.  So let me just ask

13 you.  Do you consent to plead guilty before me today?

14        **THE DEFENDANT:**  I do, Your Honor.

15        **THE COURT:**  All right.  Now, I want to talk to you a

16 little bit more about this plea agreement and the indictment.

17 The indictment charges two counts.  That means two offenses.

18 But in the plea agreement you're only agreeing to plead guilty

19 to the second count.

20        And that second count charges that you made a false

21 statement regarding a matter within the jurisdiction of the

22 Department of Homeland Security Investigations on October 19th

23 of 2014.

24        Let me ask you, sir.  Have you had a chance to

25 discuss Count 2 in the indictment with your attorney?

1          **THE DEFENDANT:**  I have, Your Honor.

2          **THE COURT:**  All right.  Do you understand the nature

3    of the charge against you, sir?

4          **THE DEFENDANT:**  Yes, sir, I do.

5          **THE COURT:**  All right.  Now, as I mentioned, there's

6    a plea agreement in the case.  It appears to be signed by you,

7    signed by your attorney, signed by the attorney for the

8    government.  Let me ask you.  Did you review the plea agreement

9    with your attorney?

10         **THE DEFENDANT:**  I did.  Yes, sir.

11         **THE COURT:**  Did you sign it, sir?

12         **THE DEFENDANT:**  I did.

13         **THE COURT:**  And do you agree to it?

14         **THE DEFENDANT:**  Yes, sir, I do.

15         **THE COURT:**  All right.  Then as to the charge of

16   false statement in Count 2 of the indictment against you, how

17   do you plead?  Guilty or not guilty?

18         **THE DEFENDANT:**  Guilty.

19         **THE COURT:**  All right.  Now, before I can recommend

20   to Judge Garcia that that plea be accepted, I need to advise

21   you of the rights you're giving up by pleading guilty today.

22   You have the right to plead not guilty.  If you pled not

23   guilty, the government, represented by the prosecutor, would be

24   called upon to present witnesses against you at a trial.  You

25   would have the right to be represented by your attorney

1  throughout the proceedings, to cross-examine and confront any

2  witness against you.

3          You'd have the right to present your own witnesses in

4  your defense.  You would also have the right to testify in your

5  own defense.  But if you chose not to testify, you'd have the

6  right to remain silent, and it couldn't be held against you if

7  you decided not to testify.

8          Most importantly, Mr. Malhotra, you'd be presumed

9  innocent of the charges in this indictment.  It'd be the

10 government's burden to prove you guilty beyond a reasonable

11 doubt to a jury.  Do you understand this, sir?

12         **THE DEFENDANT:**  Yes, sir, I do.

13         **THE COURT:**  All right.  Now, by pleading guilty

14 today, you're giving up these rights.  You're allowing Judge

15 Garcia to find you guilty based solely on your own statements.

16 Do you understand?

17         **THE DEFENDANT:**  I do.

18         **THE COURT:**  All right.  Now, I also want to talk to

19 you about the consequences of pleading guilty today.  You'll

20 see those -- the punishments, the penalties that you could face

21 by pleading guilty today.  You'll find those penalties actually

22 set out in this plea agreement.  They're as follows.  For Count

23 2, the offense to which you're pleading guilty, it carries a

24 maximum sentence of up to five years imprisonment, maximum fine

25 of $250,000, a term of supervised release of no more than three

1  years and a $100 mandatory special assessment.  These are the

2  penalties you face by pleading guilty today.  Do you

3  understand, sir?

4          **THE DEFENDANT:**  I do.

5          **THE COURT:**  All right.  I want to talk to you about

6  two of these penalties in a little bit more detail.  First, I

7  want to talk about imprisonment.  In determining the

8  imprisonment to impose, if any, the district judge has to

9  consider something called the sentencing guidelines.  Now,

10 they're a set of rules created by the Sentencing Commission in

11 Washington, and they set up a range of punishment for each

12 defendant based on the nature of the offense to which they've

13 been found guilty and also his background, criminal history,

14 anything like that.

15         What you need to understand, Mr. Malhotra, is that

16 these guidelines are advisory only.  That means the judge has

17 to consider them, but he doesn't have to follow them.  He can

18 depart from the guidelines for reasons that the Sentencing

19 Commission has identified, or he can simply reject the

20 guidelines and impose any sentence he believes to be

21 appropriate under the applicable sentencing statutes.

22         Do you understand, sir?

23         **THE DEFENDANT:**  Yes, sir, I do.

24         **THE COURT:**  All right.  Have you discussed the

25 guidelines with your attorney?

1          **THE DEFENDANT:**  I have.

2          **THE COURT:**  And you understand they're advisory only

3   in your case?

4          **THE DEFENDANT:**  Yes, sir.

5          **THE COURT:**  All right.  Also wanted to talk to you a

6   little bit more about supervised release, which I mentioned

7   before.  There's no parole in the federal system.  If

8   imprisonment's imposed, that's the time you will do, less only

9   a small amount off for good time.

10         There is, however, supervised release.  It works like

11  parole.  After imprisonment, you'd be released on conditions.

12  You'd have to follow those conditions.  If you failed to follow

13  those conditions, you could have your release revoked and go

14  back to prison without credit for the time you had on release.

15  Do you understand, sir?

16         **THE DEFENDANT:**  I do.

17         **THE COURT:**  All right.  Now, let me ask you,

18  Mr. Malhotra.  Are you a citizen of the United States?

19         **THE DEFENDANT:**  No, sir.

20         **THE COURT:**  All right.  Then you -- I also need to

21  discuss that matter with you as well.  You should assume as a

22  result of your -- of your plea today that you will be subject

23  to deportation or removal from this country; that you'll be

24  denied admission into this country in the future, excluded from

25  the country and also denied the opportunity to naturalize as a

1    citizen of the United States.

2            Let me ask you.  Have you discussed the immigration

3    consequences of your plea with your attorney?

4            **THE DEFENDANT:**  I have.

5            **THE COURT:**  All right.  Knowing all the consequences

6    that I've mentioned, sir, do you still want to plead guilty?

7            **THE DEFENDANT:**  Yes, sir.

8            **THE COURT:**  All right.

9            **MR. COGDELL:**  Judge, if I could interrupt.

10           **THE COURT:**  Yes.  Absolutely.

11           **MR. COGDELL:**  There are really two caveats from the

12   defense perspective to the plea agreement, or two observations.

13   The first -- and Mr. Lewis is aware of these and I don't think

14   opposes the iteration of them.

15           **THE COURT:**  That's fine.

16           **MR. COGDELL:**  The first is on paragraph 5 on Page 3

17   which sets forth the government's position on the immigration

18   law, their interpretation of it.  While we recognize that's the

19   government's position, we do not agree necessarily that it

20   accurately encapsulates or summarizes the status of the law.

21           **THE COURT:**  All right.  That's fine.

22           **MR. COGDELL:**  The second, Judge, while I've got you,

23   is on Page 9 and 10, specifically on paragraphs H, I and J.

24   Mr. Malhotra concedes that that is the testimony the government

25   would offer.  He does not, however, concede that those facts

```
 1   are accurate.
 2           THE COURT:  All right.  Does he -- let me just ask,
 3   while we're talking about the factual basis, what about
 4   paragraph K?
 5           MR. COGDELL:  Yes.
 6           THE COURT:  That's one that there's not any dispute
 7   about?
 8           MR. COGDELL:  That's correct.
 9           THE COURT:  All right.  That's fine.
10           Any comments you want to make at this time,
11   Mr. Lewis, with regard to either of those matters?
12           MR. LEWIS:  No, Your Honor.
13           THE COURT:  All right.  With regard to the
14   immigration matter, Mr. Malhotra, I just -- again, I ask you to
15   assume the worst, assume that you'll be subject to deportation.
16   But my only question to you really is whether you've had an
17   opportunity to discuss that with your attorney?
18           THE DEFENDANT:  Yes, sir.
19           THE COURT:  All right.
20           THE DEFENDANT:  And I presume that as well --
21           THE COURT:  Obviously, this Court is not -- I
22   personally have had no play in the immigration issues.  I just
23   wanted to make sure that you've been able to explore those
24   issues with your attorney before making the decision whether to
25   plead guilty.
```

1              **THE DEFENDANT:**  I have.  Yes, sir.

2              **THE COURT:**  All right.  Very well.

3         I do want to talk to you a little bit more about this

4    plea agreement, however.  Because in the plea agreement you've

5    agreed to do some things.  The government's agreed to do some

6    things.

7              One of the things you agree to do is to waive your

8    right to appeal the sentence in this case.  And that goes back

9    to the sentencing guideline matters I mentioned, some of the

10   other sentencing matters I mentioned.  You might disagree with

11   the way that the judge calculates the sentencing guidelines in

12   your case or the ultimate sentence he chooses to impose.

13   Normally you'd have the right to appeal his decision to a

14   higher court.  But in exchange for the concessions of the

15   government, you're giving up that right to appeal in this plea

16   agreement.  Do you understand, sir?

17             **THE DEFENDANT:**  I do.

18             **THE COURT:**  All right.  Now, the government's also

19   agreed to do some things.  They've agreed to make some

20   recommendations on your behalf, for example, guideline

21   recommendations like acceptance of responsibility and matters

22   like that.  With regard to that, you need to understand the

23   ultimate sentencing decision, that's up to the district judge.

24   And even if the district judge were to disagree with the

25   recommendation of the government, you can't withdraw your plea.

1  Do you understand, sir?

2          **THE DEFENDANT:**  Yes, sir, I do.

3          **THE COURT:**  Now, they also promise to dismiss Count 1

4  of the indictment against you.  If they fail to dismiss Count 1

5  of the indictment, you can withdraw your plea, sir.  Do you

6  understand?

7          **THE DEFENDANT:**  Yes, sir.

8          **THE COURT:**  All right.  Let me ask you, besides the

9  promises and predictions in the plea agreement, has anybody

10 made any promise to you or any prediction to you as to what

11 your sentence will be?

12          **THE DEFENDANT:**  No, sir.

13          **THE COURT:**  All right.  Anyone forced you or

14 threatened you or coerced you in any way into pleading guilty,

15 sir?

16          **THE DEFENDANT:**  No, sir.

17          **THE COURT:**  All right.  Now, the --

18          **MR. LEWIS:**  Your Honor.

19          **THE COURT:**  Yes.

20          **MR. LEWIS:**  If I may just -- with an additional

21 statement concerning the dismissal --

22          **THE COURT:**  Oh, yes.

23          **MR. LEWIS:**  As reflected in Page 1, paragraph 1,

24 "Counts of Conviction," not only will the government dismiss

25 the remaining count of the indictment, but the government will

1    also dismiss the superseding indictment.

2           **THE COURT:**  Ah, and I don't have the superseding in

3    front of me.  But thank you, Mr. Lewis.  I did not recognize

4    that there was a superseding in the case.

5           **MR. LEWIS:**  There is a superseding, and it also named

6    a second defendant.  And by dismissal of the superseding --

7           **THE COURT:**  Oh, I see.  Okay.

8           **MR. LEWIS:**  -- indictment, it will effectively remove

9    prosecution against the second defendant as well.

10          **THE COURT:**  I understand.  And so that would be --

11   that would be -- that's a term then of the -- understanding of

12   the plea agreement from both parties?

13          **MR. LEWIS:**  Yes.

14          **MR. COGDELL:**  Yes, sir.

15          **THE COURT:**  All right.  Very well.  Thank you.  I

16   appreciate that.  I did not recognize that I had a superseding

17   in front of me as well.  All right.

18          But now, the last thing I need to discuss with you,

19   Mr. Malhotra, is this question of the factual basis that your

20   attorney raised.  In the plea agreement the government has set

21   out facts that it believes it could prove beyond a reasonable

22   doubt if the case were to go to trial.

23          With the comments of your attorney in mind, putting

24   those paragraphs aside, have you -- let me just ask you this.

25   Have you reviewed these facts with your attorney?

Case 5:16-cr-00460-OLG   Document 57   Filed 03/01/17   Page 14 of 17
Case 1:21-cv-00074-H   Document 1-1   Filed 04/16/21   Page 102 of 186   PageID 113

14

```
 1            THE DEFENDANT:  Yes, sir.

 2            THE COURT:  And subject to the points that

 3   Mr. Cogdell made, do you agree with the facts in the plea

 4   agreement?

 5            THE DEFENDANT:  I agree that's the evidence they're

 6   going to present.  Yes, sir.

 7            THE COURT:  Exactly.  That's fine.  And you agree --

 8   and specifically with regard to paragraph K, you agree with

 9   that paragraph?  That's the paragraph where you admit that you

10   made, within the -- a matter within the jurisdiction of USCIS

11   and HSI, a materially false statement and representation.

12            THE DEFENDANT:  Paragraph K.  Yes, Your Honor.

13            THE COURT:  Yeah.  All right.  Very well.

14            THE DEFENDANT:  Yes, sir.

15            THE COURT:  All right.  Let me just ask you,

16   Mr. Malhotra, any questions about anything we've talked about

17   this morning -- this afternoon?

18            THE DEFENDANT:  No, sir.

19            THE COURT:  All right.  Then I'll make the following

20   findings.  I find that you're competent to proceed today; that

21   you consented to plead guilty in front of me, a magistrate

22   judge; that you understand the nature of the charge against you

23   and the consequences that you face by pleading guilty; that you

24   understand your constitutional rights and have decided to waive

25   those rights and enter a plea of guilty at this time; that your
```

1  plea is freely, knowingly and voluntarily made, and that there

2  is a factual basis to support your plea.

3          I will, therefore, recommend to the district judge

4  that the plea be accepted and a judgment of guilt be entered

5  against you as to Count 2 only.

6          Now, I wanted to speak to you briefly about the

7  issues regarding sentencing in this case.

8      (At the bench off the record)

9      **THE COURT:**  I was just trying to find your sentencing

10 date, sir.  Your case is set for sentencing on November 17th at

11 9:30 in the morning.

12         Now, in advance of the sentencing hearing, the

13 probation officer will create something called a presentence

14 report in your case.  It's a report that has information about

15 you, your background, any criminal history, if there is

16 anything like that, and this offense that you've pled guilty

17 to.

18         As part of creating that report, the probation

19 officer will probably want to interview you.  Now, you have a

20 right to have your attorney present for the interview.  You

21 have a right to object to anything you disagree with in the

22 report.  You have a right to comment on the report at

23 sentencing, and you'll have a right to speak to the judge

24 before sentence is imposed.

25         Any questions about that, Mr. Malhotra?

1           **THE DEFENDANT:**  No, sir.

2           **THE COURT:**  All right.  Very well.

3           Now, I also see that you're on bond at this time

4    under conditions, and it's my understanding from the pretrial

5    services office that you've been in compliance with all the

6    conditions of bond.  So it's the Court's intention to allow you

7    to remain on bond on the same conditions, unless there's any

8    objection from the government.

9           **MR. LEWIS:**  No objection.

10          **THE COURT:**  All right.  Very well.  Then I'm going to

11   allow you to remain on bond on the same conditions.

12   Mr. Malhotra, I know you know, and your attorney will tell

13   you -- please don't commit any violations of bond in advance of

14   sentencing.  It'd be one of the worst things you could do right

15   before sentencing.

16          **THE DEFENDANT:**  I understand.  Thank you, sir.

17          **THE COURT:**  All right.  Anything further from the

18   government at this time?

19          **MR. LEWIS:**  Not at this time, Your Honor.

20          **THE COURT:**  All right.  Anything further from the

21   defense at this time?

22          **MR. COGDELL:**  No, sir.  Thank you for your patience.

23          **THE COURT:**  All right.  Thank you.  I appreciate the

24   parties' presentations.  We'll be in recess at this time.

25          **COURT SECURITY OFFICER:**  All rise.

```
 1   * * *

 2         (End of proceedings at 2:47 p.m.)

 3

 4

 5                             -oOo-

 6         I certify that the foregoing is a correct transcript

 7   from the electronic sound recording of the proceedings in the

 8   above-entitled matter.

 9         I further certify that the transcript fees and format

10   comply with those prescribed by the Court and the Judicial

11   Conference of the United States.

12

13   Date:  3/1/2017
                        /s/ Chris Poage
14                      United States Court Reporter
                        655 East Cesar E. Chavez Blvd., Rm. 314
15                      San Antonio, TX  78206
                        Telephone:  (210) 244-5036
16

17

18

19

20

21

22

23

24

25
```

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| USA | § | |
| | § | |
| vs. | § | NO:  SA:16-CR-00460(1)-OLG |
| | § | |
| (1) RAHUL MALHOTRA | § | |

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

On this date came on to be considered the Memorandum and Recommendation of the United States Magistrate Judge, filed in the above-styled and numbered cause.  Pursuant to 28 U.S.C. §636(b), this Court referred to the Magistrate Judge the administration of Defendant's guilty plea and allocution under Rule 11 of the Federal Rules of Criminal Procedure.  See United States v. Dees, 125 F.3d 261 (5th Cir. 1997).  Defendant consented to the administration of the guilty plea and allocution by the Magistrate Judge.

The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law.  Accordingly,

IT IS ORDERED that the Memorandum and Recommendation of the United States Magistrate Judge filed in this cause be and is accepted pursuant to 28 U.S.C. §636(b)(1) such that Defendant's guilty plea is **ACCEPTED**.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within fourteen days after being served with a copy of them.  If objections are filed within fourteen (14) days, this order will be rescinded and the Court may conduct a de novo review.  See 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de

novo determination of those portions of the report or specified proposed findings and

recommendations to which objection is made.").

IT IS SO ORDERED this 17th day of August, 2016.


