**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **JON HANNA AND HANNA LAW FIRM, P.C.,** | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:21-cv-00074-H** |
| | § | |
| **RAHUL MALHOTRA,** | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **RAHUL MALHOTRA** (hereinafter, "Defendant" or "Counter-Plaintiff"), Defendant and Counter-Plaintiff in the above-entitled and numbered cause, and files this his *Original Answer and Counterclaim* in response to and against Plaintiffs/Counter-Defendants, **JON HANNA and HANNA LAW FIRM, P.C.'S** (hereinafter, "Plaintiffs" or "Counter-Defendants") *Original Complaint for Declaratory Judgment, Temporary Restraining Order, and Injunctive Relief* (hereinafter, "Plaintiffs' Complaint") [Dkt. No. 1], and would respectfully show unto the Court the following:

## I.
## FAILURE TO STATE A CLAIM

Plaintiffs' Original Complaint for Declaratory Judgment, Temporary Restraining Order, and Injunctive Relief fails to state a claim upon which relief can be granted.

## II.
## SPECIFIC RESPONSES TO ALLEGATIONS

Defendant hereby responds to the specific allegations of Plaintiffs' Complaint as follows:

1. Defendant admits he resides in Canada and has a Texas law license, and admits he was deported to Canada. Except as admitted herein, Defendant denies the allegations in Paragraph 1 of Plaintiffs' Complaint.

2. Defendant admits he currently works remotely from Canada in association with another Texas law firm. Except as admitted herein, Defendant denies the allegations in Paragraph 2 of Plaintiffs' Complaint.

3. Defendant admits the allegations in Paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits the allegations in Paragraph 4 of Plaintiffs' Complaint.

5. Defendant admits the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Defendant admits the allegations in Paragraph 6 of Plaintiffs' Complaint.

7. Paragraph 7 contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant admits the allegations in Paragraph 7 of Plaintiffs' Complaint.

8. Paragraph 8 contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant admits the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. Defendant does not have information sufficient to enable him to admit or deny the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant admits the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits he needed a TN Visa when working as an attorney while he resided in the United States. Defendant states the rules and regulations regarding what a professional may or may not do in the United States under a TN Visa are a matter of public record

to which Defendant need not respond. Except as admitted herein, Defendant denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant admits he obtained a TN Visa and began working as a lawyer for Jesse Herrera at the Herrera Law Firm in Odessa in 1997, and incorporated the Malhotra Law Firm and purchased Herrera's practice and building in 2000. Except as admitted herein, Defendant denies the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. Paragraph 14 of Plaintiffs' Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant objects to responding to the allegations on Paragraph 14 of Plaintiff's Complaint on the grounds of relevance and/or unfair prejudice and the Fifth Amendment to the United States Constitution.

15. Defendant admits the allegations in Paragraph 15 of Plaintiffs' Complaint.

16. Paragraph 16 of Plaintiffs' Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant objects to responding to the allegations on Paragraph 16 of Plaintiff's Complaint on the grounds of relevance and/or unfair prejudice and the Fifth Amendment to the United States Constitution.

17. Defendant objects to responding to the allegations on Paragraph 17 of Plaintiff's Complaint on the grounds of relevance and/or unfair prejudice and they are conclusory and Defendant denies the characterization of a "ruse."

18. Paragraph 18 of Plaintiffs' Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant objects to responding to the allegations on Paragraph 18 of Plaintiff's Complaint on the grounds of relevance and/or unfair prejudice and the Fifth Amendment to the United States Constitution.

19. Paragraph 19 contains allegations which are a matter of public record to which Defendant need not respond. To the extent a response is required, Defendant admits the indictment is a public record that speaks for itself.

20. Defendant admits the allegations in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant admits that Hanna filed form I-140 and that document speaks for itself. Except as admitted herein, Defendant denies the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant admits the allegations in Paragraph 22 of Plaintiffs' Complaint.