ORLANDO L GARCIA
CHIEF U.S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA, § CRIMINAL NO. 5:16-00460(1)-OLG
§
§
v. § March 23, 2017
§
RAHUL MALHOTRA, §
§
DEFENDANT. §

TRANSCRIPT OF SENTENCING
BEFORE THE HONORABLE ORLANDO L. GARCIA
CHIEF DISTRICT COURT JUDGE

APPEARANCES:

For the Government: WILLIAM FRANKLIN LEWIS, AUSA
Office of US Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

For the Defendant: DAN LAMAR COGDELL, ESQ.
Squire Patton Boggs (US) LLP
6200 Chase Tower
600 Travis
Houston, TX 77002

J. DENNIS HESTER, ESQ.
The Cogdell Law Firm, PLLC
402 Main Street, 4th Floor
Houston, TX 77002

Produced by mechanical stenography; computer-aided transcription

```
 1   (In open court)
 2            THE COURT:  Now proceeding to U.S. v. -- I'll need
 3   some help with this name in Cause Number 16-CR-460.  That's
 4   Mr. Cogdell, are you here?
 5            MR. COGDELL:  Yes, sir, I am, for Mr. Malhotra,
 6   Your Honor.
 7            THE COURT:  Okay.  Now, are the guidelines correct
 8   in this zero to six months?
 9            MR. COGDELL:  Yes, sir.
10            THE COURT:  Even without the objections being
11   considered?
12            MR. COGDELL:  Yes, sir.
13            THE COURT:  Okay.  Let me see the lawyers up here.
14            (Off-the-record; at sidebar.)
15            (End of sidebar.)
16            THE COURT:  Okay.  Oh, counselor, what is the
17   correct pronunciation of your client's name?
18            MR. COGDELL:  Malhotra.
19            THE COURT:  Malhotra.
20            MR. COGDELL:  Yes, sir.
21            THE COURT:  Okay.  Mr. Malhotra, have you had an
22   opportunity to review the presentence report prepared in your
23   case?
24            DEFENDANT MALHOTRA:  I have, Your Honor.
25            THE COURT:  And did you understand the contents?
```

```
1              DEFENDANT MALHOTRA:  Yes, sir, I did.

2              THE COURT:  And did you review the documents with

3    your lawyers?

4              DEFENDANT MALHOTRA:  Yes, sir.

5              THE COURT:  Okay.  I believe, counselor, you've

6    withdrawn your objections?

7              MR. COGDELL:  We have, Your Honor.

8              THE COURT:  Okay.  The applicable guidelines are

9    offense level eight, category one, a range of punishment of

10   zero to six months, two to three years supervised release.

11   There will be no -- let me see the lawyers again, I'm sorry.

12             (Off-the-record; at sidebar.)

13             (End of sidebar.)

14             THE COURT:  Okay.  A fine range of 1,000 to

15   $10,000.  Special assessment of $100 due immediately.

16             Does the government oppose probation?

17             MR. LEWIS:  No, Your Honor.

18             THE COURT:  Okay.  Counselor, other than requesting

19   probation, do you have any further allocution?

20             MR. COGDELL:  No, sir.  Given our comments at the

21   bench, no, sir.

22             THE COURT:  And let me ask your client,

23   Mr. Malhotra, would you like to say anything on your behalf?

24             DEFENDANT MALHOTRA:  Just briefly, Your Honor.

25             THE COURT:  Yes, of course.
```

1            DEFENDANT MALHOTRA:  As an officer of the Court, I

2      want to apologize first to the Court.  As you know, I am a

3      lawyer.  And I never imagined standing here before you in

4      this capacity.  And I have -- my family and my friends have

5      come from all parts unknown.  And I would really appreciate

6      you giving me an opportunity to continue serving the

7      community and being a good father and just keep my head up.

8      And I promise you will never ever see me again.

9            THE COURT:  Okay.  Thank you.

10            DEFENDANT MALHOTRA:  Thank you.

11            THE COURT:  Anything else, counselor?

12            MR. COGDELL:  No, sir.

13            THE COURT:  There being -- rather, the Court having

14      considered the guidelines, finds them fair and reasonable,

15      will impose a sentence of five years probation upon the

16      defendant.  To comply with all conditions of supervision

17      while on probation.  There will be a fine of $7500 imposed.

18      And a special assessment of $100 due immediately.  Defendant

19      does have the right to appeal this sentence, unless

20      previously waived.  This document is sealed, available for

21      appellate review.

22            Anything else, counselor?

23            MR. LEWIS:  Your Honor, pursuant to the plea

24      agreement filed in this case, the government moves at this

25      time to dismiss the superseding indictment that was filed in

```
1    this case.
2            THE COURT:  All right.  That's done.
3            MR. LEWIS:  As well as Count One of the original
4    indictment.
5            THE COURT:  Okay.
6            Was this the case that was sent down from Midland?
7            MR. LEWIS:  Yes, sir.
8            MR. COGDELL:  Yes, sir.
9            THE COURT:  Okay.  All right.  Thank you.
10           MR. COGDELL:  Yes, sir.  Thank you.
11           THE COURT:  You're excused.
12           MR. COGDELL:  Thank you.
13           (Adjournment.)
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   UNITED STATES DISTRICT COURT   )

 2   WESTERN DISTRICT OF TEXAS      )

 3           I certify that the foregoing is a correct

 4   transcript from the record of proceedings in the

 5   above-entitled matter.

 6           I further certify that the transcript fees and

 7   format comply with those prescribed by the Court and the

 8   Judicial Conference of the United States.

 9   Date signed:    April 21, 2020.

10

11                           /s/Leticia Lucia Ornelas

12                           LETICIA L. ORNELAS
                             United States Court Reporter
13                           655 East Cesar E. Chavez Blvd.,
                             Room 319A
14                           San Antonio, Texas 78206
                             (210) 244-5039
15

16

17

18

19

20

21

22

23

24

25
```

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**FILED**

**MAR 2 8 2017**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

RAHUL MALHOTRA

       Defendant.

Case Number: 5:16-CR-00460-OLG(1)
USM Number: 63855-380

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, RAHUL MALHOTRA, was represented by Dan Lamar Cogdell and J. Dennis Hester, Esq.

On motion of the United States, the Court dismissed the remaining count(s) as to this defendant.

The defendant pled guilty to Count(s) Two (2), of the Indictment on August 16, 2016. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1001(a)(2) | False Statement | October 9, 2014 | Two (2) |

As pronounced on March 23, 2017, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 28th day of March, 2017.

_____
ORLANDO L. GARCIA
Chief United States District Judge

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 2 of 5

DEFENDANT:              RAHUL MALHOTRA
CASE NUMBER:            5:16-CR-00460-OLG(1)

## PROBATION

The defendant is hereby placed on probation for a term of *five (5) years.*

While on probation the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                         Judgment -- Page 3 of 5

DEFENDANT:          RAHUL MALHOTRA
CASE NUMBER:        5:16-CR-00460-OLG(1)

## CONDITIONS OF PROBATION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pays in accordance with the Schedule of Payments sheet of the judgment.

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within seventy-two (72) hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer.  If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least ten (10) days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view..

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 5

DEFENDANT:          RAHUL MALHOTRA
CASE NUMBER:        5:16-CR-00460-OLG(1)

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer
excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-
time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where
the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify
the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in
advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-
two (72) hours of becoming aware of a change or expected change.

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the
defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with
that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within
seventy-two (72) hours.

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e.,
anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such
as nunchakus or tasers).

11) The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or
informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation
officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction.
The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such
penalties in accordance with the Schedule of Payments sheet of the judgment.

15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of
supervision that the defendant shall provide the probation officer access to any requested financial information.

16) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of
supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of
the probation officer, unless the defendant is in compliance with the payment schedule.

17) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision
shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States.
If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of
probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                      Judgment -- Page 5 of 5

DEFENDANT:          RAHUL MALHOTRA
CASE NUMBER:        5:16-CR-00460-OLG(1)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine | Restitution |
|--------|-----------:|-----:|------------:|
| **TOTALS** | $100.00 | $7,500.00 | $.00 |

### SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.   Payment of this sum shall begin immediately.

### FINE

The defendant shall pay a fine of $ 7,500.00.  Payment of this sum shall begin immediately.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## Case

USA V. SEALED

DTXW516CR000460-001RAHUL MALHOTRA

**Party Code:**

TXW2037

**Comments:**

## Summary Debt Balances

| Debt Type | Case Number | Total Imposed | Total Collected | Total Outstanding |
|---|---|---|---|---|
| FINE-CRIME VICTIMS FUND | DTXW516CR000460-001 | $7,500.00 | $7,500.00 | $0.00 |
| SPECIAL PENALTY ASSESSMENT | DTXW516CR000460-001 | $100.00 | $100.00 | $0.00 |
| **Totals** | | **$7,600.00** | **$7,600.00** | **$0.00** |

## Offender Payment History

| Date | Penalty Type | Case Number | Receipt | Paid |
|---|---|---|---|---|
| 04/21/2017 | FINE-CRIME VICTIMS FUND | DTXW516CR000460-001 | 500039248 | $7,500.00 |
| 04/21/2017 | SPECIAL PENALTY ASSESSMENT | DTXW516CR000460-001 | 500039248 | $100.00 |
| **Total Paid** | | | | **$7,600.00** |



**United States Department of Justice**
United States Attorney's Office
Western District of Texas

---

Financial Litigation Unit

*601 N. W. Loop 410. Suite 600*
*San Antonio, Texas 78216*

*Direct Line: (210) 384-7250*
*Facsimile: (210) 384-7247*

Rahul Malhotra
4228 Baybrook Place
Midland, Texas 79707

AUG 30 2017

Re:    *United States v. Rahul Malhotra*
       Case No. SA16CR460(1), CDCS No. 2017A46562, USDC-WDTX

Dear Mr. Malhotra:

After you were sentenced on March 23, 2017, a Judgment was entered against you that included a monetary imposition. On the date you were sentenced a federal tax type lien arose and was automatically and statutorily imposed on all of your property for collection of the outstanding debt. *See* 18 U.S.C. §3613(c). After entry of the Judgment, this office executed and recorded a Notice of Federal Lien in Midland County, TX for the total amount of $7,600.00 to collect and enforce your criminal debt.

Our records indicate that the monetary impositions have been satisfied. Accordingly, we have enclosed a Certificate of Release of Federal Lien. *You* **must record** the Certificate of Release in the Midland County, TX, Official Public Records to remove the Notice of Lien. The Clerk of that County is authorized to make notation in the Official Public Records to show that the Lien is hereby released and that all court impositions have been satisfied. *This office will take no action to record the enclosed Release. If you fail to record the Release, the existing Notice of Federal Lien may cloud title to your property.*

If you have any question in regards to the releases, please do not hesitate to contact me at the telephone number listed below.

Sincerely,

Kim Sadler
Financial Litigation Unit
T: (210) 384-7250
F: (210) 384-7247

DEPARTMENT OF JUSTICE
CERTIFICATE OF RELEASE OF LIEN
OF

THE CRIMINAL FINE/AND OR RESTITUTION IMPOSED PURUSANT TO THE ANTI-
TERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996
UNITED STATES ATTORNEY'S OFFICE FOR THE WESTERN DISTRICT OF TEXAS

I hereby certify that as to the following named debtor the requirements of Section 3613(a)(1) of Title 18 of the United States Code have been satisfied with respect to the judgment enumerated below, together with all statutory additions; and that the lien for this judgment and statutory additions has thereby been released. The proper officer in the office where the Judgment was filed on March 23, 2017 is here by authorized to make notation on the books to show the release of said lien, insofar as the lien relates to the following imposition.

| | |
|---|---|
| Name of defendant: | Rahul Malhotra |
| Residence: | 4228 Baybrook Place<br>Midland, Texas 79707 |
| Court imposing judgment: | United States District Court<br>Western District of Texas<br>San Antonio Division |
| Case Number: | SA16CR460(1) |
| CDCS Number: | 2017A46562 |
| Amount of Debt: | $7,600.00 |

Place of filing:
REAL PROPERTY
NOTICE OF FEDERAL LIEN
Midland County, TX

Official Public Records, Recording Department
Lien Document Number: 2017-10169
Date Lien Filed: April 10, 2017

This Certificate was prepared and signed at San Antonio, TX on this _____28TH_____ day of __AUGUST 2017__ .

**STEVEN E. SEWARD**
Assistant United States Attorney



## BEFORE THE BOARD OF DISCIPLINARY APPEALS
### APPOINTED BY
### THE SUPREME COURT OF TEXAS

IN THE MATTER OF     §
RAHUL MALHOTRA     §     **CAUSE NO. 59097**
STATE BAR CARD NO. 00797781   §

### JUDGMENT OF SUSPENSION

On the 25th day of January 2018, the above-styled and numbered disciplinary action was called for hearing before the Board of Disciplinary Appeals. Petitioner Commission for Lawyer Discipline of the State Bar of Texas appeared by attorney and announced ready. Respondent, Rahul Malhotra, appeared in person and by counsel and announced ready. All questions of fact as well as all issues of law were submitted to the Board of Disciplinary Appeals for determination. Having considered the pleadings on file, having received evidence, and having heard the argument of counsel, the Board of Disciplinary Appeals makes the following findings of fact and conclusions of law:

**Findings of Fact.** The Board of Disciplinary Appeals finds that:

(1)     Respondent, Rahul Malhotra, State Bar Card Number 00797781, is licensed but is not currently authorized to practice law in the State of Texas by the Supreme Court of Texas, having voluntarily surrendered his law license.

(2)     On or about August 3, 2016, Respondent was charged by Superseding Indictment with Count 1 - False Statement; Count 2 - False Statement; and Count 3 - Fraud and Misuse of Immigration Documents, in Cause No. SA-16-CR-0460 OLG, styled *United States of America, Plaintiff v. Rahul Malhotra, Defendant,* in the United States District Court for the Western District of Texas, San Antonio Division

(3)     On or about March 28, 2017, a Judgment in a Criminal Case was entered

*In re Rahul Malhotra*
BODA 59097: Judgment of Suspension
Page 1 of **5**

in Case Number: 5:16-CR-00460-0LG( 1 ), styled *United States of America v. Rahul Malhotra, Defendant,* in the United States District Court for the Western District of Texas, San Antonio Division, wherein Respondent pled guilty to Count 2 - False Statement, in violation of 18 USC § 1001(a)(2) and was placed on community supervision for five (5) years and ordered to pay an assessment of $100 and a fine of $7,500.

(4) Respondent, Rahul Malhotra is the same person as the Rahul Malhotra who is the subject of the Judgment described above.

(5) Respondent's criminal sentence is fully probated.

(6) Respondent agreed to be suspended from the practice of law in Texas pursuant to this Board's order signed July 31, 2017.

**Conclusions of Law**. Based upon the foregoing findings of fact the Board of Disciplinary

Appeals makes the following conclusions of law:

(1) This Board has jurisdiction to hear and determine this matter. Tex. R. Disciplinary P. 7.08(G) ("TRDP").

(2) Respondent Rahul Malhotra has been convicted for purposes of TRDP 8.04 of an Intentional Crime as defined by TRDP 1.06(T). Said crime is also a Serious Crime as defined by TRDP 1.06(AA).

(3) The criminal conviction is final.

(4) Respondent Rahul Malhotra should be suspended from the practice of law for the term of his criminal probation. TRDP 8.06.

(5) The Board has continuing jurisdiction during the term of suspension to disbar Respondent in the event his criminal probation is revoked. TRDP 8.06.

Based on the evidence and consideration of the relevant factors as set out in this Board's prior decisions and the Texas Rules of Disciplinary Procedure, the Board exercises its discretion and **SUSPENDS** Respondent, Rahul Malhotra, State Bar Card No. 00797781, from the practice of law in Texas for the term of his criminal probation as originally assessed and further finds that, in the event that the above-described criminal probation of Respondent is revoked, then

Respondent Rahul Malhotra should be disbarred. TRDP 8.06.

It is, accordingly, **ORDERED**, **ADJUDGED**, and **DECREED** that Respondent, Rahul Malhotra, State Bar Card No. 00797781, be and he is hereby **SUSPENDED** from the practice of law in the State of Texas for a period beginning effective the date of this judgment and ending March 22, 2022.

It is further **ORDERED, ADJUDGED** and **DECREED** that Respondent, Rahul Malhotra, during the term of suspension, is prohibited from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel in any proceeding in any Texas court or before any administrative body or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

It is further **ORDERED** that Respondent shall immediately notify each of his current clients in writing of his suspension. In addition to such notification, Respondent is **ORDERED** to return any files, papers, unearned monies and other property belonging to clients and former clients in the Respondent's possession to the respective clients or former clients or to another attorney at the client's or former client's request. Respondent is further **ORDERED** to file with the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Board, an affidavit stating that all current clients have been notified of Respondent's suspension and that all files, papers, monies and other property belonging to all clients and former clients have been returned as ordered herein.

It is further **ORDERED** Respondent shall, on or before thirty (30) days from the signing

of this judgment by the Board, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing. Respondent is further **ORDERED** to file with the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Board, an affidavit stating that each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice has received written notice of the terms of this judgment.

It is further **ORDERED** that Respondent, Rahul Malhotra, immediately surrender his Texas law license and permanent State Bar Card to the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, Texas 78711, for transmittal to the Clerk of the Supreme Court of Texas.

It is further **ORDERED** that a certified copy of the Petition for Compulsory Discipline on file herein, along with a copy of this Judgment, be sent to the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel of the State Bar of Texas, P.O. Box 12487, Austin, Texas 78711.