23. Defendant admits the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. Defendant admits the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. Defendant admits the Texas Board of Disciplinary Appeals issued an order on or about July 31, 2017 accepting Defendant's surrender of his law license. Except as admitted herein, Defendant denies the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Defendant admits Plaintiffs represented Defendant's clients during the time Defendant's law license was suspended. Except as admitted herein, Defendant lacks knowledge sufficient to enable him to admit or deny the allegations in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant admits Hanna notified Defendant's clients of the suspension and that Defendant would be working remotely from Canada as a paralegal. Except as admitted herein, Defendant denies the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant admits the State Bar of Texas reinstated his law license on March 23, 2019, that he received a form 1099 from Plaintiff and that the firm's professional liability insurance policy speaks for itself. Except as admitted herein, Defendant denies the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. Defendant admits the allegations in the first two sentences of Paragraph 29 of Plaintiffs' Complaint. Defendant denies that the Hanna Law Firm was the owner of the subject phone number and the client for billing purposes as of March 26, 2021 and lacks knowledge and is therefore unable to admit or deny whether Hanna spoke with LogMeIn on March 26, 2021 and the contents of that communication.

30. Defendant admits the law firm he is currently associated with began placing television advertisements using the subject phone number prior to April 1, 2021 and that Defendant had access to the subject phone number on April 1, 2021. Except as admitted herein, Defendant denies the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant admits he lost use of the subject phone number on April 2, 2021. Except as admitted herein, Defendant lacks sufficient information to enable him to admit or deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant admits the allegations in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant admits the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant admits he regained access to the subject phone number on April 12, 2021. Except as admitted herein, Defendant denies the allegations in Paragraph 32 of Plaintiffs' Complaint.

35. Defendant denies the allegations in Paragraph 35 of Plaintiffs' Complaint.

36. Defendant admits he sent a letter to the Law Society of Ontario in June 2020 in furtherance of his efforts to become licensed to practice law in Canada and that the letter speaks for itself. Except as admitted herein, Defendant denies the allegations in Paragraph 36 of Plaintiffs' Complaint.

37. Paragraph 37 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits he and Ms. Garcia-Ornelas have communicated with former clients of the Hanna Law Firm. Except as admitted herein, Defendant denies the allegations in Paragraph 37 of Plaintiffs' Complaint.

38. Defendant admits Plaintiffs seek declaratory relief. Except as admitted herein, Paragraph 38 of Plaintiffs' Complaint contains legal conclusions to which no response is required.

39. Defendant admits Plaintiffs seek declaratory relief, but denies Plaintiffs are entitled to the specific relief requested. Except as admitted herein, Paragraph 39 of Plaintiffs' Complaint contains legal conclusions to which no response is required.

40. Defendant admits Plaintiffs seek recovery of reasonable and necessary attorney's fees and costs, but denies Plaintiffs are entitled to the specific relief requested. Except as admitted herein, Paragraph 40 of Plaintiffs' Complaint contains legal conclusions to which no response is required.

41. Paragraph 41 of Plaintiffs' Complaint contains no factual allegations to which a response is required.

42. Paragraph 42 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. Paragraph 43 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43 of Plaintiffs' Complaint.

44. Paragraph 44 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 44 of Plaintiffs' Complaint.

45. Paragraph 45 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. Paragraph 46 of Plaintiffs' Complaint contains no factual allegations to which a response is required.

47. Paragraph 47 of Plaintiffs' Complaint contains no factual allegations to which a response is required. To the extent a response is required, Defendant denies Plaintiffs are entitled to the requested relief and denies the allegations in Paragraph 47 of Plaintiffs' Complaint.

48. Paragraph 48 of Plaintiffs' Complaint contains no factual allegations to which a response is required. To the extent a response is required, Defendant denies Plaintiffs are entitled to the requested relief and denies the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Paragraph 49 of Plaintiffs' Complaint contains no factual allegations to which a response is required. To the extent a response is required, Defendant denies Plaintiffs are entitled to the requested relief and denies the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Paragraph 50 of Plaintiffs' Complaint contains no factual allegations to which a response is required.

51. Defendant denies the allegations contained in the Prayer paragraph of Plaintiffs' Complaint. Defendant denies Plaintiffs are entitled to the relief sought against Defendant.

## III.
## AFFIRMATIVE DEFENSES

52. Estoppel. Plaintiffs are estopped from making their claim for declaratory relief that forms the basis for Plaintiffs' Complaint. As set forth in more detail *infra* in paragraphs 54-64 below, hereby incorporated by reference, Defendant and Plaintiffs Jon Hanna and/or Hanna Law Firm, PC shared profits, losses and control of their shared law practice as partners and Plaintiffs never obtained ownership of the subject phone number from Defendant. Plaintiffs are therefore estopped from seeking a declaration Defendant was only an employee of the Hanna Law Firm and never had a partnership with Hanna and/or Hanna Law Firm, or that the Hanna Law Firm is the sole rightful owner of the telephone number 432-580-HURT.