It is further **ORDERED** that, in the event that the above-described criminal probation of Respondent, Rahul Malhotra, is revoked, Respondent, shall be disbarred pursuant to TRDP 8.06. The Chief Disciplinary Counsel shall file with the Board an appropriate motion supported by certified copies of court documents showing that such criminal probation has been revoked.

*In re Rahul Malhotra*
BODA 59097: Judgment of Suspension
Page 4 of 5

Signed this $\underline{26}$ day of January 2018.

_____
**CHAIR PRESIDING**

**FILED**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

JAN 2 9 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

RAHUL MALHOTRA

Defendant.

Case Number: 5:16-CR-00460-OLG(1)
USM Number: 63855-380

## AMENDED
## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, RAHUL MALHOTRA, was represented by Dan Lamar Cogdell and J. Dennis Hester, Esq.

On motion of the United States, the Court dismissed the remaining count(s) as to this defendant.

The defendant pled guilty to Count(s) Two (2), of the Indictment on August 16, 2016. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1001(a)(2) | False Statement | October 9, 2014 | Two (2) |

As pronounced on March 23, 2017 and as amended pursuant to the order granting defendant's motion to reduce sentence, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 29th day of January, 2018.

_____
ORLANDO L. GARCIA
Chief United States District Judge

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 2 of 5

DEFENDANT:      RAHUL MALHOTRA
CASE NUMBER:    5:16-CR-00460-OLG(1)

## PROBATION

The defendant is hereby placed on probation for a term of *two (2) years.*

While on probation the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court.

DEFENDANT:     RAHUL MALHOTRA
CASE NUMBER:   5:16-CR-00460-OLG(1)

# CONDITIONS OF PROBATION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pays in accordance with the Schedule of Payments sheet of the judgment.

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within seventy-two (72) hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view..

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                            Judgment -- Page 4 of 5

DEFENDANT:          RAHUL MALHOTRA
CASE NUMBER:        5:16-CR-00460-OLG(1)

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within seventy-two (72) hours.

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such penalties in accordance with the Schedule of Payments sheet of the judgment.

15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

17) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment — Page 5 of 5

| | |
|---|---|
| DEFENDANT: | RAHUL MALHOTRA |
| CASE NUMBER: | 5:16-CR-00460-OLG(1) |

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $100.00 | $7,500.00 | $.00 |

### SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

### FINE

The defendant shall pay a fine of $ 7,500.00. Payment of this sum shall begin immediately.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# U.S. District Court [LIVE]
## Western District of Texas (San Antonio)
## CRIMINAL DOCKET FOR CASE #: 5:16-cr-00460-OLG-1

Case title: USA v. Sealed

Date Filed: 12/16/2015
Date Terminated: 03/28/2017

Assigned to: Chief Judge Orlando L. Garcia

**Defendant (1)**

**Rahul Malhotra**
*TERMINATED: 03/28/2017*

represented by **Dan Lamar Cogdell**
Cogdell Law Firm, PLLC
402 Main Street
4th Floor
Houston, TX 77002
(713) 426-2244
Fax: (713) 426-2255
Email: dan@cogdell-law.com
*TERMINATED: 03/28/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**J. Dennis Hester**
The Cogdell Law Firm, PLLC
402 Main Street, 4th Floor
Houston, TX 77002
713-426-2244
Fax: 713-426-2255
Email: dennis@cogdell-law.com
*TERMINATED: 03/28/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pending Counts**

18:1001.F - STATEMENTS OR ENTRIES
GENERALLY - False Statement
(2s)

**Disposition**

2 years probation - ORIGINAL
SENTENCE - 5 years probation; $100
special assessment; $7,500 fine

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1001.F STATEMENTS OR ENTRIES
GENERALLY, False Statement
(1-2)

**Disposition**

Dismissed on Gov't Motion

18:1001F - STATEMENTS OR ENTRIES
GENERALLY - False Statement
(1s)

18:1546.F - FRAUD AND MISUSE OF
VISAS/PERMITS - Fraud and Misuse of       Dismissed on Gov't Motion
Immigration Documents
(3s)


**Highest Offense Level (Terminated)**

Felony


**Complaints**                           **Disposition**

None

---

**Plaintiff**

**USA**                         represented by   **William Franklin Lewis , Jr.**
                                                 U.S. Attorney's Office
                                                 601 NW Loop 410, Ste. 600
                                                 San Antonio, TX 78216
                                                 (210) 384-7150
                                                 Fax: (210) 384-7135
                                                 Email: william.lewis3@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | clear | Docket Text |
|---|---|---|---|
| 12/16/2015 | 1 | ☐ | INDICTMENT(Redacted Version) filed. Unredacted document sealed pursuant to E-Government Act of 2002 as to Rahul Malhotra (1) count(s) 1-2. (lg1) Modified on 12/18/2015 modify date (lg1). (Entered: 12/17/2015) |
| 12/16/2015 | 2 | ☐ | MOTION to Seal Indictment by USA as to Rahul Malhotra. (lg1) (Entered: 12/18/2015) |
| 12/16/2015 | 3 | ☐ | ORDER GRANTING 2 Motion to Seal Indictment as to Rahul Malhotra (1). Signed by Judge Robert A. Junell. (lg1) (Entered: 12/18/2015) |
| 12/16/2015 | 4 | ☐ | ORDER FOR ISSUANCE OF Bench Warrant as to Rahul Malhotra. Signed by Judge David Counts. (lg1) (Entered: 12/18/2015) |
| 12/16/2015 | 5 | ☐ | Bench Warrant Issued by Judge Robert A. Junell as to Rahul Malhotra. (lg1) (Entered: 12/18/2015) |
| 12/16/2015 | 7 | | Personal Data Sheet (SEALED) as to Rahul Malhotra (lg1) (Entered: 12/18/2015) |
| 12/16/2015 | | | All parties shall comply with the Standing Orders of Judge Robert Junell located at www.txwd.uscourts.gov/rules/standingorders/default.asp#midland as to Rahul Malhotra (lg1) (Entered: 12/18/2015) |
| 12/17/2015 | | | Arrest of Rahul Malhotra (lg1) (Entered: 12/18/2015) |
| 12/17/2015 | | | INDICTMENT UNSEALED as to Rahul Malhotra (lg1) (Entered: 12/18/2015) |

Case 1:21-cv-00074-H Document 1-3 Filed 04/16/21 Page 134 of 186 PageID 145

| 12/17/2015 | 7 | | Minute Entry for proceedings held before Judge David Counts:Initial Appearance as to Rahul Malhotra held on 12/17/2015 (Minute entry documents are not available electronically.), Attorney Dan Lamar Cogdell for Rahul Malhotra added (Court Reporter Digital.) (lg1) (Entered: 12/18/2015) |
|---|---|---|---|
| 12/17/2015 | 8 | | Minute Entry for proceedings held before Judge David Counts:Arraignment as to Rahul Malhotra (1) Count 1-2. Plea of not guilty entered on 12/17/2015 (Minute entry documents are not available electronically.) (Court Reporter Digital.) (lg1) (Entered: 12/18/2015) |
| 12/17/2015 | 9 | ☐ | ORDER Setting Conditions of Release as to Rahul Malhotra (1) Secure bond $10,000.00.. Signed by Judge David Counts. (lg1) (Entered: 12/18/2015) |
| 12/18/2015 | 10 | ☐ | Appearance Bond Filed as to Rahul Malhotra in amount of $10,000.00. Receipt # 700009775. (lg1) (Entered: 12/18/2015) |
| 12/21/2015 | 11 | ☐ | SCHEDULING ORDER as to Rahul Malhotra Motions to continue due by 2/1/2016, Plea Agreement due by 2/18/2016, Docket Call set for 2/3/2016 10:00 AM before Judge David Counts, Jury Selection set for 2/29/2016 08:30AM before Judge Robert A. Junell, Jury Trial set for 2/29/2016 08:30 AM before Judge Robert A. Junell,. Signed by Judge David Counts. (lg1) (Entered: 12/21/2015) |
| 12/23/2015 | 12 | ☐ | Bench Warrant Returned: Executed on 12/17/2015 as to Rahul Malhotra. (jk) (Entered: 12/28/2015) |
| 01/26/2016 | 13 | ☐ | Unopposed MOTION to Continue *Docket Call, Plea Agreement Deadline, and Jury Selection and Trial* by Rahul Malhotra. (Attachments: # 1 Proposed Order)(Cogdell, Dan) (Entered: 01/26/2016) |
| 01/28/2016 | 14 | ☐ | SCHEDULING ORDER as to Rahul Malhotra Plea Agreement due by 4/21/2016, Docket Call set for 4/6/2016 10:00 AM before Judge David Counts, Jury Selection set for 5/3/2016 08:30AM before Judge Robert A. Junell, Jury Trial set for 5/3/2016 08:30 AM before Judge Robert A. Junell,. Signed by Judge Robert A. Junell. (ms2) (Entered: 01/29/2016) |
| 01/29/2016 | 15 | ☐ | ORDER GRANTING 13 Motion to Continue as to Rahul Malhotra (1) Jury Selection reset for 5/3/2016 08:30AM before Judge Robert A. Junell, Jury Trial reset for 5/3/2016 08:30 AM before Judge Robert A. Junell,. Signed by Judge Robert A. Junell. (lg1) (Entered: 02/01/2016) |
| 03/16/2016 | 16 | ☐ | SCHEDULING ORDER as to Rahul Malhotra Motions to continue due by 4/4/2016, Plea Agreement due by 4/21/2016, Docket Call set for 4/6/2016 10:00 AM before Judge David Counts, Jury Selection set for 5/3/2016 08:30AM before Judge Robert A. Junell, Jury Trial set for 5/3/2016 08:30 AM before Judge Robert A. Junell,. Signed by Judge David Counts. (ms2) (Entered: 03/17/2016) |
| 04/04/2016 | 17 | ☐ | NOTICE *of Ready for Trial* by Rahul Malhotra (Cogdell, Dan) (Entered: 04/04/2016) |
| 04/06/2016 | 18 | | Minute Entry for proceedings held before Judge David Counts:Docket Call as to Rahul Malhotra held on 4/6/2016 (Minute entry documents are not available electronically.) (Court Reporter Digital.) (ms2) (Entered: 04/07/2016) |
| 04/08/2016 | 19 | ☐ | Unopposed MOTION to Continue *Jury Selection and Trial* by Rahul Malhotra. (Attachments: # 1 Proposed Order)(Cogdell, Dan) (Entered: 04/08/2016) |
| 04/12/2016 | 20 | ☐ | ORDER GRANTING 19 Motion to Continue as to Rahul Malhotra (1) Jury Selection set for 7/5/2016 08:30AM before Judge Robert A. Junell, Jury Trial set for |

| | | | |
|---|---|---|---|
| | | | 7/5/2016 08:30AM before Judge Robert A. Junell,. Signed by Judge Robert A. Junell. (ms2) (Entered: 04/12/2016) |
| 04/14/2016 | 21 | ☐ | SCHEDULING ORDER as to Rahul Malhotra Motions to continue due by 5/30/2016, Plea Agreement due by 6/9/2016, Docket Call set for 6/1/2016 12:00 PM before Judge David Counts, Jury Selection set for 7/5/2016 08:30AM before Judge Robert A. Junell, Jury Trial set for 7/5/2016 08:30 AM before Judge Robert A. Junell,. Signed by Judge David Counts. (ms2) (Entered: 04/14/2016) |
| 04/27/2016 | 22 | ☐ | NOTICE OF ATTORNEY APPEARANCE: J. Dennis Hester appearing for Rahul Malhotra . Attorney J. Dennis Hester added to party Rahul Malhotra(pty:dft) (Hester, J.) (Entered: 04/27/2016) |
| 04/27/2016 | 23 | ☐ | Unopposed MOTION to Continue *Jury Selection and Trial* by Rahul Malhotra. (Attachments: # 1 Proposed Order)(Hester, J.) (Entered: 04/27/2016) |
| 05/02/2016 | 24 | ☐ | ORDER GRANTING 23 Motion to Continue as to Rahul Malhotra (1) Jury Selection set for 8/8/2016 08:30AM before Judge Robert A. Junell, Jury Trial set for 8/8/2016 08:30 AM before Judge Robert A. Junell,. Signed by Judge Robert A. Junell. (ms2) (Entered: 05/04/2016) |
| 05/05/2016 | 25 | ☐ | SCHEDULING ORDER as to Rahul Malhotra Motions to continue due by 7/4/2016, Plea Agreement due by 7/13/2016, Docket Call set for 7/6/2016 10:00 AM before Judge David Counts, Jury Selection set for 8/8/2016 08:30AM before Judge Robert A. Junell, Jury Trial set for 8/8/2016 08:30 AM before Judge Robert A. Junell,. Signed by Judge David Counts. (lg1) (Entered: 05/06/2016) |
| 05/09/2016 | 26 | ☐ | ORDER RESETTING DOCKET CALL TIME as to Rahul Malhotra, ( Docket Call set for 6/1/2016 10:00 AM before Judge David Counts,). Signed by Judge David Counts. (lg1) (Entered: 05/09/2016) |
| 05/20/2016 | 27 | ☐ | ORDER CANCELLING DOCKET CALL as to Rahul Malhotra. Signed by Judge David Counts. (ms2) (Entered: 05/20/2016) |
| 06/21/2016 | 28 | ☐ | ORDER TO TRANSFER as to Rahul Malhotra reassigning to Chief Judge Orlando L. Garcia. Judge Robert A. Junell no longer assigned for Rahul Malhotra. Signed by Judge Robert A. Junell. (lg1) (Entered: 06/21/2016) |
| 06/22/2016 | 29 | ☐ | MOTION to Change Venue by USA as to Rahul Malhotra. (Lewis, William) (Entered: 06/22/2016) |
| 06/23/2016 | 30 | ☐ | ORDER GRANTING 29 Motion for Change of Venue as to Rahul Malhotra (1). Signed by Chief Judge Orlando L. Garcia. (ms2) (Entered: 06/23/2016) |
| 06/23/2016 | 31 | ☐ | ORDER as to Rahul Malhotra, ( Status Conference set for 7/7/2016 10:30 AM before Chief Judge Orlando L. Garcia,). Signed by Chief Judge Orlando L. Garcia. (mgr) (Entered: 06/23/2016) |
| 07/05/2016 | 32 | ☐ | ORDER as to Rahul Malhotra, ( Status Conference reset for 7/14/2016 10:30 AM before Chief Judge Orlando L. Garcia). Signed by Chief Judge Orlando L. Garcia. (aej) (Entered: 07/05/2016) |
| 07/14/2016 | 33 | ☐ | MOTION to Continue by Rahul Malhotra. (aej) (Entered: 07/14/2016) |
| 07/14/2016 | 35 | | Minute Entry for proceedings held before Chief Judge Orlando L. Garcia:Motion Hearing as to Rahul Malhotra held on 7/14/2016 re 33 MOTION to Continue filed by Rahul Malhotra (Minute entry documents are not available electronically.) (Court Reporter Leticia Ornelas.) (aej) (Entered: 07/18/2016) |
| 07/15/2016 | 34 | ☐ | ORDER GRANTING 33 Motion to Continue as to Rahul Malhotra (1) Jury |

| | | Selection and Trial reset for 10/17/2016 9:30 AM before Chief Judge Orlando L. Garcia, Plea Agreement due by 10/6/2016,. Signed by Chief Judge Orlando L. Garcia. (mgr) (Entered: 07/15/2016) |
|---|---|---|
| 08/03/2016 | 39 | Personal Data Sheet (SEALED) as to Rahul Malhotra (aej) (Entered: 08/04/2016) |
| 08/03/2016 | | SUPERSEDING INDICTMENT UNSEALED as to Rahul Malhotra (aej) Modified on 8/4/2016 (aej). (Entered: 08/04/2016) |
| 08/03/2016 | 43 | REDACTED SUPERSEDING INDICTMENT as to Rahul Malhotra. (aej) (Entered: 08/04/2016) |
| 08/03/2016 | 44 | ORDER as to Rahul Malhotra, ( Arraignment set for 8/16/2016 1:30 PM before Judge Henry J. Bemporad). Signed by Judge Henry J. Bemporad. (aej) (Entered: 08/04/2016) |
| 08/15/2016 | 45 | Order of Referral to U.S. Magistrate on felony guilty plea as to Rahul Malhotra. Signed by Chief Judge Orlando L. Garcia. (mgr) (Entered: 08/15/2016) |
| 08/15/2016 | 46 | ORDER Setting Rearraignment and Plea as to Rahul Malhotra: Rearraignment set for 8/16/2016 2:00 PM before Judge Henry J. Bemporad. Signed by Judge Henry J. Bemporad. (aej) (Entered: 08/15/2016) |
| 08/16/2016 | 47 | Minute Entry for proceedings held before Judge Henry J. Bemporad:Rearraignment held on 8/16/2016 ; Defendant Informed of Rights. Plea of guilty entered as to Rahul Malhotra (1) Count 2s ;Referred to Probation for Presentence Report (Minute entry documents are not available electronically.) (Court Reporter FTR Gold.) (aej) (Entered: 08/17/2016) |
| 08/16/2016 | 48 | PLEA AGREEMENT as to Rahul Malhotra (Plea agreement documents are not available electronically.) (aej) (Entered: 08/17/2016) |
| 08/16/2016 | 49 | FINDINGS OF FACT AND RECOMMENDATION on felony guilty plea before the United States Magistrate Judge as to Rahul Malhotra. Signed by Judge Henry J. Bemporad. (aej) (Entered: 08/17/2016) |
| 08/16/2016 | 50 | ORDER Setting Sentencing as to Rahul Malhotra: Sentencing set for 11/17/2016 9:30 AM before Chief Judge Orlando L. Garcia. Signed by Judge Henry J. Bemporad. (aej) (Entered: 08/17/2016) |
| 08/17/2016 | 51 | ORDER accepting re 49 Findings of Fact on Plea as to Rahul Malhotra. Guilty plea accepted. Signed by Chief Judge Orlando L. Garcia. (aej) (Entered: 08/17/2016) |
| 10/03/2016 | 52 | Unopposed MOTION to Continue *Sentencing Hearing* by Rahul Malhotra. (Attachments: # 1 Proposed Order)(Cogdell, Dan) (Entered: 10/03/2016) |
| 10/03/2016 | 53 | ORDER GRANTING 52 Motion to Continue as to Rahul Malhotra (1). Sentencing reset for 2/9/2017 9:30 AM before Chief Judge Orlando L. Garcia. Signed by Chief Judge Orlando L. Garcia. (aej) (Entered: 10/03/2016) |
| 01/27/2017 | 54 | ORDER as to Rahul Malhotra, ( Sentencing reset for 3/23/2017 9:30 AM before Chief Judge Orlando L. Garcia) Signed by Chief Judge Orlando L. Garcia. (aej) (Entered: 01/27/2017) |
| 02/17/2017 | 55 | INITIAL PRESENTENCE REPORT as to Rahul Malhotra by Officer Margarita Garbalena. Objections to the PSR must be submitted directly to the Probation Department within 14 days of disclosure. Instructions for viewing the report/worksheet are available here. (Document is available only to the attorney of record and AUSA for 14 days. PLEASE PRINT OR SAVE AS SOON AS |