53. Claim for Attorney's Fees and Costs if Plaintiffs' Declaratory Relief is Denied. In the event this Court finds Plaintiffs have established federal diversity jurisdiction over the parties and the dispute, and further elects to exercise jurisdiction over Plaintiffs' declaratory action, Defendant moves for an award of costs and reasonable and necessary attorneys' fees as would be equitable and just in this case.

## IV.
## COUNTERCLAIM

### A. Factual Background.

54. Defendant / Counter-Plaintiff Rahul Malhotra ("Malhotra") was born in New Delhi, India and immigrated to Canada with his parents at the age of 2. He has been a Canadian citizen since 1986. After earning his undergraduate degree, he attended law school at the University of Houston School of Law. He graduated from law school in 1996 and was licensed to practice law in the State of Texas in November 1996. Apart from his official suspension from the practice of law in Texas, which ran from January 26, 2018, through March 22, 2019, he has been a member

in good standing with the State Bar of Texas for nearly 25 years. He was also admitted to the Bar of Ontario, Canada in March 2021. (*See* Affidavit of Rahul Malhotra ("Malhotra Affidavit") (Doc. 15-1)). Plaintiff Jon Hanna wrote a character reference letter dated January 20, 2020 in support of his application. [Dkt. No. 1-1, pp. 21 (¶ 80), 175-76.]

55. Malhotra first met Jon Hanna in or around 2001 during an oil field explosion fatality case. They became friends and joint ventured several complex cases over the years. Jon would often seek Malhotra's advice on legal issues and client matters. In late 2016, as Malhotra was dealing with his criminal matter, he asked Hanna if he would serve as of counsel to the Malhotra Law Firm so the firm's clients would have a seasoned litigator to represent them going forward. In the following months, they had many conversations about how they would move forward. There were significant discussions about developing the "Malhotra Hanna Law Firm" and a Certificate of Formation for "Malhotra Hanna Law Firm, PLLC" was filed with the Texas Secretary of State on April 21, 2017. (Malhotra Affidavit ¶ 3.) There were also efforts to coordinate a new website, develop a "Malhotra Hanna Law Firm" logo, and to prepare a bio for Jon Hanna for use on the website. *Id.*

56. Also, in or around April 2017, Malhotra agreed to let Plaintiffs utilize the office buildings in Midland and Odessa which previously housed the Malhotra Law Firm. Malhotra also allowed Plaintiffs to utilize his staff, his equipment and furnishings, his phone number (*see infra* ¶ 9), and access to his Needles software database (*see infra* ¶ 12). On July 31, 2017, Malhotra was suspended from practicing law in Texas by the State Bar pending a discipline hearing. After that, consistent with his ethical and licensure limitations as a result of his suspension, Malhotra worked with the Hanna Law Firm serving the numerous previous clients of the Malhotra Law Firm, those who signed to be represented by the Malhotra Hanna Law Firm, as well as those of the Hanna Law

Firm. At this time, Malhotra agreed to allow Jon to continue using his office space, phone number, and Needles system. (Malhotra Affidavit ¶ 4.)

57. When Malhotra's official suspension expired in March 2019, he continued serving the clients of the Malhotra Law Firm, the Malhotra Hanna Law Firm, and the Hanna Law firm remotely from Canada, but once again as a licensed attorney. Even though Malhotra was working remotely, many clients requested his involvement and participation in their cases. Malhotra was the lead attorney on the majority of files and oversaw the day-to-day development of the claims/cases as well as had primary responsibility for supervising the paralegals. When Jon Hanna experienced some medical issues in late 2019 and was understandably distracted from the business, Malhotra continued managing the practice, building the business, and working the cases. (Malhotra Affidavit ¶ 5.)