| | | | |
|---|---|---|---|
| | | | DOCUMENT IS OPENED.) (Attachments: # 2 Certificate)(Garbalena, M) (Entered: 02/17/2017) |
| 02/21/2017 | 56 | | INITIAL PRESENTENCE REPORT as to Rahul Malhotra by Officer Margarita Garbalena. Objections to the PSR must be submitted directly to the Probation Department within 14 days of disclosure. Instructions for viewing the report/worksheet are available here. (Document is available only to the attorney of record and AUSA for 14 days. PLEASE PRINT OR SAVE AS SOON AS DOCUMENT IS OPENED.) (Attachments: # 1 Certificate)(Garbalena, M) (Entered: 02/21/2017) |
| 03/01/2017 | 57 | ☐ | TRANSCRIPT filed of Proceedings as to Rahul Malhotra held on 8/16/2016 Proceedings Transcribed: Rearraignment Hearing. Court Reporter/Transcriber Chris Poage, Telephone number 210-244-5036. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 3/22/2017, Redacted Transcript Deadline set for 4/3/2017, Release of Transcript Restriction set for 5/30/2017, (Poage, Chris) (Main Document 57 replaced on 3/1/2017) (kc). (Entered: 03/01/2017) |
| 03/15/2017 | 58 | ☐ | TRANSCRIPT filed of Proceedings as to Rahul Malhotra held on 07/14/2016 Proceedings Transcribed: MOTION HEARING. Court Reporter/Transcriber Leticia Ornelas Rangel, Telephone number 210-244-5039. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 4/5/2017, Redacted Transcript Deadline set for 4/17/2017, Release of Transcript Restriction set for 6/13/2017, (Rangel, Leticia) (Entered: 03/15/2017) |
| 03/21/2017 | 59 | | SEALED DOCUMENT filed (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2) (Cogdell, Dan) Modified on 3/21/2017, to edit text (rf). (Entered: 03/21/2017) |
| 03/21/2017 | | | Notice of Correction: ***NOTIFIED COUNSEL THAT THIS ENTRY HAS BEEN EDITED TO REFLECT IT IS A SEALED DOCUMENT NOT A MOTION AS FILED**** re 59 SEALED DOCUMENT filed. (rf) (Entered: 03/21/2017) |
| 03/21/2017 | 60 | | SEALED PRESENTENCE INVESTIGATION REPORT Filed as to Rahul Malhotra by Officer Margarita Garbalena. (Document available to court only) (Attachments: 1-4)(Perales, B.) (Entered: 03/21/2017) |
| 03/21/2017 | 61 | | REVISED PRESENTENCE REPORT as to Rahul Malhotra by Officer Margarita Garbalena. Instructions for viewing the report/addendum are available here. (Document is available only to the attorney of record and AUSA for 14 days. PLEASE PRINT OR SAVE AS SOON AS DOCUMENT IS OPENED.) (Attachments: 1)(Perales, B.) (Entered: 03/21/2017) |
| 03/23/2017 | 62 | | Minute Entry for proceedings held before Chief Judge Orlando L. Garcia:Sentencing held on 3/23/2017 for Rahul Malhotra (1), Count(s) 1-2, 1s, 3s, Dismissed on Gov't Motion; Count(s) 2s, 5 years probation; $100 special assessment; $7,500 fine. |

Case 1:21-cv-00074-H   Document 1-1   Filed 04/16/21   Page 138 of 186   PageID 149

| | | | |
|---|---|---|---|
| | | | (Minute entry documents are not available electronically.) (Court Reporter Leticia Rangel.) (aej) (Entered: 03/23/2017) |
| 03/28/2017 | 63 | ☐ | JUDGMENT AND COMMITMENT as to Rahul Malhotra (1), Count(s) 1-2, 1s, 3s, Dismissed on Gov't Motion; Count(s) 2s, 5 years probation; $100 special assessment; $7,500 fine. Signed by Chief Judge Orlando L. Garcia. (aej) (Entered: 03/28/2017) |
| 03/28/2017 | 64 | | Sealed Statement of Reasons as to Rahul Malhotra (SOR documents are not available electronically.) (aej) (Entered: 03/28/2017) |
| 03/28/2017 | 65 | ☐ | ***DOCUMENT DEFICIENT - MISSING PROPOSED ORDER***Opposed MOTION to Reduce Sentence by Rahul Malhotra. (Attachments: # 1 Exhibit Exhibit 1)(Cogdell, Dan) Modified on 3/28/2017 (aej). (Entered: 03/28/2017) |
| 03/28/2017 | 66 | | DEFICIENCY NOTICE:***NOTIFIED COUNSEL THAT DOCUMENT IS DEFICIENT - MISSING PROPOSED ORDER*** re 65 Opposed MOTION to Reduce Sentence as to Rahul Malhotra. (aej) (Entered: 03/28/2017) |
| 03/28/2017 | 67 | ☐ | ATTACHMENT *Proposed Order* to 65 Opposed MOTION to Reduce Sentence by Rahul Malhotra (Cogdell, Dan) (Entered: 03/28/2017) |
| 03/30/2017 | 68 | ☐ | RESPONSE TO MOTION by USA as to Rahul Malhotra re 65 Opposed MOTION to Reduce Sentence filed by Defendant Rahul Malhotra (Attachments: # 1 Proposed Order Order)(Lewis, William) (Entered: 03/30/2017) |
| 05/18/2017 | 69 | ☐ | Unopposed MOTION for Bond *Return of $10,000 Bond* by Rahul Malhotra. (Attachments: # 1 Proposed Order)(Cogdell, Dan) (Entered: 05/18/2017) |
| 08/14/2017 | | | Text Order MOOTING 65 Motion to Reduce Sentence as to Rahul Malhotra (1) Entered by Chief Judge Orlando L. Garcia. Motion was re-filed under dkt #69. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ju) (Entered: 08/14/2017) |
| 08/14/2017 | | | Text Order DENYING 69 Unopposed Motion for Bond as to Rahul Malhotra (1) Entered by Chief Judge Orlando L. Garcia. The Court previously communicated with defense counsel regarding what was required to request the bond assignment. Counsel will need to submit an amended motion with the necessary documentation. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ju) (Entered: 08/14/2017) |
| 09/15/2017 | 70 | ☐ | MOTION for Return of Cash Bail by Rahul Malhotra. (aej) (Entered: 09/15/2017) |
| 09/15/2017 | 71 | ☐ | ORDER GRANTING 70 Motion for Return of Bail as to Rahul Malhotra (1). Signed by Chief Judge Orlando L. Garcia. (aej) (Entered: 09/15/2017) |
| 09/15/2017 | 72 | ☐ | Application for Order Approving Assignment of Bond Funds by Rahul Malhotra. (aej) (Entered: 09/15/2017) |
| 09/15/2017 | 73 | ☐ | ORDER as to Rahul Malhotra Approving 72 Application for Order Approving Assignment of Bond Funds filed by Rahul Malhotra. Signed by Chief Judge Orlando L. Garcia. (aej) (Entered: 09/15/2017) |
| 01/12/2018 | 74 | ☐ | MOTION to Reduce Sentence by Rahul Malhotra. (Attachments: # 1 Exhibit Letter of Robert Valdez, # 2 Proposed Order)(Cogdell, Dan) (Entered: 01/12/2018) |
| 01/22/2018 | 75 | ☐ | RESPONSE TO MOTION by USA as to Rahul Malhotra re 74 MOTION to Reduce Sentence filed by Defendant Rahul Malhotra (Lewis, William) (Entered: 01/22/2018) |
| | | | |

| 01/26/2018 | | | Text Order GRANTING 74 Defendant's Motion to Reduce Sentence as to Rahul Malhotra (1) Entered by Chief Judge Orlando L. Garcia. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ju) (Entered: 01/26/2018) |
| --- | --- | --- | --- |
| 01/29/2018 | 76 | 🗋 | AMENDED JUDGMENT as to Rahul Malhotra (1), Count(s) 1-2, 1s, 3s, Dismissed on Gov't Motion; Count(s) 2s, 2 years probation - ORIGINAL SENTENCE - 5 years probation; $100 special assessment; $7,500 fine. Signed by Chief Judge Orlando L. Garcia. (aej) (Entered: 01/29/2018) |
| 01/29/2018 | 77 | | Sealed Statement of Reasons as to Rahul Malhotra (SOR documents are not available electronically.) (aej) (Entered: 01/29/2018) |

View Selected

or

Download Selected

---

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 06/19/2019 12:35:44 | | |
| **PACER Login:** | ddarosa06:4550726:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:16-cr-00460-OLG |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# UNITED STATES DISTRICT COURT
#### WESTERN DISTRICT OF TEXAS
#### PROBATION OFFICE



**JOE E. SANCHEZ**
CHIEF PROBATION OFFICER
SAN ANTONIO – ADMINISTRATION

ADMINISTRATION
727 E. CESAR E. CHAVEZ BOULEVARD, SUITE A-405
SAN ANTONIO 78206-1208

2450 STATE HIGHWAY 118
ALPINE  79830-2020

501 WEST FIFTH STREET, SUITE 2100
AUSTIN  78701-3822

111 E. BROADWAY STREET, SUITE 200
DEL RIO  78840-5573

700 E. SAN ANTONIO AVENUE, SUITE 500
EL PASO  79901-7009

100 E  WALL STREET, SUITE P-111
MIDLAND  79701-5200

410 S. CEDAR STREET
PECOS  79772-3200

727 E. CESAR E. CHAVEZ BOULEVARD, SUITE B-310
SAN ANTONIO  78206-1200

800 FRANKLIN AVENUE, SUITE 100
WACO  76701-1934

March 28, 2019

Mr. Rahul Malhotra
117 East Wall Street
Midland, Texas 79701

RE:     **EXPIRATION OF SENTENCE**

Dear Mr. Malhotra:

Please be advised that as of March 22, 2019, your term of supervision has expired.  Therefore, you no longer need to report to our office.  You have satisfied all your conditions of supervision.

Additionally, **in Texas**, any person convicted of a felony loses certain rights, including voting, holding public office, and serving on juries.  However, voting rights are restored once you have been fully discharged from the terms of your sentence or once you have received a pardon.  A Presidential Pardon restores all other rights.  There is a waiting period prior to applying of at least five (5) years following release from confinement, or if no confinement was imposed, five years from date of conviction.  For violent crimes, violation of narcotics laws, gun control laws, incomes tax laws, perjury, violation of public trust involving personal dishonesty, fraud involving substantial sums of money, organized crime violations, and other serious offenses, a waiting period of seven years is required.

In order to apply for a Presidential Pardon, you must request a petition from the address listed below.  You will need to advise them of the date you were sentenced, the offense involved and the sentence imposed.  This information will determine whether you are eligible to apply.

The Office of the Pardon Attorney
Department of Justice
500 First Street, N.W., 7th Floor
Washington, D.C. 20530
Telephone: (202) 616-6070

I would like to take this opportunity to wish you the best of luck in the future.  If you have any questions, please contact me at (432) 686-4060, extension 0327.

Sincerely,

Tremane Peel
Senior United States Probation Officer



# MIDLAND COUNTY SHERIFF'S OFFICE
Individual Arrest Report

|  |  |
|---|---|
| **Name:** RAHUL MALHOTHA (179951) | |
| **Street Address:** 4228 BAYBROOK PL | **City, State Zip:** MIDLAND, TX 79707 |
| **Date of Birth:** 07/31/70 | **Social Security:** 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 |
| **Local ID Numbers:** 64265 | |
| **State ID Number:** | **FBI number:** |
| **Attorney:** GARRIGA J | **Occupation:** LAWYER |
| **Place of Birth:** NEW DELHI,IND | **State:** IN |
| **Sex:** M | **Race:** I |
| **Height:** 5'07" | **Weight:** 170 |
| **Hair Color:** BLK | **Eyes Color:** BRO |
| **Drivers License:** 04599366 | **State:** TX |
| **Marital Status:** MARRIED | |
| **Home Phone:** (432)580-4878 | **Work Phone:** (915)580-6565 |
| **Employer:** GARRIGA LAW FIRM | |
| **Alias For:** RAHUL MALHOTRA 179952 | |
| **Alias:** RAHUL MALHOTHA (179951) | |

## Scars, Marks, and Tattoo Information
**Scars, Marks:** TAT SHLD     TATO     SHLD     LOOKS LIKE 3/W DOT

## Arrest/Offense Information
|  |  |  |
|---|---|---|
| **Booking Number:** 120187 | **Arrest Reference Number:** COMPLAINT | |
| **Time/Date Arrested:** 04:10:00 12/12/99 | **Arresting Officer:** SOWLE M | |
| **Arresting Agency:** MPD | **Age at Arrest:** 29 | |
| **Statute:** 13000009, Asslt Family Member One Time | **Class:** MC | **Court:** MC |
| **Offense:** ASLT, ALL ASSAULTS | **Counts:** 1 | **OTN:** |
| **Offense Refrnc:** COMPLAINT | **Related Incident:** | |

**RELEASE DATE** 12-12-99
**HOW RELEASED** (1) BND (4)___ (7)___
(2)___ (5)___ (8)___
(3)___ (6)___ (9)___
**BOND BY** Cash Bond **AMOUNT** $540.00
**RELEASING OFFICER** ___
**FILE APPROVED BY** ___

**Report Includes:**
All dates arrested, All booking numbers matching ` 120187`, All arresting agencies, All arresting officers, All arrest types, All arrest area codes, All judicial age statuses, All inmate name numbers, All offense codes, All statute codes, All alcohol/drug codes, All crime class codes, All law jurisdictions, All court codes, All entry codes, All custody flags



## MIDLAND
### CITY OF MIDLAND

Municipal Court

406 E. Illinois
Post Office Box 1152
Midland, Texas 79702-1152

432.685.7303

April 5, 2006

Rahul Malhotra
Attorney at Law
319 N. Grant St.
Odessa, Texas 79761

RE:     Rahul Malhotra

Dear Mr. Malhotra:

We have received your request for a certified copy of the final disposition of a Assault - Family Violence charge filed against you on December 12, 1999.

Texas state law requires the court to maintain records for a period of only five (5) years. A thorough search was made for the original documents, but was unsuccessful.

However, enclosed are certified copies of computer records still retained in this matter. Please be advised that although there are two separate records, there was only one charge of Assault – Family Violence filed on December 12, 1999. At that time, when a matter was set for trial, the Court routinely dismissed the original citation and replaced it with a complaint.

Docket number C0052561 was the original charge which was dismissed and replaced with a formal complaint, docket number C00052676.  This charge was paid in full on July 6, 2000.

If you have further questions regarding this matter, please contact our office.

Sincerely,

N.L. Tate, Deputy Court Clerk
CITY OF MIDLAND MUNICIPAL COURT
Midland, Texas

/nlt

8

MUNICIPAL COURT

**CITY OF ODESSA, TEXAS**

201 N. Grant      Odessa, Texas 79761

December 22, 2010

**NAME**: Rahul Malhotra

**DOB**: July 31, 1970

**DOCKET NUMBER**: 299094

**CITATION NUMBER**: 299094

**OFFENSE**: PUBLIC INTOXICATION

**OFFENSE DATE**: October 10, 1998

**CONVICTION DATE**: June 12, 2000

**PLEA**:

**DISPOSITION**: Dismissed-Deferred Disposition

**JUDGE**: Catherine Clifton

**BALANCE DUE**: $0.00

**CASE OFFENSE ORIGINAL AMOUNT DUE**: $195

DEPUTY CLERK

A True And Correct Copy:
Attest:

DEC 22 2010

Municipal Court
Odessa, Ector County, Texas
By _____ Deputy Clerk

Rahul Malhotra
1355 Willowdown Rd.
Oakville, Ontario
L6L 1X2

June 1, 2020

Peter Stehouwer
Investigator
The Law Society of Ontario
Investigation Services
393 University Avenue, Suite 1100
Toronto, Ontario M5G 1E6

Dear Sir:

RE:      Rahul Malhotra
             Admission to the Lawyer Licencing Process
             Case Number 2019-230653

I write to you in response to your request, through my counsel John Rosen, that I provide (1) a synopsis of the events that led to me being charged and convicted in Texas, and (2) a personal statement expressing why I believe I am now a person of good character such that I am fit to be licensed by the Law Society of Ontario.