58. At the time Malhotra began working as an attorney with the Hanna Law Firm upon reinstatement, Plaintiffs and Malhotra split the firm profits. Malhotra also received an equal share of the profits from cases in which he was not personally involved and did not render legal services. Even prior to that, fees accrued prior to Malhotra's suspension from practice were also split. Malhotra was authorized to exercise, and did in fact exercise, the right of control over business decisions at the Hanna Law Firm, including marketing placement and expenditures, budgetary issues, and personnel matters. The personnel decisions included, but were not limited to staff salaries, bonuses, time off, and approving altered work schedules. Malhotra also rents and/or owns some of the property used by the Hanna Law Firm for business operations and exercised his authority over that real property commensurate with his tenancy/ownership. (Malhotra Affidavit ¶ 6.)

59. Malhotra also made numerous capital contributions in service of the Hanna Law Firm, including an initial capital infusion of $250,000.00 at the end of July 2017, (with none put in by Jon Hanna to match) and the purchase of office equipment and supplies, as well as the remodeling and repair of the offices. Malhotra also paid his half of all firm expenses, including some that were Jon Hanna's individually, such as health insurance for he and his wife, personal vacations, child support payments, and for membership in organizations like the University of Texas Booster Club. Malhotra also shared equal liability with Plaintiffs for business losses and third-party liability for client matters. (Malhotra Affidavit ¶ 7.)

60. Because they operated the firm as partners when Malhotra's suspension expired, Malhotra allowed Plaintiffs to use his Midland and Odessa buildings, his staff, his phone number (*see infra* ¶ 9), and his Needles case management software (*see infra* ¶ 12). Malhotra and Plaintiffs each had the right to receive a share of the profits, shared in business expenses and losses, and each had the right to participate in the control of the business and oversee employees. Malhotra's professional affiliation with Plaintiffs was a shared responsibility for the costs, expenses, profits, losses, and overhead relating to representation of their clients. (Malhotra Affidavit ¶ 8.)

61. Regarding the phone number at issue in Plaintiffs' Complaint, (432) 580-4878 (hereinafter, the "Number"), Malhotra acquired the number in or around 2001 and has used it ever since, from pleadings to marketing and everything in-between relating to his practice of law in Texas. In or around April 2017, Malhotra agreed to allow Plaintiffs to utilize the Number during his period of suspension, and that permission continued when his suspension expired. At no time did Malhotra give, gift, tender or otherwise agree that Plaintiffs could take ownership of the Number. (Malhotra Affidavit ¶ 9.)

62. The Malhotra Law Firm was being billed (along with a long-time tenant of Malhotra's Odessa office building who is charged for a different number) for the Number as recently as February 1, 2021. On information and belief, Plaintiffs (or someone at Plaintiffs' direction) requested LogMeIn to start billing the Hanna Law Firm for the Number in April 2021 when Plaintiffs attempted to seize control of the number from Malhotra (*see infra* ¶ 11). [Dkt. No. 1-1, pp. 4-5, 180] (Malhotra Affidavit ¶ 10).

63. In or around January 2021, Malhotra informed Plaintiffs that he was leaving the practice, to which Hanna expressed understanding and wished him luck. Malhotra further advised Plaintiffs that he would be using the Number in any new business venture he might choose to undertake. Jon Hanna indicated he understood and only asked that he be allowed to use Malhotra's phone equipment until that time. On March 24, Malhotra advised Plaintiffs' agent that he intended to utilize the Number exclusively for his new business venture starting on April 1, 2021 and asked Plaintiffs to provide a contact person at the Hanna Law Firm to whom Hanna's calls should be forwarded during the transition period. Although Plaintiffs' agent indicated they would follow up, Malhotra received no response to his message. The Number was successfully activated on April 1, 2021 but was thereafter switched to the Hanna Law Firm without Malhotra's permission or authorization a day or two later. After getting the Number back, it was ported back again to the Hanna Law Firm, still without Malhotra's approval or consent as the accountholder. After the legal department for LogMeIn Communications, Inc. got involved, the Number was finally switched back to Malhotra and has remained there since. (Malhotra Affidavit ¶ 11.)

64. In September 2003, Malhotra purchased a license to use Needles, a case management software for law firms, at the Malhotra Law Firm. From approximately 2000 through 2017, the Malhotra Law Firm represented thousands of clients, all of whose client files are

maintained on the Needles system. Serving these clients also generated a significant amount of work product, including legal research, forms, legal pleadings, case law, trial documents, and discovery shells, not to mention a catalogue of client contact information. All of this information and documentation was stored in the Needles software and the firm's network drives. In early March 2021, after advising Plaintiffs of his intention to part ways, Malhotra was locked out of his network and the Needles system, making it extremely difficult to continue handling his clients' files. Malhotra has been deprived of his clients' contact information, as well as access to the client files and his database of accumulated work product. (Malhotra Affidavit ¶ 12.)