(1) <u>Synopsis of Events</u>

As indicated, the events giving rise to the issue of my character relate to my conviction in Texas on one count of Making a False Statement to a Federal Agent on October 9, 2014 in violation of 18 U.S.C. § 1001(a)(2). The following is a summary of the background and circumstances leading to that conviction.

I am the son of immigrants from India. I was born on July 31, 1970 in New Delhi, India and came to Canada with my parents when I was about 2 years old. I became a Canadian citizen at age 16. I was educated in Canada, and after receiving my undergraduate degree, I was accepted to law school in Houston, Texas.

On August 23, 1994, I legally entered the United States on an F-1 student visa for purposes of attending law school in Houston. That visa was renewed during my years at school. In May 1996, I completed my courses and received a Doctor of Jurisprudence in law. I was licensed to practice by the Texas State Bar on May 11, 1996.

Upon being licensed to practice in Texas, I sought and obtained employment with the Herrera Law Firm in Odessa. To work as a lawyer for the firm, I was obliged to change my immigration status from a student to a TN non-immigration classification visa (TN Visa).

The TN Visa was created as a component of NAFTA to permits qualified Canadian (and Mexican) citizens to seek temporary entry into the U.S. to engage in business activities at a professional level.  I acknowledge that the NAFT regulations strictly prohibit individuals with TN classification from self-employment or maintaining their own business or company.

My TN Visa was issued on March 28, 1997.  After I received my initial TN Visa, the regulation regarding the length of the visa was periodically changed, culminating in a maximum renewal for a three year period.  The prohibition of self-employment and business ownership remained unchanged.  Accordingly, at the time I started to work for Mr. Herrera, the terms of my TN Visa were not an issue for me.

While at the Herrera Law Firm., I gained significant experience and success in the area of personal injury law, particularly as it related to accidents that occurred in the oil drilling and refining industries, which are the economic mainstay of the Odessa area.  In the meantime, I married Vinita Sharma, a Canadian citizen who also later became a lawyer licenced to practice in Texas, on September 4, 1998.  Our three children soon followed.  The children are all citizens of the United States.

At the end of my first year at the Herrera Law Firm, I lawfully applied for and received a renewal of my TN Visa.  As I recall, the renewal was for one year.

Circumstances at the firm changed at the end of 1999, when the owner, Jesse Herrera, decided to relocate to El Paso for personal and financial reasons. Mr. Herrera offered to sell me his practice, but I declined.  He sold the practice to the Guardiola law firm, which I joined as an employee and my TN Visa was amended accordingly.  In late, 2000, Mr. Guardiola ceased practicing.  It was at that point that Mr. Herrera again offered to sell me his firm and the building it occupied.

Because of my TN Visa limitations, Mr. Herrera agreed that, although I would assume practical control of the day to day operations of the law firm, he would continue to hold fifty-one per cent ownership so that I was not in breach of the NAFTA regulations.  Further, as members of the same law firm, I could finance the purchase of the practice through the division of fee income.  In regard thereto, I sought the advice and counsel of immigration and business lawyers before proceeding with the agreement.

On December 29, 2000, I incorporated the Malhotra Law Firm, and purchased the building at 319 North Grant Street, Odessa, Texas.

The immigration investigation that led to me being charged began on June 14, 2006, when I filed Immigration Form I- 485 to adjust my immigration status to a lawful permanent resident. As part of the approval process, USCIS officials were required to verify TN visa compliance. Such verification required written documentation from my employer.  I provided a letter dated December 27, 2010, which I prepared, and which and Mr. Herrera signed.  The letter indicated that he was the majority shareholder of the Malhotra Law Firm and that I was an employee. (Copy Attached).

USCIS officials suspected the firm was in my actual control and contacted HSI agents to assist with the investigation.

On October 9, 2014, I was interviewed by HSI agents at the Malhotra Law Firm. During questioning, I told the investigators that I obtained my TN Visa after I accepted a position at The Herrera Law Firm, and that I was employed in that position through 1999. However, due to problems involving his firm and his family members, Mr. Herrera closed his firm and relocated to El Paso, Texas. All of this is true.

I also told the investigators that Mr. Herrera was the majority shareholder of The Malhotra Law Firm after I incorporated it in December 2000. This statement was materially false, in that I was in substance, self-employed.

When asked about the sale of the building, I truthfully admitted that I purchased the building from Mr. Herrera.

Subsequently, investigators interviewed Mr. Herrera, who confirmed that he sold his business and building to me in late 2000, that between 2001 to 2006 he received annual payments from me for the sale of the law practice and building and also received referral fees for business clients he referred to me. Mr. Herrera told the investigators that he was not the owner of The Malhotra Law Firm or even a partial owner and that had no other dealings with me or the business since the sale.

When investigators presented Mr. Herrera with his letter dated December 27, 2010, Mr. Herrera initially said I was employed as an attorney at his law firm. He later recanted and admitted that although he signed the letter, it was written by me in support of my I-485 Immigration Application to adjust my status to lawful permanent resident, and that the statements contained in the letter regarding his shareholdings were untrue and that he was assisting me as a friend.

I surrendered to authorities on December 17, 2015 and was charged and released on bail.

On August 16, 2016, I appeared before United States Magistrate Judge Henry J. Bemporad in the U.S. Federal Court for the Western District of Texas, San Antonio Division at which time I pled guilty to one count of Making a False Statement to a Federal Agent on October 9, 2014 in violation of 18 U.S.C. § 1001(a)(2). By pleading guilty, I admitted that I provided a materially false representation when I was questioned by the HSI agents on October 9, 2014.

On March 23, 2017, I appeared before Chief District Court Judge Orlando L. Garcia to confirm my guilty plea and be sentenced. The Court sentenced me to 5 years of probation, a fine of $7,500 and a special assessment of $100.00. I paid my fine and special assessment on April 21, 2017.

On or about May 6, 2017, U.S. authorities deported me to Canada.

On January 29, 2018, the Court reduced my probation to two years.

(2) <u>Character Statement</u>

Notwithstanding the false representation to immigration investigators in the U.S. and my resulting conviction, I believe I am a person of good character and fit to be admitted to the Law Society of Ontario.

As you can see from the narrative above, I arrived in Texas in 1994 to attend law school and, upon receiving my degree, practice law.  Initially, it was not my intention to practice law in Texas, or for that matter in the United States.  However, once I received my degree, and because I was already living in Texas, I decided to seek employment there at least to get some experience before deciding whether to return home to Canada.

I was warmly welcomed at the Herrera Law Firm as a young associate and thrived in their practice.  The more I succeeded, the more I became wedded to practice in Texas.  By the time Mr. Herrera offered me the opportunity to purchase his practice, I was too far established both professionally and personally to refuse.  Obviously, the issue of my immigration status posed a serious impediment to assuming the practice.

My success in practice, the establishment of my family in Texas and the fact that my children were U.S. citizens by birth blinded me to the impropriety, indeed the illegality of my arrangement with Mr. Herrera to avoid the restrictions to my TN Visa.  Although it was my firm intention to maintain that arrangement only until I was able to regularize my immigration status, I was clearly in the wrong.  Once I entered the arrangement, I became trapped by my own success.

It should be noted, however, that I practiced law in Texas without complaint or accusation until I was suspended on July 31, 2017 by the State Bar of Texas pending the outcome of a disciplinary hearing.  Until then, I enjoyed an excellent reputation at the bar for conducting my practice honestly, ethically, and professionally.  I was well known and respected in my community for serving my clients with integrity and transparency while meeting my obligations to the Courts and the profession.

It should also be noted that, on January 26, 2018, after a contested hearing, and although I was barred from entering into the United States, a disciplinary panel of the State Bar of Texas decided not to disbar me, but rather to suspend my license.  I believe this was due to my good character and impeccable disciplinary record.

The suspension of my license was initially for 5 years, which paralleled the period of my court-ordered probation.  However, when the probation was reduced to 2 years ending March 22, 2019, my license suspension was also reduced and ended the same date.  I was reinstated by and since then I continue to be a licensed member of the State Bar of Texas.

Since my departure from Texas, I have maintained a close connection to my old law firm. During the period of my suspension, I continued to work remotely as a paralegal.  Since the reinstatement of my license, I have continued to work as a lawyer but only on Texas cases. Utilizing my expertise and experience, I assist lawyers and clients of the firm remotely in both

open cases that predate my departure and new cases.  My colleagues, both at the firm and on opposing sides, with whom I have had dealing, as well as the clients I represent, can attest to my continuing good character and reputation as a lawyer.

Besides continuing to practice of law, I have refrained from any personal legal or other problems that might impinge on my good character.  I believe I am a good role model to my three sons, ages 16, 13 and 11.  I have used my personal experiences and failures as a teaching tool for them, to prepare them to be honest, kind, grateful and resilient men as they grow towards adulthood.  I have tried to instill in them the value of character and its importance in governing one's actions.  I believe that my openness with my family and my colleagues and friends regarding my experiences and failures reflects my inherent good character.  I hope you and the Law Society of Ontario agree.

I truly and sincerely regret my past mistakes and accept the resulting consequences. Notwithstanding all that has happened to me, personally and professionally, I have maintained my passion for the law.  It is my hope and desire to establish myself as a lawyer in Ontario with the same recognition and respect I continue to enjoy at the bar in Texas.

I trust the above will assist you in your investigation.  If you require more, please let me know.

Yours truly,

Rahul Malhotra

```
                                                         Page 1

 1                                    FILE NO.: 2019-230653

 2

 3                    THE LAW SOCIETY OF ONTARIO

 4

 5              IN THE MATTER OF RAHUL MALHOTRA

 6

 7             _____

 8

 9     PURPOSE:  INTERVIEW OF RAHUL MALHOTRA

10     HELD ON:  June 11, 2020

11     HELD AT:  Via Telephone

12

13

14

15     APPEARANCES:

16         Peter Stehouwer        Investigation Counsel

17                                Law Society of Ontario

18

19         Rahul Malhotra         Interviewee

20

21         John Rosen             Counsel for Mr. Malhotra

22

23

24

25
```

Page 2

1                          TABLE OF CONTENTS

2        INDEX OF INTERVIEW:

3        RAHUL MALHOTRA, Interviewee ........................... 3

4        INTERVIEW BY MR. STEHOUWER ........................... 3

5

6

7

8

9

10                  AUDIO/VIDEO TRANSCRIPTION DISCLAIMER

11

12        Please be advised that this transcription was done from a

13        digital audio recording.  As such, the quality of the

14        transcript is impacted by the quality of the recording and

15        may not be as accurate as having a certified court reporter

16        in attendance who can verify terminology and speaker

17        identification.  Therefore, please note that the

18        certification is to the "best of our skill and ability".

19

20

21

22

23

24

25

Page 3

1      --- Upon commencing at 11:01 a.m.

2                        RAHUL MALHOTRA, Interviewee:

3                        INTERVIEW BY MR. STEHOUWER:

4                   MR. STEHOUWER:  It is now 11:01 a.m. on June

5       11th, 2020.  My name is Peter Stehouwer, an investigator at

6       the Law Society of Ontario, and I am conducting an

7       interview of Rahul Malhotra, who is a lawyer licensee

8       applicant.  And he is in company with his counsel, John

9       Rosen, for the purposes of this interview.

10                       So just so you're aware, you are aware now

11      that this interview is being recorded?

12                  MR. MALHOTRA:  Yes, sir.

13                  MR. ROSEN:  As am I and we consent.

14                  MR. STEHOUWER:  Excellent.  Now I just want

15      to give you an opportunity, because I have your response, I

16      have all the documents, would you, Mr. Malhotra, just be

17      able to give me a five- or two-minute or three-minute

18      synopsis of the events which led to you being charged, the

19      subsequent plea, then the -- I guess when you were given

20      the new two-year probation, and your status with the Texas

21      licensing board of disciplinary appeals decision on October

22      11th to bring your suspension with them in line with your

23      probation adjustment?  So just give me a quick synopsis.

24      Don't go into too much detail.  I just need to hear from

25      you your understanding of what happened.

Page 4

1                    Again be truthful.  The issues of what

2       happened then do not decide the person you are today, and

3       so I'm just looking for you to just tell me quickly the

4       circumstances and how we got here today.

5                    MR. MALHOTRA:  Yes, sir.  I appreciate the

6       opportunity.  As we've set forth in my personal statement,

7       I had entered law school in the United States in 1993,

8       graduated from the University of Houston in '96, and

9       shortly thereafter moved to west Texas, the Midland-Odessa

10      area.  I had taken on a job with the Herrera law firm.  And

11      I think in '99, or 2000, actually, Mr. Herrera decided to

12      relocate his practice to El Paso and offered for me to buy

13      the building, which I did and we did it through a fee

14      sharing arrangement and became members of the same law

15      firm.  He was the majority shareholder and I was the

16      minority.  I had consulted an immigration lawyer and a

17      business lawyer in regard to this issue.

18                   Several years later the agents from HIS came

19      to my office to interview me and ultimately I had told them

20      that I was the minority shareholder and not the majority,

21      and in substance that was a false statement that I made.  I

22      think October 14th of 2014, I was subsequently indicted

23      under 18 USC 1001.  And forgive me if I misstated the

24      statute; I think that's what it was.

25                   MR. STEHOUWER:  That's fine.

Page 5

1              MR. MALHOTRA:   There were two counts

2    initially, and ultimately I pled in August of 2016 to one

3    count of the indictment, which is the count of lying to the

4    agent, and I was sentenced March 23rd of 2017.   March 30th

5    I was picked up by ICE officials and taken to an

6    immigration detention centre in El Paso, Texas.   And I

7    believe, sir, on or about May 6th I was brought back to

8    Canada by air with an agent of Immigration Services.

9              Thereafter through my counsel in Texas we

10   moved to Federal Court to reconsider my sentence, which

11   initially as imposed was five years.   And I think I should

12   add so you know, or you may already, that if I had received

13   even one day of jail time, or even time served, I would

14   have automatically been disbarred in the State of Texas.

15   So I would like to think that the judge -- I judge I know

16   was cognizant of that, and I would like to think that he

17   gave me probation partially for that reason.   And I thought

18   it's important for me to convey that to you.

19             So we filed this motion for reconsideration

20   and ultimately that motion was granted.   It's somewhat of

21   an interesting story, if you'll bear with me.   We had our

22   bar hearing January 23rd, 26th, and ultimately they gave me

23   a suspension in lieu of a disbarment, which was a wonderful

24   thing, obviously.   And come to find out eight months later

25   in August, that Friday afternoon is when the judge, the

Page 6

 1      federal judge made a docket entry granting my motion for a
 2      reduction in sentence.  And the reason it's somewhat
 3      interesting is we now had to go back into the State Bar and
 4      ask them to reopen the case.  Obviously there were issues
 5      about whether the court still had jurisdiction and things
 6      of that nature.  But ultimately the State Bar of Texas
 7      found that they did have continuing jurisdiction over my
 8      matter, that the reduction in the sentence was not an early
 9      termination or anything akin thereto and was actually a
10      reformation of the sentence and as such reduced my
11      suspension from five years to two years, and that
12      suspension ended March 23rd of 2019.
13                     MR. STEHOUWER:  Right.
14                     MR. MALHOTRA:  Did I cover most of it?  I'm
15      sorry if I rambled a little bit.
16                     MR. STEHOUWER:  You know what, no, there was
17      no rambling, that was good.
18                     MR. MALHOTRA:  Thank you, sir.
19                     MR. STEHOUWER:  So by pleading guilty...  I
20      explained to Mr. Rosen, you have pled guilty to making a
21      false statement.  And that would be the crux of this
22      investigation.  As it's played out, receiving a term of
23      probation and I think it was a $7500 fine along with a $100
24      fee --
25                     MR. MALHOTRA:  Yes, sir.

1                    MR. STEHOUWER:  -- you know, kind of

2        indicates the way the matter was looked at by the presiding

3        judge.  And also the fact that then subsequently your

4        probation was reduced from five years down to two years and

5        that you were reinstated by the Texas Bar, so that to me

6        plays well in your favour and, you know, it has reduced my

7        concerns with respect to this investigation of your good

8        character.

9                    Subsequent to receiving your responses I

10       have also received three references from your then-

11       associates in Texas.  And those are probably three of the

12       best reference letters I've ever received for any good

13       character investigation.

14                    The time past...  As an investigator for the

15       Law Society, the conditions I'm looking to with respect to

16       my investigations, I don't know if you're aware of them,

17       the Armstrong factors, which are basically dealing with

18       duration of misconduct, the passage of time, conduct since,

19       rehabilitative efforts and remorse.

20                    Now the duration of the conduct was -- I

21       think it was a very short duration of time, it was just --

22       it basically occurred back in 2014.  Subsequent to that you

23       were charged and you have basically pled guilty.  You

24       spared a lot of aggravation.

25                    MR. MALHOTRA:  Yes, sir.

Page 8

1              MR. STEHOUWER:  You're not denying it

2      happened.  Some of my discussion with Mr. Rosen, it appears

3      you were the victim of your own success down there.  It

4      ended up going so well with taking over that Herrera

5      practice that, you know, the -- I can understand the

6      difficulty it looked like you got into there.  Now it

7      doesn't condone making a false statement and I'm not here

8      to blow smoke.  I just -- I'm just trying to get my head

9      around all of the issues here that I need to satisfy.

10             So your issue was dealt with.  You have

11     served your probation.  Your suspension with the Texas Bar

12     is completed.  The thing holding you back from practicing

13     there is that you've been booted out of the US.

14             MR. MALHOTRA:  Yes, sir.

15             MR. STEHOUWER:  And that is never likely to

16     be undone.