65. For each of the following causes of action, Counter-Plaintiff incorporates by reference the facts and allegations set forth *supra* in paragraphs 54 through 64.

**B. Causes of Action.**

66. **<u>Declaratory Judgment</u>**. Malhotra seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. A real and substantial controversy exists between Plaintiffs and Malhotra, who have adverse legal interests of sufficient immediacy and reality to warrant relief.

67. Malhotra requests that the Court issue the following declarations:

a. That Malhotra is the sole and rightful owner of the Number.

b. That Malhotra and Hanna and/or Hanna Law Firm, PC formed a partnership and Malhotra is owed a partnership interest.

c. That the partnership between Malhotra and Hanna and/or Hanna Law Firm, PC ran from March 23, 2019 through March 10, 2021.

d. A determination of the amounts due and owing to Malhotra upon the dissolution of the partnership on March 10, 2021, including but not limited to: (i) Malhotra's share

of the partnership operating account balance as of March 10, 2021, (ii) Malhotra's share of the IOLTA account balance as of March 10, 2021, and (iii) Malhotra's share of attorneys' fees and/or expense reimbursements from any and all cases for any clients of the partnership existing on March 10, 2021.

68. Malhotra seeks recovery of reasonable and necessary attorney's fees and costs because those fees would be recoverable under Texas law. *Titan Holdings Syndicate, Inc. v. City of Keene*, 898 F.2d 265, 273-74 (1st Cir. 1990); *see* 28 U.S.C. § 2202.

69. **Breach of Partnership Agreement**. Malhotra and Plaintiffs Jon Hanna and/or Hanna Law Firm, PC intended and agreed to and did share profits and losses of their shared law practice as partners. Malhotra participated in control of the law practice and contributed money and property to their partnership. Plaintiffs / Counter-Defendants breached the agreement by failing and refusing to provide Malhotra his assets and/or property, including but not limited to: (i) Malhotra's partnership share of Plaintiffs' operating account balance as of March 10, 2021, (ii) Malhotra's share of the IOLTA account balance as of March 10, 2021, and (iii) Malhotra's share of attorneys' fees and/or expense reimbursements from any and all cases for any clients of the partnership existing on March 10, 2021.

70. **Conversion**. In addition and/or in the alternative, on or about March 2021 and continuing to date, Malhotra has an ownership interest in firm assets and/or property, including but not limited to: (i) Malhotra's share of Plaintiffs' operating account balance as of March 10, 2021, (ii) Malhotra's share of the IOLTA account balance as of March 10, 2021, and (iii) Malhotra's share of attorneys' fees and/or expense reimbursements from any and all cases for any clients of the partnership existing on March 10, 2021.

71. In early March 2021, after advising Plaintiffs / Counter-Defendants of his intention to part ways, Counter-Defendants / Plaintiffs have also failed and refused to provide Malhotra his

ownership share of Plaintiffs' assets and/or property, including but not limited to: (i) Malhotra's share of Plaintiffs' operating account balance as of March 10, 2021, (ii) Malhotra's share of the IOLTA account balance as of March 10, 2021, and (iii) Malhotra's share of attorneys' fees and/or expense reimbursements from any and all cases for any clients of the partnership existing on March 10, 2021.

72.   In March 2021 in the City of Odessa, Texas, Plaintiffs / Counter-Defendants unlawfully and without authority assumed dominion and control over Malhotra's ownership share of the assets and/or property, described above, to the exclusion of Malhotra's rights.  Malhotra has demanded return of the above-described assets and/or property to him, but Plaintiffs / Counter-Defendants have to date refused to return it.

73.   **Money Had and Received (Assumpsit)**.  In addition and/or in the alternative, Plaintiffs / Counter-Defendants hold and refuse to provide Malhotra's money, including but not limited to: (i) Malhotra's share of Plaintiffs' operating account balance as of March 10, 2021, (ii) Malhotra's share of the IOLTA account balance as of March 10, 2021, and (iii) Malhotra's share of attorneys' fees and/or expense reimbursements from any and all cases for any clients of the partnership existing on March 10, 2021.  Plaintiffs / Counter-Defendants therefore hold money that in equity and good conscience belongs to Malhotra.