17             MR. MALHOTRA:  That's true.  I think you're

18     right.

19             MR. STEHOUWER:  And hence you're trying to

20     come and practice law here in Ontario.

21             MR. MALHOTRA:  Yes, sir.  I'm from here, I

22     grew up in Scarborough, so it is home.

23             MR. STEHOUWER:  Sure.  Sure.  I appreciate

24     that.  But...

25             MR. MALHOTRA:  The winters are a little

Page 9

1    tough, but besides that I'm loving it, you know.

2                 MR. ROSEN:  I always thought it's cold in

3    (indiscernible) Texas.

4                 MR. MALHOTRA:  Well, you haven't been to

5    parts of Texas where I've been because it's warm.

6                 MR. STEHOUWER:  Yeah, I know.  I have a

7    niece that moved to Austin, Texas, with her husband, and

8    she comes up here for six weeks every summer because she

9    goes, "It's just too darn hot."

10                MR. MALHOTRA:  Yeah.

11                MR. STEHOUWER:  And with respect to conduct

12   since that time, I've established in that criminal record

13   search that there's been no further issues since these

14   issues came up.

15                Now the only thing I might discuss with you

16   is that as a result of that criminal record check, there's

17   a report that there was a previous allegation of assault,

18   family violence from December 12th, 1999.

19                MR. MALHOTRA:  Yes, sir, that is correct.

20                MR. STEHOUWER:  Now were you actually

21   charged or was this like the police attended and there was

22   just, you know, some investigation?

23                MR. MALHOTRA:  So the police attended, sir.

24   The honest truth is I had gotten into an argument with my

25   wife, and then they took me to the police station and they

1    released me in the morning.  And then I got a pre-trial

2    diversion, which is -- I'm not sure what the equivalent

3    here is, Mr. Rosen, but it's not -- it was like a 30-day

4    pre-trial diversion, and if you stay out of trouble, it

5    never goes on your record, it's not a conviction and things

6    of that kind.

7                    MR. STEHOUWER:  Yeah.  It's like here people

8    go on the PAR course and --

9                    MR. ROSEN:  That's right.

10                    MR. STEHOUWER:  -- and there's, you know,

11   any minor domestic issues are resolved in that way.  So,

12   yeah, I can understand.

13                    So does that register a conviction against

14   you, or is that something that's resolved by way of the

15   diversion?

16                    MR. MALHOTRA:  It's resolved by way of the

17   diversion, sir.  No conviction.

18                    MR. STEHOUWER:  Okay.

19                    MR. MALHOTRA:  And with a Class

20   (indiscernible) misdemeanor, I believe, which is probably

21   the lowest stated crime in the State of Texas.  But to

22   answer your question, there was no conviction as a result

23   of the successful, quote unquote, completion of pre-trial

24   diversion.

25                    MR. STEHOUWER:  Good.  Okay, that's good.

Page 11

1        Then that resolves any question of that.  And that's

2        actually pre what you're reporting to us here anyways,

3        that's from way back.

4                        So your trial was concluded I think March

5        23rd, 2017?

6                        MR. MALHOTRA:  Yes, sir.

7                        MR. STEHOUWER:  That's when you got the

8        five-year term and the $7500 fine and the special

9        assessment of $100.

10                       MR. MALHOTRA:  Yes, sir.  That was the

11       sentencing.  So I pled in August of 2016 -- I don't

12       remember the exact date -- and then the sentencing was in

13       March.  August '16, 2016, yes, sir.

14                       MR. STEHOUWER:  Okay.  And since that time

15       there have been no issues.  Now regarding rehabilitative

16       efforts, I don't think that really is a factor here because

17       I mean there's nothing to rehabilitate.  I mean it was an

18       error.  You've admitted that error.  Is making a false

19       statement an issue that defines you as a person?

20                       MR. MALHOTRA:  I hope not, sir.  I mean I

21       think it's -- I accept responsibility for doing it.  I did

22       it.  I pled guilty for doing it.  But in the totality of my

23       career as a lawyer and as a human being, I think I've

24       always tried to be straightforward, honest, serve the

25       public the best I can, and really hold the office of being

Page 12

1        a lawyer in high regard.  I mean it's important to me.

2        That's what I am.  That's what I do.

3                    MR. STEHOUWER:  Yeah.  Very good.  And the

4        final issue for the Armstrong factors is the issue of

5        remorse.  Now there's some case law with regards to

6        remorse.  There's a case of Law Society of Upper Canada v.

7        somebody named Hamalingua (phon).  It was defined as:

8                    "The acceptance of responsibility and the

9        ability to empathize with the impact that the lawyer's

10       conduct on other related but not identical concepts.

11       Remorse encompasses a continuum from regret about the

12       difficulties that have arisen from one's conduct to a level

13       of insight about the source and consequences of one's

14       conduct on others.

15                   "At its highest level, the articulation of

16       remorse indicates the capacity of the lawyer for self-

17       correction and provides assurances about the likelihood of

18       the recurrence of the conduct.  At its lowest level it can

19       constitute regret at being caught and the consequences

20       which have flowed from being subject to the disciplinary

21       process." [As read]

22                   So without going on -- there's more -- it's

23       really...  Now in actuality there is no other person who

24       was impacted by this other than you, really.  But by making

25       that false statement, really it just -- it was basically

JUNE 11, 2020                                LSO                          RAHUL MALHOTRA

Page 13

1      your reaction to being caught in this -- in this, not

2      citizenship but your ability to work there under the

3      conditions of that special NAFTA agreement.

4                     MR. MALHOTRA:  Yes, sir.

5                     MR. STEHOUWER:  And so the...  Let me see.

6      I think with what you've written to me and with the letters

7      from your referees, I think it shows this to be a one-off

8      rather than a common thread for you.  And I think that has

9      been well displayed.  So with respect to my investigation,

10     I'm really...  You know, do you intend to make any more

11     false statements?

12                    MR. MALHOTRA:  No, sir, absolutely not.

13                    MR. STEHOUWER:  And you know what, I really

14     don't know where else to go with this right now.  I'm

15     basically just going to tell you that, and I may have

16     already told Mr. Rosen, that I plan to simply submit a

17     closing memo with respect to this investigation.  You know,

18     my hope is that that would be accepted, because I really

19     don't see this needed to go any further.  However, I did

20     advise Mr. Rosen, yes, that due to the fact there was a

21     plea of guilty to making a false statement, this may be

22     something that is required to be considered by a hearing

23     panel.

24                    So at this point in time, I'm not sure, but

25     I'm going to try to simply close the matter.  Because I'm

JUNE 11, 2020                                LSO                         RAHUL MALHOTRA

Page 14

1    quite satisfied that, you know, this need go no further.  I

2    just don't know that this is a decision I can make.  So

3    like I said, I will be moving forward with my closing memo

4    and we'll see how it plays out, but I will certainly keep

5    Mr. Rosen apprised.

6              MR. MALHOTRA:  I do appreciate that, sir.

7    Thank you so much.

8              MR. STEHOUWER:  Okay.  Usually I like to do

9    these things in person.  However, we're not allowed to meet

10   anybody due to COVID-19 and so we're all working from home,

11   so everything's recorded by phone.  It would have been nice

12   to do a Zoom video, but they haven't authorized us to

13   record our Zoom videos because they're stored up in the

14   cloud and they want control of them.

15             MR. MALHOTRA:  Right.

16             MR. ROSEN:  Right.

17             MR. MALHOTRA:  Well, when circumstances

18   permit and you don't mind, I'll come by and say hello to

19   you, because we've met now and you know me intimately,

20   so...

21             MR. STEHOUWER:  You know what, your

22   references were phenomenal.

23             MR. MALHOTRA:  Thank you.

24             MR. STEHOUWER:  You haven't hidden from what

25   you've done.  You've been straight from the beginning of

1    your application.  And also Mr. Rosen carries a lot of

2    credibility, so that speaks well for you also.  So as I

3    said, I will complete my closing memo and we will see if

4    that is accepted.  I can't make any promises, but I believe

5    I can strongly argue that this need go no further.  But

6    like I say, I just can't make any promises.

7                    MR. ROSEN:  Can I just add something with

8    respect to the test, you know?  I mean obviously he's

9    expressed his remorse, but you said it was a one-off and

10   obviously it was.  But the way I look at it as a criminal

11   lawyer, it's more of a situational thing.  And the thing

12   that struck me was that it was outside his conduct as a

13   lawyer per se.  As he says in his letter, he was a victim

14   of his own success, but, you know, at the point of time

15   that this happened he's trying to (indiscernible)

16   everything right.  And that's the problem.  And so it was

17   situational as opposed to just random on a one-off.  And I

18   doubt that he'll ever be in that position again.  And

19   otherwise he's, you know, been completely honest and

20   forthright in his practice and certainly in your

21   investigation and certainly since it happened.  That's how

22   I see it.  But leave entirely (indiscernible).

23                    MR. STEHOUWER:  No, and I would agree.

24   There was no -- what do you call it?  There was no...

25                    MR. ROSEN:  It wasn't greed and he wasn't

1     trying to hide something in terms of his practice from a

2     client or --

3                    MR. STEHOUWER:  No.

4                    MR. MALHOTRA:  -- you know, or taking money

5     wrongly or, you know, anything like that.

6                    MR. STEHOUWER:  No.  It was in response to

7     an inquiry.

8                    MR. ROSEN:  Exactly.

9                    MR. STEHOUWER:  And as you said, you're

10    trapped in your own success, and at that point it seemed a

11    quick and easy way to resolve that question.  However, it

12    was an untruth.  But it is not something that you did in

13    the course of your practice as a lawyer down there, and it

14    was -- you know, it's just it's unfortunate and I don't see

15    it as being something that defines you.  However, as I

16    said, the fact remains there was a conviction for a false

17    statement.

18                    MR. MALHOTRA:  Sir, I think Mr. Rosen hit

19    the nail on the head in terms of this not being directly a

20    client matter.  Obviously it goes to my integrity and my

21    character, and I don't know what the referee letters say.

22    I know that these gentlemen appeared for me at the State

23    Bar hearing, they appeared for me at my sentencing, and

24    they've been great friends and advocates of mine.  But I

25    think that hopefully has described generally the type of

                                                                Page 17

1    person, lawyer I am, notwithstanding this very bad

2    transgression in terms of the false statement.

3                MR. STEHOUWER:  That's exactly how I see it.

4    Like I say, and that's why I want to submit my closing

5    memo.  However, I just don't know if because of the plea

6    that it's something I can close.  I may be overruled on

7    that.

8                MR. ROSEN:  We understand.

9                MR. STEHOUWER:  So my intention is to close.

10   However, like I say, I can't promise anything.  I'm an

11   information gatherer.  You know, they call us

12   investigators, but all I am, I am an information gatherer

13   and I submit a report of all the information.  So, you

14   know, we'll see how they respond to my report.  But my

15   intention is is to make it clear that this was a one-off

16   and that you have been forthright and completely

17   transparent in all your dealings with the Law Society and

18   we'll see how it plays out.

19               MR. MALHOTRA:  Yes, sir, I appreciate it.

20   Thank you so much.

21               MR. STEHOUWER:  All right?

22               MR. ROSEN:  All right.  Well...

23               MR. STEHOUWER:  Anybody have anything else

24   to add before I end the recording?

25               MR. ROSEN:  Well, not really.  I mean, Mr.

Page 18

1     Malhotra didn't speak to it, but really, from what I've

2     been able...  And imagine the shame that he felt when this

3     happened among his colleagues and the impact that it had on

4     his family.

5                    MR. STEHOUWER:  Sure.

6                    MR. MALHOTRA:  And how embarrassed he is to

7     them.  And he's tried to do things -- correct all of that

8     as best he can.  It's not just a matter of applying for a

9     licence.  He had to re-establish himself, make a living for

10    his family and keep the family unit together.  The kids are

11    okay, they're in school and they're settled in and trying

12    to get on with things and recognize that what he did was

13    wrong and (indiscernible).  So I don't know what else we

14    can add, but in terms of remorse, I've never seen anybody

15    this remorseful.

16                    MR. STEHOUWER:  Yeah.  And like I say, when

17    your colleagues speak of you in that way knowing what has

18    happened, that says a lot and that holds a lot of weight,

19    certainly for me.  And even if this does go to a panel, I

20    can't see there being anything holding you.  See, the good

21    character investigation is not to hurt people over any

22    issue that has plagued them in the past, the point being to

23    assess the person who you are now and does that one action

24    define you as a person.  And we've established that it does

25    not.

Page 19

1              So again like I say, I hope it closes, but I

2      can't make any promises, just so you're clear on that.  And

3      for the rest, that's about it.

4              MR. ROSEN:  Sounds good.

5              MR. STEHOUWER:  So thank you very for your

6      time, both of you.

7              MR. MALHOTRA:  Thank you, sir.  Pleasure.

8              MR. ROSEN:  Thank you for taking the call

9      and doing it this way and as I said, if you need anything

10     else just let us know.

11             MR. STEHOUWER:  Will do.  Okay.  It's 11:27

12     and we'll end this now.  Thank you.

13             MR. ROSEN:  Thank you.

14             MR. STEHOUWER:  Bye-bye.

15     --- Whereupon recording concluded at unspecified time.

16

17

18

19

20     I HEREBY CERTIFY THE FOREGOING to be a true and accurate

21     transcription of a digital audio recording, to the best of

22     my skill and ability.

*A Snide*

23     _____

24                     Angela Snide, Transcriptionist

## A

**a.m** 3:1,4
**ability** 2:18 12:9 13:2 19:22
**able** 3:17 18:2
**absolutely** 13:12
**accept** 11:21
**acceptance** 12:8
**accepted** 13:18 15:4
**accurate** 2:15 19:20
**action** 18:23
**actuality** 12:23
**add** 5:12 15:7 17:24 18:14
**adjustment** 3:23
**admitted** 11:18
**advise** 13:20
**advised** 2:12
**advocates** 16:24
**afternoon** 5:25
**agent** 5:4,8
**agents** 4:18
**aggravation** 7:24
**agree** 15:23
**agreement** 13:3
**air** 5:8
**akin** 6:9
**allegation** 9:17
**allowed** 14:9
**Angela** 19:24
**answer** 10:22
**anybody** 14:10 17:23 18:14
**anyways** 11:2
**appeals** 3:21
**APPEARANCES** 1:15
**appeared** 16:22,23
**appears** 8:2
**applicant** 3:8
**application** 15:1
**applying** 18:8
**appreciate** 4:5 8:23 14:6 17:19
**apprised** 14:5
**area** 4:10
**argue** 15:5
**argument** 9:24
**arisen** 12:12
**Armstrong** 7:17 12:4
**arrangement** 4:14
**articulation** 12:15
**assault** 9:17
**assess** 18:23
**assessment** 11:9
**associates** 7:11

**assurances** 12:17
**attendance** 2:17
**attended** 9:21,23
**audio** 2:13 19:21
**AUDIO/VIDEO** 2:10
**August** 5:2,25 11:11,13
**Austin** 9:7
**authorized** 14:12
**automatically** 5:14
**aware** 3:10,10 7:16

## B

**back** 5:7 6:3 7:22 8:12 11:3
**bad** 17:1
**bar** 5:22 6:3,6 7:5 8:11 16:23
**basically** 7:17,22,23 12:25 13:15
**bear** 5:21
**beginning** 14:25
**believe** 5:7 10:20 15:4
**best** 2:18 7:12 11:25 18:8 19:21
**bit** 6:15
**blow** 8:8
**board** 3:21
**booted** 8:13
**bring** 3:22
**brought** 5:7
**building** 4:13
**business** 4:17
**buy** 4:12
**Bye-bye** 19:14

## C

**call** 15:24 17:11 19:8
**can't** 15:4,6 17:10 18:20 19:2
**Canada** 5:8 12:6
**capacity** 12:16
**career** 11:23
**carries** 15:1
**case** 6:4 12:5,6
**caught** 12:19 13:1
**centre** 5:6
**certainly** 14:4 15:20,21 18:19
**certification** 2:18
**certified** 2:15
**CERTIFY** 19:20
**character** 7:8,13 16:21 18:21
**charged** 3:18 7:23 9:21
**check** 9:16
**circumstances** 4:4

14:17
**citizenship** 13:2
**Class** 10:19
**clear** 17:15 19:2
**client** 16:2,20
**close** 13:25 17:6,9
**closes** 19:1
**closing** 13:17 14:3 15:3 17:4
**cloud** 14:14
**cognizant** 5:16
**cold** 9:2
**colleagues** 18:3,17
**come** 5:24 8:20 14:18
**comes** 9:8
**commencing** 3:1
**common** 13:8
**company** 3:8
**complete** 15:3
**completed** 8:12
**completely** 15:19 17:16
**completion** 10:23
**concepts** 12:10
**concerns** 7:7
**concluded** 11:4 19:15
**conditions** 7:15 13:3
**condone** 8:7
**conduct** 7:18,20 9:11 12:10,12,14,18 15:12
**conducting** 3:6
**consent** 3:13
**consequences** 12:13,19
**considered** 13:22
**constitute** 12:19
**consulted** 4:16
**CONTENTS** 2:1
**continuing** 6:7
**continuum** 12:11
**control** 14:14
**convey** 5:18
**conviction** 10:5,13,17 10:22 16:16
**correct** 9:19 18:7
**correction** 12:17
**counsel** 1:16,21 3:8 5:9
**count** 5:3,3
**counts** 5:1
**course** 10:8 16:13
**court** 2:15 5:10 6:5
**cover** 6:14
**COVID-19** 14:10
**credibility** 15:2
**crime** 10:21
**criminal** 9:12,16 15:10
**crux** 6:21