74.   **Promissory Estoppel**.  In addition and/or in the alternative, Plaintiffs / Counter-Defendants made a promise to Malhotra that they would share their profits, including but not limited to: (i) Malhotra's share of Plaintiffs' operating account balance as of March 10, 2021, (ii) Malhotra's share of the IOLTA account balance as of March 10, 2021, and (iii) Malhotra's share of attorneys' fees and/or expense reimbursements from any and all cases for any clients of the partnership existing on March 10, 2021.  This arrangement is evidenced by the fact that they did,

in fact, share such profits when they worked together. Malhotra reasonably and substantially relied on the promise of Plaintiffs / Counter-Defendants to his detriment. Malhotra's reliance was foreseeable to Plaintiffs / Counter-Defendants, and injustice can be avoided only by enforcing Plaintiffs / Counter-Defendants' promise.

75. **Quantum Meruit / Unjust Enrichment**. In addition and/or in the alternative, Malhotra provided valuable services or materials to Plaintiffs / Counter-Defendants in the form of generating substantial attorney's fee revenue and settlements. Although obviously Malhotra's services are for the benefit of his clients, the services are also provided for the benefit of Plaintiffs / Counter-Defendants' as Malhotra's partners in the share of the firm's profits. Plaintiffs / Counter-Defendants accepted Malhotra's services and had reasonable notice that Malhotra expected compensation for his services, including but not limited to: (i) Malhotra's share of Plaintiffs' operating account balance as of March 10, 2021, (ii) Malhotra's share of the IOLTA account balance as of March 10, 2021, and (iii) Malhotra's share of attorneys' fees and/or expense reimbursements from any and all cases for any clients of the partnership existing on March 10, 2021. Plaintiffs / Counter-Defendants' failure and refusal to provide such compensation has unjustly enriched them and caused damages to Malhotra for which he seeks recovery herein.

76. **Attorney's Fees.** Malhotra seeks recovery of his reasonable and necessary attorney's fees and costs pursuant to Texas Civil Practice & Remedies Code § 38.001 *et seq*.

## IV.
## JURY DEMAND.

77. Malhotra demands trial by jury of all issues in the case except for the request for declaratory relief.

V.
**PRAYER FOR RELIEF.**

WHEREFORE, PREMISES CONSIDERED, Defendant / Counter-Plaintiff Rahul Malhotra respectfully prays that Plaintiffs / Counter-Defendants Jon Hanna and Hanna Law Firm, P.C. take nothing by their suit and that on final trial Malhotra have:

- Actual damages against Plaintiffs / Counter-Defendants for a sum within the jurisdictional limits of the Court.
- Declaratory relief as requested.
- Reasonable and necessary attorney's fees
- Prejudgment and postjudgment interest as provided by law.
- Costs of suit.
- Malhotra further prays for such other and further relief, at law or in equity, to which he may show itself to be justly entitled.

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
12400 San Pedro Avenue, Suite 200
San Antonio, Texas 78216
Telephone: (210) 404-0333
Telecopier: (210) 404-0336

By:______________________
RICHARD W. ESPEY
State Bar No. 06667580
*Email: espeyservice@lawespey.com

ATTORNEYS FOR DEFENDANT / COUNTER-PLAINTIFF

*service by email to this address only

AND

                        **THE LORFING LAW FIRM, PLLC**
226 Pine Street, Ste. B
Abilene, Texas 79601
Telephone: (325) 480-8100
Telecopier: (325) 480-8117

**By:** ______________________________
RUSSELL H. LORFING
State Bar No. 24070173
Email: russell@lorfinglaw.com

LOCAL COUNSEL FOR DEFENDANT / COUNTER-PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served in compliance with the Federal Rules of Civil Procedure on May 13, 2021, on the following counsel of record:

Robert L. Tobey
Johnston Tobey Baruch, P.C.
12377 Merit Drive, Suite 880
Dallas, Texas 75251
Telephone: (214) 741-6260
Email: robert@jtlaw.com

______________________________
RICHARD W. ESPEY

**DEFENDANT/COUNTER-PLAINTIFF REQUESTS A TRIAL BY JURY.**