## D

**darn** 9:9
**date** 11:12
**day** 5:13
**dealing** 7:17
**dealings** 17:17
**dealt** 8:10
**December** 9:18
**decide** 4:2
**decided** 4:11
**decision** 3:21 14:2
**define** 18:24
**defined** 12:7
**defines** 11:19 16:15
**denying** 8:1
**described** 16:25
**detail** 3:24
**detention** 5:6
**didn't** 18:1
**difficulties** 12:12
**difficulty** 8:6
**digital** 2:13 19:21
**directly** 16:19
**disbarment** 5:23
**disbarred** 5:14
**disciplinary** 3:21 12:20
**DISCLAIMER** 2:10
**discuss** 9:15
**discussion** 8:2
**displayed** 13:9
**diversion** 10:2,4,15,17 10:24
**docket** 6:1
**documents** 3:16
**doesn't** 8:7
**doing** 11:21,22 19:9
**domestic** 10:11
**don't** 3:24 7:16 11:11 11:16 13:14,19 14:2 14:18 16:14,21 17:5 18:13
**doubt** 15:18
**due** 13:20 14:10
**duration** 7:18,20,21

## E

**early** 6:8
**easy** 16:11
**efforts** 7:19 11:16
**eight** 5:24
**EI** 4:12 5:6
**embarrassed** 18:6
**empathize** 12:9
**encompasses** 12:11
**ended** 6:12 8:4

**entered** 4:7
**entirely** 15:22
**entry** 6:1
**equivalent** 10:2
**error** 11:18,18
**established** 9:12 18:24
**events** 3:18
**everything's** 14:11
**exact** 11:12
**exactly** 16:8 17:3
**Excellent** 3:14
**explained** 6:20
**expressed** 15:9

## F

**fact** 7:3 13:20 16:16
**factor** 11:16
**factors** 7:17 12:4
**false** 4:21 6:21 8:7 11:18 12:25 13:11,21 16:16 17:2
**family** 9:18 18:4,10,10
**favour** 7:6
**federal** 5:10 6:1
**fee** 4:13 6:24
**felt** 18:2
**FILE** 1:1
**filed** 5:19
**final** 12:4
**find** 5:24
**fine** 4:25 6:23 11:8
**firm** 4:10,15
**five** 5:11 6:11 7:4
**five-** 3:17
**five-year** 11:8
**flowed** 12:20
**FOREGOING** 19:20
**forgive** 4:23
**forth** 4:6
**forthright** 15:20 17:16
**forward** 14:3
**found** 6:7
**Friday** 5:25
**friends** 16:24
**further** 9:13 13:19 14:1 15:5

## G

**gatherer** 17:11,12
**generally** 16:25
**gentlemen** 16:22
**give** 3:15,17,23
**given** 3:19
**go** 3:24 6:3 10:8 13:14 13:19 14:1 15:5 18:19
**goes** 9:9 10:5 16:20

(416) 865-9339
stenographers.com
Atchison & Denman Court Reporting
155 University Avenue
(800) 259-9059
Toronto, ON Canada

going 8:4 12:22 13:15
  13:25
good 6:17 7:7,12 10:25
  10:25 12:3 18:20 19:4
gotten 9:24
graduated 4:8
granted 5:20
granting 6:1
great 16:24
greed 15:25
grew 8:22
guess 3:19
guilty 6:19,20 7:23
  11:22 13:21

**H**
Hamalingua 12:7
happened 3:25 4:2 8:2
  15:15,21 18:3,18
haven't 9:4 14:12,24
he'll 15:18
he's 15:8,15,19 18:7
head 8:8 16:19
hear 3:24
hearing 5:22 13:22
  16:23
HELD 1:10,11
hello 14:18
Herrera 4:10,11 8:4
hidden 14:24
hide 16:1
high 12:1
highest 12:15
hit 16:18
hold 11:25
holding 8:12 18:20
holds 18:18
home 8:22 14:10
honest 9:24 11:24
  15:19
hope 11:20 13:18 19:1
hopefully 16:25
hot 9:9
Houston 4:8
human 11:23
hurt 18:21
husband 9:7

**I**
I'll 14:18
I'm 4:3 6:14 7:15 8:7,8
  8:21 9:1 10:2 13:10
  13:14,24,25,25 17:10
I've 7:12 9:5,12 11:23
  18:1,14
ICE 5:5

identical 12:10
identification 2:17
imagine 18:2
immigration 4:16 5:6,8
impact 12:9 18:3
impacted 2:14 12:24
important 5:18 12:1
imposed 5:11
INDEX 2:2
indicates 7:2 12:16
indicted 4:22
indictment 5:3
indiscernible 9:3 10:20
  15:15,22 18:13
information 17:11,12
  17:13
initially 5:2,11
inquiry 16:7
insight 12:13
integrity 16:20
intend 13:10
intention 17:9,15
interesting 5:21 6:3
interview 1:9 2:2,4 3:3
  3:7,9,11 4:19
Interviewee 1:19 2:3
  3:2
intimately 14:19
investigation 1:16 6:22
  7:7,13 9:22 13:9,17
  15:21 18:21
investigations 7:16
investigator 3:5 7:14
investigators 17:12
issue 4:17 8:10 11:19
  12:4,4 18:22
issues 4:1 6:4 8:9 9:13
  9:14 10:11 11:15
it's 5:18,20 6:2,22 9:2,5
  9:9 10:3,5,7,16 11:21
  12:1,22 15:11 16:14
  16:14 17:6 18:8 19:11

**J**
jail 5:13
January 5:22
job 4:10
John 1:21 3:8
judge 5:15,15,25 6:1
  7:3
June 1:10 3:4
jurisdiction 6:5,7

**K**
keep 14:4 18:10
kids 18:10

kind 7:1 10:6
know 5:12,15 6:16 7:1
  7:6,16 8:5 9:1,6,22
  10:10 13:10,13,14,17
  14:1,2,19,21 15:8,14
  15:19 16:4,5,14,21,22
  17:5,11,14 18:13
  19:10
knowing 18:17

**L**
law 1:3,17 3:6 4:7,10,14
  7:15 8:20 12:5,6
  17:17
lawyer 3:7 4:16,17
  11:23 12:1,16 15:11
  15:13 16:13 17:1
lawyer's 12:9
leave 15:22
led 3:18
letter 15:13
letters 7:12 13:6 16:21
level 12:12,15,18
licence 18:9
licensee 3:7
licensing 3:21
lieu 5:23
likelihood 12:17
line 3:22
little 6:15 8:25
living 18:9
look 15:10
looked 7:2 8:6
looking 4:3 7:15
lot 7:24 15:1 18:18,18
loving 9:1
lowest 10:21 12:18
lying 5:3

**M**
majority 4:15,20
making 6:20 8:7 11:18
  12:24 13:21
Malhotra 1:5,9,19,21
  2:3 3:2,7,12,16 4:5
  5:1 6:14,18,25 7:25
  8:14,17,21,25 9:4,10
  9:19,23 10:16,19 11:6
  11:10,20 13:4,12 14:6
  14:15,17,23 16:4,18
  17:19 18:1,6 19:7
March 5:4,4 6:12 11:4
  11:13
matter 1:5 6:8 7:2
  13:25 16:20 18:8
mean 11:17,17,20 12:1

15:8 17:25
meet 14:9
members 4:14
memo 13:17 14:3 15:3
  17:5
met 14:19
Midland-Odessa 4:9
mind 14:18
mine 16:24
minor 10:11
minority 4:16,20
misconduct 7:18
misdemeanor 10:20
misstated 4:23
money 16:4
months 5:24
morning 10:1
motion 5:19,20 6:1
moved 4:9 5:10 9:7
moving 14:3

**N**
NAFTA 13:3
nail 16:19
name 3:5
named 12:7
nature 6:6
need 3:24 8:9 14:1 15:5
  19:9
needed 13:19
never 8:15 10:5 18:14
new 3:20
nice 14:11
niece 9:7
note 2:17
notwithstanding 17:1

**O**
obviously 5:24 6:4 15:8
  15:10 16:20
occurred 7:22
October 3:21 4:22
offered 4:12
office 4:19 11:25
officials 5:5
okay 10:18,25 11:14
  14:8 18:11 19:11
one-off 13:7 15:9,17
  17:15
one's 12:12,13
Ontario 1:3,17 3:6 8:20
opportunity 3:15 4:6
opposed 15:17
outside 15:12
overruled 17:6

**P**
panel 13:23 18:19
PAR 10:8
partially 5:17
parts 9:5
Paso 4:12 5:6
passage 7:18
people 10:7 18:21
permit 14:18
person 4:2 11:19 12:23
  14:9 17:1 18:23,24
personal 4:6
Peter 1:16 3:5
phenomenal 14:22
phon 12:7
phone 14:11
picked 5:5
plagued 18:22
plan 13:16
played 6:22
plays 7:6 14:4 17:18
plea 3:19 13:21 17:5
pleading 6:19
please 2:12,17
Pleasure 19:7
pled 5:2 6:20 7:23
  11:11,22
point 13:24 15:14 16:10
  18:22
police 9:21,23,25
position 15:18
practice 4:12 8:5,20
  15:20 16:1,13
practicing 8:12
pre 11:2
pre-trial 10:1,4,23
presiding 7:2
previous 9:17
probably 7:11 10:20
probation 3:20,23 5:17
  6:23 7:4 8:11
problem 15:16
process 12:21
promise 17:10
promises 15:4,6 19:2
provides 12:17
public 11:25
PURPOSE 1:9
purposes 3:9

**Q**
quality 2:13,14
question 10:22 11:1
  16:11
quick 3:23 16:11

(416) 865-9339
stenographers.com
Atchison & Denman Court Reporting
155 University Avenue
(800) 259-9059
Toronto, ON Canada

quickly 4:3
quite 14:1
quote 10:23

**R**
Rahul 1:5,9,19 2:3 3:2
   3:7
rambled 6:15
rambling 6:17
random 15:17
re-establish 18:9
reaction 13:1
read 12:21
really 11:16,25 12:23
   12:24,25 13:10,13,18
   17:25 18:1
reason 5:17 6:2
received 5:12 7:10,12
receiving 6:22 7:9
recognize 18:12
reconsider 5:10
reconsideration 5:19
record 9:12,16 10:5
   14:13
recorded 3:11 14:11
recording 2:13,14
   17:24 19:15,21
recurrence 12:18
reduced 6:10 7:4,6
reduction 6:2,8
referee 16:21
referees 13:7
reference 7:12
references 7:10 14:22
reformation 6:10
regard 4:17 12:1
regarding 11:15
regards 12:5
register 10:13
regret 12:11,19
rehabilitate 11:17
rehabilitative 7:19
   11:15
reinstated 7:5
related 12:10
released 10:1
relocate 4:12
remains 16:16
remember 11:12
remorse 7:19 12:5,6,11
   12:16 15:9 18:14
remorseful 18:15
reopen 6:4
report 9:17 17:13,14
reporter 2:15
reporting 11:2

required 13:22
resolve 16:11
resolved 10:11,14,16
resolves 11:1
respect 7:7,15 9:11
   13:9,17 15:8
respond 17:14
response 3:15 16:6
responses 7:9
responsibility 11:21
   12:8
rest 19:3
result 9:16 10:22
right 6:13 8:18 10:9
   13:14 14:15,16 15:16
   17:21,22
Rosen 1:21 3:9,13 6:20
   8:2 9:2 10:3,9 13:16
   13:20 14:5,16 15:1,7
   15:25 16:8,18 17:8,22
   17:25 19:4,8,13

**S**
satisfied 14:1
satisfy 8:9
says 15:13 18:18
Scarborough 8:22
school 4:7 18:11
se 15:13
search 9:13
see 13:5,19 14:4 15:3
   15:22 16:14 17:3,14
   17:18 18:20,20
seen 18:14
self- 12:16
sentence 5:10 6:2,8,10
sentenced 5:4
sentencing 11:11,12
   16:23
serve 11:24
served 5:13 8:11
Services 5:8
set 4:6
settled 18:11
shame 18:2
shareholder 4:15,20
sharing 4:14
short 7:21
shortly 4:9
shows 13:7
simply 13:16,25
sir 3:12 4:5 5:7 6:18,25
   7:25 8:14,21 9:19,23
   10:17 11:6,10,13,20
   13:4,12 14:6 16:18
   17:19 19:7

situational 15:11,17
six 9:8
skill 2:18 19:22
smoke 8:8
Snide 19:24
Society 1:3,17 3:6 7:15
   12:6 17:17
somebody 12:7
somewhat 5:20 6:2
sorry 6:15
Sounds 19:4
source 12:13
spared 7:24
speak 18:1,17
speaker 2:16
speaks 15:2
special 11:8 13:3
State 5:14 6:3,6 10:21
   16:22
stated 10:21
statement 4:6,21 6:21
   8:7 11:19 12:25 13:21
   16:17 17:2
statements 13:11
States 4:7
station 9:25
status 3:20
statute 4:24
stay 10:4
Stehouwer 1:16 2:4 3:3
   3:4,5,14 4:25 6:13,16
   6:19 7:1 8:1,15,19,23
   9:6,11,20 10:7,10,18
   10:25 11:7,14 12:3
   13:5,13 14:8,21,24
   15:23 16:3,6,9 17:3,9
   17:21,23 18:5,16 19:5
   19:11,14
stored 14:13
story 5:21
straight 14:25
straightforward 11:24
strongly 15:5
struck 15:12
subject 12:20
submit 13:16 17:4,13
subsequent 3:19 7:9,22
subsequently 4:22 7:3
substance 4:21
success 8:3 15:14 16:10
successful 10:23
summer 9:8
sure 8:23,23 10:2 13:24
   18:5
suspension 3:22 5:23
   6:11,12 8:11

synopsis 3:18,23

**T**
TABLE 2:1
taken 4:10 5:5
Telephone 1:11
tell 4:3 13:15
term 6:22 11:8
termination 6:9
terminology 2:16
terms 16:1,19 17:2
   18:14
test 15:8
Texas 3:20 4:9 5:6,9,14
   6:6 7:5,11 8:11 9:3,5
   9:7 10:21
thank 6:18 14:7,23
   17:20 19:5,7,8,12,13
that's 4:24,25 8:17 10:9
   10:14,25 11:1,3,7
   12:2,2 15:16,21 17:3
   17:4 19:3
then- 7:10
there's 9:13,16 10:10
   11:17 12:5,6,22
thereto 6:9
they're 14:13 18:11,11
they've 16:24
thing 5:24 8:12 9:15
   15:11,11
things 6:5 10:5 14:9
   18:7,12
think 4:11,22,24 5:11
   5:15,16 6:23 7:21
   8:17 11:4,16,21,23
   13:6,7,8 16:18,25
thought 5:17 9:2
thread 13:8
three 7:10,11
three-minute 3:17
time 5:13,13 7:14,18,21
   9:12 11:14 13:24
   15:14 19:6,15
today 4:2,4
told 4:19 13:16
totality 11:22
tough 9:1
transcript 2:14
transcription 2:10,12
   19:21
Transcriptionist 19:24
transgression 17:2
transparent 17:17
trapped 16:10
trial 11:4
tried 11:24 18:7

trouble 10:4
true 8:17 19:20
truth 9:24
truthful 4:1
try 13:25
trying 8:8,19 15:15
   16:1 18:11
two 5:1 6:11 7:4
two-minute 3:17
two-year 3:20
type 16:25

**U**
ultimately 4:19 5:2,20
   5:22 6:6
understand 8:5 10:12
   17:8
understanding 3:25
undone 8:16
unfortunate 16:14
unit 18:10
United 4:7
University 4:8
unquote 10:23
unspecified 19:15
untruth 16:12
Upper 12:6
USC 4:23
Usually 14:8

**V**
v 12:6
verify 2:16
victim 8:3 15:13
video 14:12
videos 14:13
violence 9:18

**W**
want 3:14 14:14 17:4
warm 9:5
wasn't 15:25,25
way 7:2 10:11,14,16
   11:3 15:10 16:11
   18:17 19:9
we'll 14:4 17:14,18
   19:12
we're 14:9,10
we've 4:6 14:19 18:24
weeks 9:8
weight 18:18
west 4:9
wife 9:25
winters 8:25
wonderful 5:23
work 13:2

**working** 14:10
**written** 13:6
**wrong** 18:13
**wrongly** 16:5

**X**

**Y**

**yeah** 9:6,10 10:7,12
  12:3 18:16
**years** 4:18 5:11 6:11,11
  7:4,4
**you'll** 5:21
**you're** 3:10 7:16 8:1,17
  8:19 11:2 16:9 19:2
**you've** 8:13 11:18 13:6
  14:25,25

**Z**

**Zoom** 14:12,13

**0**

**1**

**100** 6:23 11:9
**1001** 4:23
**11** 1:10
**11:01** 3:1,4
**11:27** 19:11
**11th** 3:5,22
**12th** 9:18
**14th** 4:22
**16** 11:13
**18** 4:23
**1993** 4:7
**1999** 9:18

**2**

**2000** 4:11
**2014** 4:22 7:22
**2016** 5:2 11:11,13
**2017** 5:4 11:5
**2019** 6:12
**2019-230653** 1:1
**2020** 1:10 3:5
**23rd** 5:4,22 6:12 11:5
**26th** 5:22

**3**

**3** 2:3,4
**30-day** 10:3
**30th** 5:4

**4**

**5**

**6**

**6th** 5:7

**7**

**7500** 6:23 11:8

**8**

**9**

**96** 4:8
**99** 4:11

THE LAW OFFICE OF

LAYTON ZANT WOODUL

1205 BROADWAY
LUBBOCK, TX 79401
806.771.1775 T
806.763.5804 F
ZANT@ZANTLAW.COM

October 10, 2019

Mr. Peter Stehouwer
pstehouw@lso.ca

*Re:    File No. 2019-230653 Rahul Malhotra*

Dear Mr. Stehouwer:

I address this letter to you for the purpose of providing a character reference for Mr. Rahul Malhotra.  It is my understanding that he is seeking licensure in Ontario.

Let me begin by introducing myself to you.  I am an attorney in Lubbock, Texas who has been engaged in the private practice of law since 1973.  I presently have a solo practice that involves primarily mediation; but, I also expend 15% to 20% of my time in the area of insurance defense and representation of private individuals.

I have a bachelor's degree from Texas Tech University and a law degree from the University of Texas where I graduated in 1973.  Upon my graduation, I was employed as an assistant criminal district attorney in Lubbock, Texas under Alton Griffin who was the then serving Criminal District Attorney.  In 1977, I left my position as 1st Assistant at the District Attorney's office and joined the firm of Crenshaw, Dupree & Milam in their litigation section.  From 1977 until 2013, I was a partner with the firm concentrating on all forms of litigation.  While a senior lawyer with the firm, I served as chairman of the executive committee for several years.  When I reached the required retirement age, I decided that rather than discontinuing the practice of law I would continue my litigation practice on a solo basis but with a primary emphasis on mediation.  To date I have mediated cases throughout the West Texas area completing 1,703 mediations since I began keeping records.  My practice relies primarily on favorable references from attorneys for whom I have mediated. It has been primarily through my mediation practice that I have come to know and appreciate Mr. Malhotra.

During my 46 years career as an attorney, I have been very active in state and local bar activities serving on the board of directors and as president of the Lubbock County Bar and also president and board of directors of the Lubbock County Junior Bar. I have also served on State Bar committees over the years.  I have also served on the board of directors of numerous civic boards including Lubbock Heritage Society, Camp Fire Girls, Rape Crisis, West Texas Legal Services and numerous others.  To my knowledge, I have never had a grievance filed against me in my capacity as an attorney.  I have never been charged with nor convicted of a misdemeanor or felony offense other than Class C traffic violations.

October 7, 2019
Page 2

As indicated previously, my acquaintance with Mr. Malhotra began several years ago when I first served as a mediator in a case in which he was representing numerous clients. I have always found Mr. Malhotra to be extremely well prepared to represent his clients at mediations and I have also found that he many times will reduce or forfeit his fee to insure that his clients achieve their objectives. As a mediator, I have never experienced Mr. Malhotra conducting himself in any manner other than very professional. Without a doubt, Mr. Malhotra has always demonstrated a willingness to take unpopular and difficult legal positions if he feels that it is supported by law and will best serve his clients. Although my primary contact with Mr. Malhotra has been on a professional basis, I have had limited social involvement with him and I have observed that he is a dedicated husband and father.

I learned of Mr. Malhotra's immigration problems in Federal Court through various sources and I approached Mr. Malhotra and advised him that if needed I would be willing to give sworn testimony or a reference letter. I hope this fact conveys to you the high opinion which I have for Mr. Malhotra. I attended the sentencing hearing in Federal Court in San Antonio, at my own expense; I also attended and testified at Mr. Malhotra's hearing before the State Bar of Texas Grievance Committee in Austin, Texas.

There is no question in my mind that if you deem it proper to give Mr. Malhotra his license, he will be an exemplary lawyer. When I last discussed the federal immigration charges against Mr. Malhotra with him, he had what I consider to be an excellent attitude realizing that he had made a serious mistake and was more than willing to admit his mistake and reform his conduct.

It is my belief that Mr. Malhotra has performed invaluable services to the many clients he has served over the years. I have little question that he will continue to conduct himself in an exemplary manner.

I hope that I have addressed issues that will be of service to you concerning Mr. Malhotra's licensing.

Your consideration of this information is sincerely appreciated.

Yours very truly,

LAW OFFICES OF
LAYTON ZANT WOODUL

Layton Z. Woodul, Sr.

LZW:jc

# FRANK E. MURCHISON, P.C.

ATTORNEY AT LAW
P.O. Box 700
Taos, NM 87571
575.751.3156
Fax 575.751.3157
Cell 806.789.1500

Beard Certified
Civil Trial Law & Personal Injury Trial Law
Texas Board of Legal Specialization
*** Licensed in Texas & New Mexico ***

Reply To:
Taos, NM Office
dirk@murchisonlaw.org

December 16, 2019

Mr. Peter Stehouwer
pstehouw@lso.ca

RE:   Rahul Malhotra
      File No.: 2019-230653

Dear Mr. Stehouwer:

I am pleased to write this letter of reference for Rahul Malhotra.

I have been practicing law in Texas and New Mexico for 45 years. Attached is my professional resume' which will give you information regarding my professional background.

I have known Rahul Malhotra as a trial lawyer for over 18 years, during which time I have acted as a mediator in numerous cases in which Mr. Malhotra was in the role of Plaintiff's counsel in serious personal injury cases.

I am very well aware of the criminal charges that were made against Mr. Malhotra, as well as the findings made by the Court relative to those charges; notwithstanding which, I wholeheartedly recommend him for licensure in Ontario.

As I stated in sworn testimony before a State Bar of Texas panel in January 2018, I believe that Rahul Malhotra is an extremely ethical lawyer who vigorously represents mostly minority under-served Plaintiffs. As a trial lawyer and certainly as a mediator, I have had an opportunity to assess many litigators not only regarding their expertise and advocacy but also professional conduct. Without question Rahul Malhotra is in the top tier of those lawyers both as to expertise and ethics.

I shall be glad to provide you with any additional information which you desire. I may be reached most conveniently on my Cell: 806.789.1500.

Very truly yours,

Frank E. (Dirk) Murchison

/gr

# HANNA

## PERSONAL INJURY LAW

Reply to:  302 Chestnut, Abilene, Texas 79602, T: (325) 673-6952 F: (325) 673-4496

January 20, 2020

**VIA EMAIL**

Mr. Peter Stehouwer
Investigator
The Law Society of Ontario
Investigation Services
393 University Avenue, Suite 1100
Toronto, Ontario M5G 1E6
Canada
Email: pstehouw@lsuc.on.ca

      RE:    Rahul Malhotra

Dear Mr. Stehouwer:

I write this character letter in support of the application for licensing to the Law Society of Ontario of Rahul Malhotra.

I am a member in good standing of the State Bar of Texas since 1982 and have been in active practice as a civil litigator since that date. In March 1990, I was also licensed to practice law in Colorado. I have recently applied for admission to the Bar of New Mexico and am awaiting approval.

My practice is primarily focused on personal injury litigation. I have been honored by the Martindale Hubbell with an "AV" peer rating, which is meant to reflect that I practice to the highest quality of legal work and ethical standards.

I first met Rahul Malhotra in 2000 when we appeared as counsel in a case arising out of an oil field explosion that resulted in multiple deaths and injuries. We represented separate claimants. From that time forward, I often worked with Rahul on complex personal injury cases involving multiple parties.

During our 16-year association, Rahul and I became personal friends. Our socialization included our families, which we came to know well.

Following Rahul's conviction for an immigration offense in Texas and his subsequent deportation to Canada, I assumed responsibility for his practice in Texas, which I merged with my practice and which continues to this day.

Page 2
January 20, 2020

As you may know, following Rahul's conviction in the U.S. Federal Court, the State Bar of Texas brought an application to revoke his license to practice law in the state. I supported and helped represent Rahul in those proceedings. In the result, the State Bar of Texas decided not to disbar Rahul, but rather to suspend his license. That suspension was terminated in March 2019. Since then, Rahul has been, and continues to be a member in good standing of the State Bar of Texas. Unfortunately, he is prohibited by U.S. Immigration law from returning to the U.S. to continue his practice.

Since Rahul's return to Canada in May 2017, he and I have remained in close contact. I have been kept fully apprised of his efforts to re-qualify and be licensed to practice law in Ontario. To assist him financially in the interim, I initially employed Rahul as a paralegal in my practice to assist me remotely in my cases. Since the termination of his suspension by the State Bar of Texas, Rahul has continued to assist me, again remotely, in my practice in his capacity as a licensed lawyer in Texas. In the result, Rahul has been actively engaged in the practice of law in Texas while waiting to be licensed in Ontario.

Based on my lengthy association with Rahul, I can attest to his honesty, integrity and reliability as a person and as a professional. Notwithstanding the legal challenges that led to his deportation from the US, Rahul continues to enjoy the support and admiration of many of his former colleagues in Texas and other jurisdictions where he previously appeared. All who know him consider him to be a person of impeccable character who simply made a mistake, which he sincerely regrets, and which was contrary to his inherent good character.

Rahul has devoted his adult life to the practice of law, which he views as his calling. He acknowledges his error and concurrent breach of the law and has been doing everything possible to demonstrate his remorse and rehabilitation. Notwithstanding his significant personal and professional setbacks, and the enormous difficulties and stresses he and his family have suffered since he was deported, Rahul's devotion to the practice of law has not diminished. Now that he has almost qualified to practice in Ontario, I sincerely hope that the Law Society of Ontario will recognize the depth and sincerity of his efforts and his potential to serve the public in Canada. I am confident that, if given the chance, Rahul will prove himself to be the consummate professional there that he was in Texas.

I trust the above will assist in your review of Rahul's character and qualifications to practice law in Ontario. If you require more, please do not hesitate to contact me.

Yours truly,

JON HANNA



<table>
<tr><td>130 Queen Street West<br>Toronto, Ontario<br>M5H 2N6<br><br>https://www.lso.ca</td><td>Articling<br>Licensing & Accreditation<br>Tel   416-947-3315<br>Fax  416-947-3403<br>articling@lso.ca</td></tr>
</table>

October 14, 2020

Rahul Malhotra
1798 Paddock Crescent
Mississauga ON L5L 3E4
rahulma@me.com

Dear Mr. Malhotra:

**Re: Exemption of the Licensing Process Articling Requirement - Candidate #142559**

Thank you for your application for an exemption of the Law Society of Ontario's ("Law Society") articling requirement.

Based on your submissions, I understand all of the following:

- we received your NCA Certificate of Qualification on September 22, 2020;
- you were admitted to the State Bar of Texas on November 5, 1996;
- you worked as an attorney at The Herrera Law Firm between February 13, 1997 and December 31, 1999 in Odessa, Texas;
- you worked as an attorney at the Law Office of Israel Guardiola between January 3, 2000 and December 29, 2000 in Odessa, Texas;
- you worked as an attorney at Malhotra Law between January 2, 2001 and March 2017 in Odessa, Texas;
- you have been working as an attorney at the Hanna Law Firm since March 23, 2019 in Odessa, Texas;
- you completed the Barrister Examination; and
- you have not yet completed the Solicitor Examination.


Given the information above, you have been granted an exemption from the articling requirement.

If you have further questions regarding the above, please contact Rachel Tenn at 416-947-3315.

Yours truly,

Lisa Del Col
Counsel, Licensing and Accreditation
LDC/rt

Rahul Malhotra       Law Society of Ontario                Tribunal File No.: 20H-109

and

Applicant           Respondent

**LAW SOCIETY TRIBUNAL
HEARING DIVISION**

Proceeding commenced at Toronto

**DOCUMENT BOOK**

Jean-François Laberge
Discipline Counsel
Litigation Services
1100-393 University Avenue
Toronto, Ontario
M5G 1E6
Tel: 416-947-3977
jlaberge@lso.ca



# HANNA
## PERSONAL INJURY LAW

April 5, 2021

**VIA EMAIL SUPPORT CONTACT**

LogMeIn Communications
Attn:  Legal Department
Post Office Box 412252
Boston, MA  02241-2252

Re:   Telephone Service - Customer ID:  CN-563774-1312

To whom it may concern:

My name is Jon Hanna and I am the president and sole shareholder of Hanna Law Firm, P.C. Hanna Law Firm, P.C. was a customer of Jive Communication beginning on or about August 1, 2017. At that time, I took over the account of the Malhotra Law Firm (the original accountholder) concurrent with Rahul Malhotra's suspension of his law license by the State Bar of Texas and deportation from the United States. Since August of 2017, this account has been billed via email to Monique Levario (monique@hannalawfirm.com), a paralegal and office manager to the Hanna Law Firm, P.C. and paid by Hanna Law Firm, P.C.

On April 1, 2021, we, Hanna Law Firm, P.C., were blocked out of our phone system and apparently the number 432-580-4878 was transferred to a San Antonio law firm's call center. While I cannot be sure, at this point, I suspect this was done by, or with the help of, former employees of Hanna Law Firm, P.C., or others acting in concert with same.   I suspect my employees who had administrative access to this account were deleted and other individuals were installed as administrators in order to divert our phone account and calls.

Please be advised that I am requesting a complete review of how this occurred.   You are authorized to coordinate with Tolar Systems.    Tolar provides our IT support.  They will assist as necessary to conduct a forensic examination of these activities and to make sure it is not allowed to happen again.   Once this information has been identified and reviewed, we will forward it to appropriate law enforcement agencies and/or the Federal Communication Commission (FCC) for further action.

Please let me know if you have any questions.

Sincerely,

JON HANNA

EXHIBIT C

JH/md

302 Chestnut Street
Abilene, Texas 79602
325-673-6952
325-673-4496 – Fax

700 N. Grant Ave., Ste. 100
Odessa, Texas 79761
432-580-4878
432-337-7383 – Fax

117 East Wall Street
Midland, Texas 79701
432-580-4878
432-337-7383 – Fax



# INVOICE

| | |
|---|---|
| **Invoice Date** | 04/01/2021 |
| **Invoice #** | IN7100331737 |
| **PO #** | |
| **Customer ID** | CN-563774-1312 |
| **Terms** | AutoPay Scheduled |
| **Due Date** | 04/16/2021 |
| **Currency** | US Dollar |

**LogMeIn Communications, Inc**
PO BOX 412252
BOSTON, MA 02241-2252

**Bill To**

HANNA LAW FIRM, P.C.
302 CHESTNUT,
ABILENE TX 79602
UNITED STATES

| Billing Group | Description | Quantity | Rate | Amount |
|---|---|---|---|---|
| Primary | GoToConnect 04/01/2021 - 04/30/2021 | 10 | 26.66 | $266.60 |
| Primary | Standard Phone Numbers (DID) 04/01/2021 - 04/30/2021 | 5 | 4.99 | $24.95 |
| Primary | Included minutes in plan 03/01/2021 - 03/31/2021 | 1,913.1 | 0 | $0.00 |
| Primary | State and Local Regulatory Recovery Fee | 1 | 37.46 | $37.46 |
| Primary | Universal Service Fee (USF) | 1 | 12.66 | $12.66 |
| Primary | Regulatory Recovery Fee | 1 | 16.01 | $16.01 |

| **Total** | **$357.68** |
|---|---|

Your automatic payment is scheduled to be processed around the 10th of the month

View and Pay your invoices online: https://my.jive.com/billing
Billing Support: https://support.goto.com/jive/billing-user-guide

*With the recent rebrand of Jive, please note that Jive Communications, Inc. has been renamed LogMeIn Communications, Inc. Please review your payment system and if needed, update it to reflect these changes.

*Certain audio Services are provided by the applicable LogMeIn affiliate who sets the rates, terms, and conditions for audio services. LogMeIn USA, Inc. presents this invoice and collects on behalf of the applicable LogMeIn affiliate as its agent.

*Telecom fees (incl. USF and Regulatory Recovery Fees) are only applicable to Jive, GoToConnect, and OpenVoice Services. If you'd like to know more about how LogMeIn currently displays fees on your invoice, please visit here.

*Connect Bundle is comprised of GoToConnect and GoToMeeting Pro. GoToConnect is provided by LogMeIn Communications, Inc.

EXHIBIT D                    1 of 1

# EXHIBIT E

2 videos on flash drive
sent via Federal Express



14



+1 (972) 983-8180 ›

iMessage
Wed, Mar 24, 2:03 PM

Mr Patel, I am trying to confirm our appointment this afternoon. My notes say 3 pm but the calendar says 4pm. Either works for me. Let me know. Midland office

Hello, I was going to call the office to cancel the appointment as Arlette already got in touch with me and I am going to

EXHIBIT F

     iMessage    

      



14



+1 (972) 983-8180 ›

Hello, I was going to call the office to cancel the appointment as Arlette already got in touch with me and I am going to proceed with her since I have been dealing with her. Thank you so much.

That is certainly your prerogative but that will result in you being obligated to 2 separate fee contracts. I would like to sit down and visit with you as we had discussed and make

iMessage














14



+1 (972) 983-8180 ›

That is certainly your prerogative but that will result in you being obligated to 2 separate fee contracts. I would like to sit down and visit with you as we had discussed and make sure you fully understand the situation. I appreciate that you have spoken with Arlette but Arlette is not a lawyer. I am happy to speak with you in person or by phone at your convenience




iMessage













**+1 (972) 983-8180** ›

result in you being obligated to 2 separate fee contracts. I would like to sit down and visit with you as we had discussed and make sure you fully understand the situation. I appreciate that you have spoken with Arlette but Arlette is not a lawyer. I am happy to speak with you in person or by phone at your convenience

Read 3/24/21

Martina Garza

Juana M. Villa
Yasmine Lozan

Guadalupe Guerrero
Diana Galindo, Guardian of the minors
Elizabeth Estrada, minor
Yarisel Ramirez, minor
Aulani Castillo, minor

Jose Urias

Alejandro Melendez

Maria Isabel Soto

Parin Patel
Ayaan Patel

Elieis Cervantez

Rene Marrufo
Florentina Marrufo

Bertha Ramirez

EXHIBIT G